Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, AZ, 85281
Telephone: (602)715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, an individual, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>                         Defendants.<br><br>Grady Shaver, et al.,<br><br>                         Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>                         Defendants. | NO. 2:17-cv-00152-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>NO. 2:17-cv-00715-GMS<br><br>**DEFENDANTS CITY OF MESA, DOANE AND ELMORE'S PARTIAL MOTION TO DISMISS THE SHAVER PLAINTIFFS' THIRD AMENDED COMPLAINT** |

The City of Mesa, Doane, and Elmore move for partial dismissal of the Shaver Plaintiffs' Third Amended Complaint (TAC).[1] Several of the deficiencies that were raised by the City in its Opposition to Plaintiff's Motion to Amend (and which were touched upon in the Scheduling Conference) remain issues in the Plaintiffs' most recent TAC.

---

[1] Defendants' anticipate that Defendants Cochran and Gomez will agree to acceptance of service, and they will raise the same issues that are part of this Motion to Dismiss.

Partial dismissal of Plaintiffs' TAC is appropriate where: (1) Plaintiffs' state law claims against Defendants Doane, Elmore, Cochran and Gomez must be dismissed as Plaintiffs failed to comply with Arizona's notice of claim statute; (2) Plaintiffs state law against Doane, Elmore, Cochran and Gomez are barred by the one-year statute of limitations and the doctrine of relation back does not apply; (3) Plaintiffs fail to state a claim against the individual bystander officers for violation of the Plaintiffs' Fourteenth Amendment rights; and (4) Plaintiffs official and individual capacity claims are redundant.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

This case arises from a January 18, 2016, altercation between City of Mesa police officers and Daniel Shaver ("Decedent") at a La Quinta Inn in Mesa, Arizona. On January 10, 2017, Plaintiffs originally filed suit against the City of Mesa, Philip Brailsford, and Charles Langley. On May 18, 2017, one year and four months after the expiration of the one-year statute of limitations for state law claims, Plaintiffs amended their complaint, adding Defendant Officers Doane, Elmore, Cochran, and Gomez.

### II. LEGAL STANDARD

#### A. **Plaintiffs State Law Tort Claims Against the Individual Officers Are Barred by Failure to Comply with the Notice of Claim Statute.**

A.R.S. § 12-821.01 requires persons with claims against a public entity or public employee to file a Notice of Claim containing "facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." *See* A.R.S. § 12-821.01(A). The Notice must "also contain a specific amount for which the claim can be settled and the facts supporting the amount." *Id.* The notice of claim statute is "clear and unequivocal," and the failure to comply with any aspect of the statute prevents a plaintiff's claim from going forward. *Deer Valley Unified Sch. Dist. v. Houser*, 152 P.3d 490, 493 (Ariz. 2007). A claimant's failure to comply with this requirement is not excused by actual notice or substantial compliance. *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006).

2

The purpose of the notice of claim statute is threefold: (1) it allows the public entity to investigate and assess its potential liability; (2) it permits the entity to consider the possibility of settling the claim before litigation; and (3) it assists the entity in its financial planning and budgeting. *Id.* at 492; *Martineau v. Maricopa Cnty.*, 86 P.3d 912, 915-16 (Ariz. App. 2004). These underlying purposes help to "ensure that claimants will not demand unfounded amounts that constitute 'quick unrealistic exaggerated demands.'" *Deer Valley*, 152 P.3d at 493. Absent a factual explanation of how the claimant supports his claims and settlement demand, public entities like the school district in *Deer Valley* are unable to realistically evaluate the claim and determine whether to settle or proceed with litigation.

Under A.R.S. § 12-821.01, a person who has a claim against a public entity or employee must first file that claim with the person or persons authorized to accept service for the public employee as set forth in the Arizona Rules of Civil Procedure. Arizona Rule of Civil Procedure 4.1(d) governs service upon individuals, and allows for service on either (1) the individual – here, the Defendant officers – personally, (2) an individual of suitable age and discretion residing with the officer, or (3) his appointed agent. *See also* A.R.S. § 12-821.01. Thus, to perfect their claims against the Defendant officers, § 12-821.01 required Plaintiffs to serve the Notice of Claim on them *in addition to* the City of Mesa. *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 629 (Ariz. App. 2010). Plaintiffs cite no authority for the contention that the individual officers authorized the City of Mesa to accept service for them of the Notice of Claim.

