Sven K. Budge (#030205)
**BUDGE LAW FIRM, PLLC**
1134 E. University Dr., Suite 121
Mesa, AZ 85203
Phone: (480) 246-8050
Fax: (480) 553-8037
E-mail: sbudge@budgelawfirm.com

*Attorney for the Plaintiffs Grady and Norma Shaver*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LANEY SWEET, et al., <br><br> Plaintiffs, <br> v. <br> CITY OF MESA, et al. <br><br> Defendants. | No. CV-17-00152-PHX-GMS <br> **LEAD CASE** <br><br> **CONSOLIDATED WITH:** <br> No. CV-17-00715-PHX-GMS |
| GRADY SHAVER, et al., <br><br> Plaintiffs, <br> v. <br> CITY OF MESA, et al. <br><br> Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANTS CITY OF MESA, DOANE AND ELMORE'S PARTIAL MOTION TO DISMISS THE SHAVER PLAINTIFFS' THIRD AMENDED COMPLAINT [DOC. 81]** |

Plaintiffs hereby respond to Defendants City of Mesa, Doane and Elmore's Partial Motion to Dismiss the Shaver Plaintiffs' Third Amended Complaint [Doc. 81, the "Motion"] Plaintiffs hereby incorporate by reference "Plaintiffs' Response to Defendant Langley's Motion to Dismiss Plaintiffs' Third Amended Complaint [Doc. 51] and Joinder in Motion to Dismiss Filed by City of Mesa [Doc. 77]" and "Plaintiffs' Response to Defendants Philip and Corrine Brailsford's Partial Motion to Dismiss Shaver Plaintiffs' Third Amended Complaint and Joinder

in Motion to Dismiss Filed by City of Mesa" as if fully pled herein to the extent that it applies to the City of Mesa's Motion and state as follows:

**<u>INTRODUCTION</u>**

1. Contrary to Defendants' claim in their Motion, Plaintiffs' Notice of Claim was properly filed and served upon Defendants Doane, Elmore, Cochran, and Gomez ("Officers") because it was delivered to their place of employment and addressed to all officers involved in the January 18, 2016 shooting of Daniel Shaver sufficient to give the required notice and allow the department to properly route the notice to the Officers in the same manner as if it were sent via US Mail with proof of delivery, see [Doc. 81-2]. Additionally, Plaintiffs' notice of claim provides sum certain damages and facts sufficient to permit the public entity to understand the basis of liability.

2. Defendants' claim that Plaintiffs' action against the Officers is barred by the one-year statute of limitations fails because the case was filed within the statute of limitations and Rule 15(c) allows an amendment to relate back to the date of the original pleading.

3. Defendants' argument that Plaintiffs failed to state a § 1983 claim against the Officers for violation of their Fourteenth Amendment Rights because the Officers' actions didn't "shock the conscience", fails because (1) a reasonable jury could find that the officers conduct "shocks the conscience" when they unjustifiably held Daniel at gunpoint, terrorized him by numerous threats upon his life until he was brought to tears, and then killed him without any justification for the use of force; and (2) a lower standard of "deliberate indifference" may even apply because the

Officers had time for "actual deliberation" when they planned the entire incident which they themselves forced to occur based on their own timing.

4. Defendants' argument that the official and individual capacity claims against Defendants under § 1983 are redundant fails because § 1983 claims allow for separate claims against the Officers in their official capacity and in their individual capacity.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. FACTS AND PROCEDURAL BACKGROUND**

This case arises from an incident that occurred on January 18, 2016 wherein Mesa Police Department officers shot and killed Daniel Shaver at a La Quinta Inn in Mesa, AZ. Daniel was unarmed. On March 2, 2016 and again on July 7, 2016 Plaintiffs delivered copies of a notice of claim to the City of Mesa, the Mesa Police Department, its detectives ***and*** officers involved in the shooting incident of January 18, 2016. This Notice of Claim provided sufficient detail of the event and was delivered to the Officers at their place of employment via a courier who provided proof of delivery. Plaintiffs' filed their complaint on January 10, 2017 and after subsequent discovery amended their complaint to correct the names of the four additional Officers involved.

