Sven K. Budge (#030205)
**BUDGE LAW FIRM, PLLC**
1134 E. University Dr., Suite 121
Mesa, AZ 85203
Phone: (480) 246-8050
Fax: (480) 553-8037
E-mail: sbudge@budgelawfirm.com

*Attorney for the Plaintiffs Grady and Norma Shaver*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LANEY SWEET, et al.,<br><br>  Plaintiffs,<br>v.<br><br>CITY OF MESA, et al.<br><br>  Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS |
| GRADY SHAVER, et al.,<br><br>  Plaintiffs,<br>v.<br><br>CITY OF MESA, et al.<br><br>  Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANTS PHILIP AND CORRINE BRAILSFORD'S PARTIAL MOTION TO DISMISS SHAVER PLAINTIFFS' THIRD AMENDED COMPLAINT AND JOINDER IN MOTION TO DISMISS FILED BY CITY OF MESA** |

Plaintiffs hereby respond to Defendants Philip and Corrine Brailsford's Partial Motion to Dismiss Shaver Plaintiffs' Third Amended Complaint and Joinder in Motion to Dismiss Filed by City of Mesa [Doc. 84, the "Motion"]. Plaintiffs hereby incorporate by reference "Plaintiffs' Response to Defendants City of Mesa, Doane and Elmore's Partial Motion to Dismiss the Shaver Plaintiffs' Third Amended Complaint" [Doc. 81] to the extent that it applies to Brailsfords' Motion and state as follows:

**I.      INTRODUCTION**

1.      Plaintiffs Third Amended Complaint ("Complaint") does not contain any survival action claims despite Defendants' allegation that the "claims still read like survival claims." The Complaint does however contain the necessary pleadings as required under 42 U.S.C. § 1983 and the wrongful death statute. Additionally, Plaintiffs are only claiming their own damages and not the damages of their son Daniel, as Daniel's damages are properly reserved for the survival action claims of the Estate.

2.      Plaintiffs stipulate that the official capacity claim against the City of Mesa and Defendant Brailsford in his official capacity is only one claim for damages against the City of Mesa as it is currently drafted within the Complaint. However, the individual capacity claim against Defendant under § 1983 is separate and distinct under § 1983 against the individual Defendants in their individual capacity.

## MEMORANDUM OF POINTS AND AUTHORITIES

**II.     FACTS AND PROCEDURAL BACKGROUND**

This case arises from an incident that occurred on January 18, 2016 wherein Mesa Police Department officers, specifically Brailsford, exercised excessive force when they shot and killed Daniel Shaver ("Daniel") at a La Quinta Inn in Mesa, AZ. Daniel was unarmed.

**III.    LEGAL STANDARD**

    **A.      Plaintiffs' Complaint does not contain any survival action claims but rather only contains properly pled claims under Arizona's Wrongful Death Statute and 42 U.S.C. § 1983 and the applicable damages allowed to the Plaintiffs under those claims.**

The wrongful death statute states: "[w]hen death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter." A.R.S. § 12-611.

Defendants state that Plaintiffs' wrongful death claim contains aspects of assault, battery, negligence, and gross negligence as alternative theories of recovery, and that these are improper survival actions. [Doc. 84, p. 4]. However, the events that give rise to the wrongful death statute are essentially the survival action claims and are the same actions by the Defendant that allow for a finding of liability under the statute. If death had not ensued Daniel would have been entitled to maintain an action to recover damages based on the harm done to him. These same "survival action" events are what give rise to an application of the wrongful death statute when death ensues. Simply describing the events that give rise to the Plaintiffs' wrongful death claim does not mean that they are pursuing a survival action claim.

The § 1983 claims against the individual Defendants are properly pled because they properly state "Brailsford… acted… under color of state law to deprive the Plaintiffs of their clearly established constitutional rights under the Fourteenth Amendment to the United States Constitution. Defendants interfered with the relationship between the Plaintiffs and their son Daniel when they shot and killed him." Plaintiffs also describe in their Complaint the extreme

excessive force utilized, which satisfies the factual element necessary and the standard that a reasonable jury could find those facts shocking [Doc. 51]. With regard to the official capacity claims, the aspects of negligent hiring/training, etc… referenced in the Motion [Doc. 84, p. 4] are properly pled under the Second Claim For Relief against the City of Mesa and are not claims against Brailsford in his individual capacity.

With regard to damages, Plaintiffs are seeking and have properly pled only their own damages, not the damages of the Estate [Doc. 51 ¶110]. "In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate." A.R.S. § 12-613.

"Plaintiffs are entitled to recover for **their** damages which are, at a minimum, compensation for the loss of consortium, love, affection, society, companionship, care, protection and guidance since the death and in the future; for the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future; for any income and services that have already been lost as a result of the death, and that are reasonably probable to be lost in the future; for any reasonable expenses of funeral and burial; for the reasonable expenses of necessary services due to his death; and for related damages" to the extent that Plaintiffs have incurred these damages. [Doc. 51 ¶110].

**B.      Plaintiffs Stipulate that the Official Capacity Claim Against the City of Mesa and Defendant Brailsford in his Official Capacity is One and the Same and Constitutes Only One Claim.  The Official and Individual Capacity Claim Against Defendant Under § 1983 is Separate and Distinct Because § 1983 Allows for Claims Against Both Officers in Their Individual Capacity and Officers in Their Official Capacity.**

Plaintiffs stipulate that their Second Claim For Relief against the City of Mesa and Brailsford in his "official capacity" under § 1983 is one and the same and constitute only one claim despite both the City of Mesa and it's officials being named within that claim.  It is currently drafted as only one claim within the Complaint against the City of Mesa and it's officers.

To the extent Defendants may be referring to the Plaintiffs' Third Claim For Relief or "Individual Capacity" claim, Plaintiffs' claim is proper.  Officials sued in their individual capacities are "persons" for purposes of § 1983.  *Hafer v. Melo*, 502 U.S. 21, 23 (1991) (personal and official capacity suits distinguished).  When the Plaintiffs named the Officers in their individual capacities it is because the Plaintiffs are seeking "to impose **personal** liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover compensatory damages from the government body itself. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).

Plaintiffs have clearly distinguished between their two § 1983 claims they have brought. The first claim is against the governmental body and officers in their official capacity for damages which they seek to recover from the government body itself.  This consists of only one

claim.  The second claim is against Brailsford in his individual capacity for damages they seek to recover from him personally, which consists of a separate claim.

Failure to expressly state that the official is being sued in his individual capacity as well as his official capacity, may be construed as an intent to sue the defendant only in his official capacity.  Claims against a city employee in his official capacity in no way eliminate claims against that public employee in his individual capacity.

## IV. CONCLUSION

Based upon the foregoing reasons, Defendants' Motion to Dismiss should be denied.

DATED this 5th day of October, 2017.

>               BUDGE LAW FIRM, PLLC
>
> By:     /s/ Sven K. Budge
>         Sven K. Budge
>         *Attorney for Plaintiffs Grady & Norma Shaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I hereby certify that on the same date, I served the attached document via US Mail to the following non-registered participants of the CM/ECF system.  N/A.

  /s/ Sven K. Budge