In their TAC, Plaintiffs allege only that they served a Notice of Claim on the City Clerk for the City of Mesa and also on the City of Mesa Police Department. (Dkt. 51, ¶ 3.) There is no evidence, however, that Plaintiffs individually served Defendants Doane, Elmore, Cochran, or Gomez. When Defendants' counsel requested proof of service on the individual Defendants and a copy of what the Plaintiffs contend was served upon them, Plaintiffs produced only Affidavits of Service for the City of Mesa and the Mesa Police Department (a non-jural entity). *See* Ex. 1. The Affidavit of Service states that the City

3

of Mesa was served on March 3, 2016 at 3:08 p.m.[2] *Id.* This corresponds with City of Mesa's date stamp on Exhibit 2, which is the Shaver's Notice of Claim. *See* Ex. 2. The Shavers' Notice of Claim is not addressed to any of the individual officers. Instead, Plaintiff identifies only "mesa police officers" and sets forth no facts that relate to Defendants Doane, Elmore, Cochran, or Gomez. From reading the Notice of Claim, it is impossible to decipher who the "mesa police officers" are that Plaintiffs contend are the subject of the Notice of Claim. Without such information, it is unknown how the Mesa Police Department, or City of Mesa, could have accepted service for the individual Defendants. Plaintiffs have alleged no facts that support the inference that any of the individual Defendants provided blanket authorization to the City of Mesa/Mesa Police Department to accept anything that anyone attempted to serve upon them. Service was not perfected on the individual Defendants.

Moreover, Plaintiffs' three-page Notice of Claim is deficient with respect to the factual allegations against the individual Defendants who are not even identified by name in the Notice of Claim. There are no facts regarding any of their actions, or how these actions could tie back to any theory of legal liability. Indeed, the sole "fact" in the Notice of Claim revolves around the fact that Mr. Shaver was shot. None of the individual Defendants shot Mr. Shaver. From reading this single fact, it would be clear that there was no application to the individual Defendants.

Because A.R.S. § 12-821.01 requires strict compliance and Plaintiffs failed to meet the requirements of the statute, Plaintiffs' claims against Defendants Doane, Elmore, Cochran, and Gomez fail.

**B.** **Plaintiffs State Law Tort Claims Against the Individual Officers Are Time Barred.**

Determining whether a claim is time barred requires examination of four factors:

---

[2] The Affidavit of Service for the Mesa Police Department notes that service was effected on the same date and time—March 3, 2016 at 3:08 p.m.—but that service occurred at a different location. These locations are nearly a mile apart. Therefore, the information in the Affidavit is likely incorrect.

4

(1) the date the plaintiff's cause of action accrued; (2) the applicable limitations period; (3) the date the plaintiff filed the claim; and (4) whether the running of the limitations period was suspended or tolled for any reason. *Porter*, 239 P.3d at 746 (citing *Taylor v. State Farm Mut. Auto. Ins. Co.*, 893 P.2d 39, 41 (Ariz. App. 1994), vacated in part on other grounds, 913 P.2d 1092 (1996)).

The limitations period for Plaintiffs' claims against the Defendant officers is one year. *See* A.R.S. § 12-821. The events that are the basis of Plaintiffs' allegations against the City of Mesa and Officers Doane, Elmore, Cochran, and Gomez occurred on January 18, 2016. (Dkt. 20, ¶ 12.) Thus, at the latest, a timely action based on these events must have been filed no later than January 18, 2017. As Federal Rule of Civil Procedure 15 does not permit for allegations against a previously unnamed party to relate back to the filing of the original complaint, Plaintiffs' May 19, 2017 First Amended Complaint is untimely as to Officers Doane, Elmore, Cochran, and Gomez. Because Plaintiffs failed to file an action against Defendants Doane, Elmore, Cochran, and Gomez within one year of the events giving rise to this action against them, Plaintiffs' claims against them must be dismissed.[3]