### **II. LEGAL STANDARD**

    **A. The Notice of Claim Statute Allows for the Notice to be sent via US Mail [or a Courier] Pursuant to Rule 4.1(d) of the Arizona Rules of Civil Procedure. If a City Employee Denies Receipt after proof of delivery it Becomes a Genuine Issue of Fact to be Decided by a Jury.**

Contrary to the standard suggested by the Defendants, the Arizona notice of claim statute under A.R.S. § 12-821.01 does not require the same service as a complaint and summons within the meaning of Rule 4.1(d) of the Arizona Rules of Civil Procedure but rather allows for other means of service such as US Mail or the equivalent. A person with a claim against a public employee must, within 180 days after the claim accrues, "file" a copy of the notice of claim with the employee. A.R.S. § 12-821.01(A); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 (Ariz. App. 2007). This requirement is met where a copy of the notice of claim is (1) personally delivered to the employee, either in person **or by mail**, (2) left with a person of suitable age who is residing with the employee, or (3) served on a person who is authorized to accept service on behalf of the employee. *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 61 (Ariz. App. 2010); citing *Lee v. State*, 218 Ariz. 235, 239 (2008) (filing of notice of claim may be accomplished through regular mail). The Mesa Police Department does not deny that the courier delivered both the Notice of Claim and the Amended Notice of Claim to the office of Langley on March 3, 2016 and July 7, 2016 respectively. This was sufficient under § 12-821.01(A). If a claimant can establish that delivery was made to the appropriate office of the person or agent…, that is sufficient to show that the notice of claim was properly delivered. *Creasy v. Coxon*, 156 Ariz. 145 (Ariz. App., 1987).

Defendants would have the court believe that service on an individual must be served physically on the employee in person or to someone who is authorized to accept service on behalf of the employee [Doc 81 p. 3, ¶ 2]. Defendants fail to recognize that the "mailbox rule" applies when "filing" a notice of claim. Plaintiffs "filed" their Notice of Claim on the Officers

at their place of employment via a courier with proof of delivery.  Delivery of correspondence to a police officer's place of employment is a common form of correspondence and is commonly used.  Police officers often receive mail and deliveries at their place of employment and in fact it would be difficult or impossible to obtain a police officers home address as many (including some Defendants in this action) have restricted or removed their online personal information even including their address on file with the Dept. of Motor Vehicles and any identifying information held by the Maricopa County Recorder's Office.  When requesting to send documents to any particular officer, the Mesa Police Department directs individuals to deliver correspondence to the Mesa Police Department headquarters rather than provide the officer's private contact information, as they should for safety reasons.

With regard to the four Officers, Plaintiffs addressed their Notice of Claim specifically to the "City of Mesa", "Mesa Police Department", "Detectives" and "Officers Involved" in the January 18, 2016 shooting of Daniel Shaver sufficient to give the required notice and detail to know which incident they were referring to and allow the department to properly route the notice to the Officers in the same manner as if it were sent via US Mail with proof of delivery. See [Doc. 81-2] and Exhibit 1 attached herein.  Defendants contend, "it is impossible to decipher who the mesa police officers are that… are the subject of the Notice of Claim." [Doc. 81 p. 4, ¶ 1].  However, the Notice of Claim properly identifies the Officers as those officers involved in the shooting and killing of Daniel Shaver on January 18, 2016.  There were six officers directly involved in this shooting incident and the Mesa Police Department knew the identity of these officers and their involvement in this incident.  The mail delivery rule is therefore satisfied upon

proof that it was delivered to the Officers at their place of employment.

It should also be stated that the Defendant Officers were also served with a Notice of Claim by the wrongful death Statutory Plaintiff in this action, potentially rendering this Motion to dismiss as moot since there can only be one Statutory Plaintiff in a wrongful death action.

Additionally, the Arizona Supreme Court stated: "[w]e hold that proof of mailing a notice of claim may create a material issue of fact as to its filing even though the State denies receiving the notice." *Lee v. State*, 218 Ariz. 235, 235 (Ariz., 2008). When a governmental entity asserts an affirmative defense of non-compliance with Arizona's notice of claim statute, and a genuine issue of material fact exists concerning compliance…, under these circumstances, the resolution of the factual question is reserved for the jury. *Lee v. State,* 225 Ariz. 576 (Ariz. App., 2010). Here, Defendants have alleged non-compliance with the notice of claim statute and Plaintiffs have provided proof of delivery to the Officers involved.