### C. **Plaintiffs Fail to State a § 1983 Claim Against the Individual Officers.**

The Shaver Plaintiffs are not asserting a Fourth Amendment claim on behalf of the Estate of Daniel Shaver. Instead, they are asserting Fourteenth Amendment claims on their own behalf. To state a claim for a Fourteenth Amendment violation, Plaintiffs must prove that the individual officers' conduct "shocks the conscience" and violates the "decencies of civilized conduct." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In situations where a law enforcement officer is required to make snap judgments because of an escalating situation, the plaintiff must establish that the individual officer acted with

---

[3] Plaintiffs also seek punitive damages against these individual Defendants arising under state law. Dismissal for failure to comply with the notice of claim statute and statute of limitations would render this problem moot. If, however, these claims are not dismissed all claims for punitive damages must be dismissed. *See* A.R.S. § 12-820.04. There are no factual allegations in the TAC supporting the assertion that any of these individuals acted outside the course and scope of their employment.

a purpose to harm the decedent for reasons unrelated to legitimate law enforcement objectives. *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (purpose to harm is applied where officers found themselves confronting "fast paced circumstances presenting competing public safety obligations.").

Here, Plaintiffs merely allege that Defendants Doane, Elmore, Gomez, and Cochran were bystanders present when Mr. Shaver was shot. There are no facts alleged within the TAC that would support any inference that these officers' actions caused Mr. Shaver's death and were undertaken with a purpose to harm the Plaintiffs familial rights. As a result, the claims should be dismissed.

### D. Plaintiffs' Official and Individual Capacity Claims, Under § 1983, are Redundant.

Plaintiffs' Second Claim for Relief is against the City of Mesa, Brailsford, Langley, Doane, Elmore, Cochrane, and Gomez in their "official capacity." Plaintiffs' Third Claim for Relief is against the same Defendants in their "individual capacities." An "official capacity" suit is really a suit that is against the entity itself. *See Butler v. Elle,* 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002). Thus, the "official capacity" claims against the individual Defendants are redundant of the claim asserted against the City of Mesa and should be dismissed.

## III. CONCLUSION

Based upon the foregoing reasons, Defendants' Partial Motion to Dismiss should be granted.

DATED this 21st day of September, 2017.

**WIENEKE LAW GROUP, PLC**

By: */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281

*Attorneys for Defendant Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

6

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Benjamin Meiselas: | ben@geragos.com |
| | geragos@geragos.com |
| Christina Gail Retts: | cretts@wienekelawgroup.com |
| | kpenny@wienekelawgroup.com |
| | lpiasecki@wienekelawgroup.com |
| Daniel J O'Connor: | caseadmin@occlaw.com |
| David Calvin Potts: | dpotts@jshfirm.com |
| | scoffey@jshfirm.com |
| David Eric Wood: | dwood@baskinrichards.com |
| | cmcdonald@baskinrichards.com |
| | nrynearson@baskinrichards.com |
| James J Belanger: | jjb@jbelangerlaw.com |
| Jonathan Paul Barnes: | jbarnes@jshfirm.com |
| | gstahly@jshfirm.com |
| Justin Dean Holm: | justin.holm@occlaw.com |
| | amanda.bennett@occlaw.com |
| Kathleen L Wieneke: | kwieneke@wienekelawgroup.com |
| | kpenny@wienekelawgroup.com |
| | lpiasecki@wienekelawgroup.com |
| Leslie Allison Ross: | lross@baskinrichards.com |
| | nrynearson@baskinrichards.com |
| Mark D Zukowski: | mzukowski@jshfirm.com |
| | klewis@jshfirm.com |
| Mark John Geragos: | mark@geragos.com |
| | geragos@geragos.com |

| | | |
|---|---|---|
| Spencer Garrett Scharff: | | scharff@goddardlawplc.com |
| Sven Kortne Budge: | | sbudge@budgelawfirm.com |
| William August Richards: | | brichards@baskinrichards.com |
| | | cmcdonald@baskinrichards.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Kim Penny*