To the extent that Defendants may be claiming that any other elements of the notice of claim statute were not met, Plaintiffs assert that their Notice of Claim contains facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed and also contains a specific amount for which the claim can be settled and the facts supporting the amount because Plaintiffs' claim states that they are seeking recovery for their damages (which are listed in the claim) for the wrongful death and § 1983 violations in the amount of $8,000,000.00 for the killing of their son Daniel Shaver, who was unarmed, on January 18, 2016 by Mesa Police officers. All statutory requirements have been met.

**B. Plaintiffs' State Law Claims Against Officers are Not Barred by the One-Year Statute of Limitations Because the Amended Complaint Satisfies the Requirements of Rule 15(c), Arizona Rules of Civil Procedure Which Allows the Addition of the Defendants to Relate Back to the Date of the Original Complaint.**

This Court, in it's Case Management Order [Doc. 44], provided that the deadline for joining parties shall be August 22, 2017. The Arizona Supreme Court ruled on the doctrine of relation back and Rule 15(c) stating that: "[f]our conditions must exist for an amended complaint to relate back under Rule 15(c): (1) the claim in the amended pleading "arose out of the conduct, transaction, or occurrence" of the original pleading…; (2) the party to be joined by amendment received notice of the action within the applicable limitations period plus the time for the service of the summons and original complaint…; (3) the notice is sufficient to avoid prejudicing the joined defendant's ability to defend on the merits…; and (4) within that same period, the party to be joined by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party," plaintiff would have named the proper party in the original complaint." *Flynn v. Campbell,* Citation Pending (Case No. CV-16-0199-PR) (Ariz., 2017), citing *Tyman v. Hintz*, 214 Ariz. 73, 74-75.

Additionally, the court clarified that the focus of the inquiry should be on the Defendant rather than the Plaintiff and the court must ask "whether the defendant rather than the plaintiff knew or should have known that, absent some mistake, the action would have been brought against him or her." *Flynn* at ¶16. Lastly, the court qualified what constitutes a mistake stating: "[i]t would be error to conflate knowledge of a party's existence with the absence of mistake because it is possible for a plaintiff to know about a prospective defendant while

misunderstanding its role in the event giving rise to her claim. *Id* at ¶18, citing *Krupski*, 560 U.S. at 548-49; see also *Tyman*, 214 Ariz. at 76 ¶ 21 ("Lack of knowledge as to the appropriate defendant—as opposed to a mistaken belief that a defendant is liable—does not constitute a Rule 15(c)(2) mistake."). Thus, a plaintiff's confusion concerning a party's role in the "'conduct, transaction, or occurrence' giving rise to her claim" constitutes a cognizable Rule 15(c) mistake. *Flynn* at ¶ 18, citing *Krupski*, 560 U.S. at 549.

Plaintiffs timely filed their original complaint with the mistaken belief that Brailsford and his superior officer Langley were the only Defendants liable in the events giving rise to this action. Upon further discovery, Plaintiffs discovered that the actions and inactions of the four other Officers gave rise to liability and subsequently amended their complaint to correct their names in lieu of the fictitious names used. This constitutes a cognizable mistake regarding the Officers' role in the event giving rise to the claim, which meets the requirements of Rule 15(c).

The other elements of Rule 15(c) are met because the claim arose from the same conduct or occurrence, the Officers received notice of the action pursuant to limitations period plus the time for service which was prior to the courts deadline of August 22, 2017 [Doc. 44], and the Defendants are not prejudiced by being unable to defend the case on the merits. Allowing a pleading to be amended is the purpose of Rule 15(c) and the Relation Back doctrine rather than a strict adherence to an immovable statute of limitations.

  **C.**   **The Plaintiffs' § 1983 Fourteenth Amendment Claims Against the Officers Do not Fail Because a Reasonable Jury Could Find that the Officers' Conduct "Shocks the Conscience", which is to "Inflict Force Beyond that which is Required", thus Satisfying the Higher of Two Burdens for a Fourteenth Amendment Violation.**

It is clearly established that Plaintiffs have a Fourteenth Amendment due process right to associate with their son. *Porter v. Osborn*, 546 F.3d 1131 (9th Cir., 2008) citing *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir.1991) ("The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child"). Defendants argue that the Plaintiffs have failed to state a claim under U.S.C. § 1983 for Fourteenth Amendment violations because the Officers' actions didn't "shock the conscience" or violate the "decencies of civilized conduct" when they deprived Plaintiffs of the companionship of their son.

The Defendants incorrectly state that Plaintiffs' allege that the Officers were merely "bystanders present when Mr. Shaver was shot." [Doc. 81 p.6]. The Officers were not simply standing by watching but rather were armed with weapons drawn and pointed at Daniel in such a way as to terrorize him for a lengthy period of time and cause him to cry and plead for his life before being killed. The mere fact that these Officers were not the ones to pull the trigger does not mean that they did not act in unison or facilitate the one who did and thus "shock the conscience" by their actions.

A reasonable jury could find that the Officers actions "shocked the conscience" and violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). "It is the intent to inflict force beyond that which is required by a legitimate law enforcement objective that `shocks the conscience' and gives rise to liability under § 1983." *Porter* at 1140, citing *Davis v. Township of*

*Hillside*, 190 F.3d 167, 172 (3d Cir.1999).

"It was clearly established... that officers may not kill suspects who do not pose an immediate threat to their safety or to the safety of others" and thus would have been clear to a reasonable officer that not only did he have a duty to not harm an individual in his custody, it was unreasonable to facilitate or fail to prevent that harm from another officer without an immediate and adequate threat existing. *Harris*, 126 F.3d at 1203-04.

Lastly, Defendants purposely apply a heightened standard when in actuality a lower standard of "deliberate indifference" likely applies because the Officers had time for "actual deliberation" when they planned the entire incident, had time to secure the elevators, clear the hallways, approach Daniel's room, send an officer down to obtain a key card, send another officer down to make a phone call to Daniel's room, then when Daniel does exit his room decide to subject Daniel to and Monique to mental torture at gunpoint, take Monique into custody, and then still subject Daniel to a series of threats, confusing movements, and mental trauma that made a horrible situation worse just to then shoot and kill him without justification at the end of an approximately seventeen minute video recording.

A critical consideration regarding which standard to apply is whether the circumstances are such that "actual deliberation is practical" *Porter* at 1137. Where officers have ample time to correct… but nonetheless fail to do so, the suspect's family members need only plead deliberate indifference to state a claim under the due process right to familial association. *Porter v. Osborn*, 546 F.3d 1131 (9th Cir., 2008) citing *Lee v. City of Los Angeles*, 250 F.3d 668, 684 (9th Cir.2001). Regardless, Plaintiffs meet both standards because such inappropriate

and excessive force was used, and a jury could easily find the same.

**D. The Official and Individual Capacity Claims Against Defendants Under § 1983 are Not Redundant Because § 1983 Allows for Claims Against Both Officers in Their Individual Capacity and Officers in Their Official Capacity.**

Officials sued in their individual capacities are "persons" for purposes of § 1983. *Hafer v. Melo*, 502 U.S. 21, 23 (1991) (personal and official capacity suits distinguished). When the Plaintiffs named the Officers in their individual capacities it is because the Plaintiffs are seeking "to impose **personal** liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover compensatory damages from the government body itself. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).

Plaintiffs have clearly distinguished between their two § 1983 claims they have brought. The first claim is against the governmental body and Officers in their official capacity for damages which they seek to recover from the government body itself. This consists of only one claim. The second claim is against the Officers in their individual capacities for damages which they seek to recover from the Officers personally, which consists of a separate claim.

Failure to expressly state that the official is being sued in his individual capacity as well as his official capacity, may be construed as an intent to sue the defendant only in his official capacity.

The only case cited by Defendants revolves around the State of Idaho being sued in federal court, which the Eleventh Amendment prohibits suits against a State in Federal Court and thus there could only be one § 1983 claim in that case [Doc. 81 ¶ D]. Rather, § 1983 allows

claims against municipal officials in both their individual and official capacity. Claims against a city employee in his official capacity in no way eliminate claims against that public employee in his individual capacity.

### III. CONCLUSION

Based upon the foregoing reasons, Defendants' Motion to Dismiss should be denied.

DATED this 3rd day of October, 2017.

             BUDGE LAW FIRM, PLLC

          By:  /s/ Sven K. Budge
             Sven K. Budge
             *Attorney for Plaintiffs Grady & Norma Shaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I hereby certify that on the same date, I served the attached document via US Mail to the following non-registered participants of the CM/ECF system. N/A.

  /s/ Sven K. Budge