# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**STIPULATED PROTECTIVE ORDER** |
| Grady Shaver, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulation (Doc. 110) of Plaintiffs Laney Sweet, Grady Shaver, Norma Shaver, and Defendants City of Mesa, Philip Mitchell Brailsford, Corrine Brailsford, Charles J. Langley, Brian Elmore, Christopher Doane, Bryan Cochran, Richard Gomez, and LQ Management L.L.C., and to provide for the protection of confidential and proprietary information, and other non-public information and materials that may be made available during discovery and disclosures in this matter,

  IT IS HEREBY ORDERED that the following provisions shall govern discovery and disclosures exchanged between Plaintiffs Laney Sweet and her minor children, Grady

Shaver, Norma Shaver, and Defendants City of Mesa, Philip Mitchell Brailsford, Corrine Brailsford, Charles J. Langley, Brian Elmore, Christopher Doane, Bryan Cochran, Richard Gomez, and LQ Management L.L.C. in this matter.

1. This protective order ("Protective Order") shall govern all documents, materials, and information, whether oral, written, or demonstrative, that are produced, disclosed or otherwise made available by any party ("Producing Entity") to any other party ("Receiving Party") in connection with discovery or disclosures in this action ("Discovery Material").

2. As used herein, the word "document" means: (a) all papers, documents, records, forms, electronic and printed, and written and electronic materials produced or furnished by, or obtained by the defendants, plaintiff, or third parties; (b) all copies, extracts, and complete or partial summaries prepared from such papers, documents, or electronic materials that specifically describe confidential information; (c) portions of deposition transcripts and exhibits thereto which specifically describe any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which specifically describe any such papers, documents, electronic materials, copies, extracts, or summaries; but not, (e) any materials which in good-faith judgment of counsel are work product materials.

3. Documents are to be designated confidential only if they contain nonpublic confidential: (1) medical and/or mental health information that is protected under HIPAA or any other applicable state or federal law; (2) financial information; (3) personal identifying information (social security number); (4) or other private information wherein there exists a reasonable expectation of privacy based upon applicable federal or state law. If information has been filed on any court docket, or offered in open court without being sealed or subject to specific protection from disclosure by the court, it will not be deemed to be confidential. Wherever practicable, material and information that is non-

confidential will not be designated as confidential. Wherever practicable, confidential portions will be segregated in order to allow non-confidential portions to be treated outside of the scope of this order

4. "Confidential Information" shall mean any documents, evidence, testimony, materials or other information, whether written or oral, exchanged, revealed or presented in these proceedings, designated in good faith as "Confidential" by any party. Confidential Information shall include, but not be limited to: (1) private medical, physiological, and/or mental health records protected under HIPAA or any other applicable state or federal law; (2) financial information; (3) inmate records that are not-publicly available, but excluding housing history and any information available through public websites; (4) employment records; (5) personal identifying information (social Security number); (6) private information wherein there exists a reasonable expectation of privacy based upon applicable federal or state law; (7) correspondence between a Plaintiff and a Plaintiff's family or friends, provided such documents have not previously been made public; (8) confidential or proprietary business information including, but not limited to, policies, practices, operations, data, agreements, complaints, investigations, meeting agendas, meeting minutes, and electronic or other written communications; and (9) information and documents (including electronically stored information) not generally available to the public as well as any copies or summaries of such information or any materials that reveal the contents of such information. Documents and information shall not be designated Confidential Information to the extent they are otherwise publicly available.

5. All or any portion of any Discovery Material may be designated by the Producing Entity as Confidential Information, provided such designation is made in good faith. Once designated, such material shall be treated as Confidential Information under the terms of this Order until such designation is withdrawn by the Producing Party, or

where applicable, the entity designating the materials as confidential ("Designating Party"), or by an order of this Court pursuant to good cause shown by a Challenging Party.

6. The protections conferred by this Stipulation and Order cover not only Confidential Material (as defined above), but also (1) information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony by Parties or presentation by their Counsel regarding documents designated as Confidential Material.

7. Documents may be designated as Confidential Information by placing a stamp on each page that reads "CONFIDENTIAL." Electronically stored information may be designated as Confidential Information by placing a mark that reads "CONFIDENTIAL" on the information or media containing the information.

8. Deposition exhibits or transcripts, or any portion thereof, may be designated as Confidential Information by making such a designation on the record at the deposition or by making such a designation in writing within 30 days of receipt of the deposition transcript by the Designating Party. Until 30 days after receipt by the Designating Party of the deposition transcript, the entire transcript and all exhibits shall be treated as Confidential Information. The Designating Party shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear, in substance, the legend "CONFIDENTIAL – Subject to Protective Order."

9. Disclosures, responses to interrogatories, responses to requests for production of documents, information, or things, and responses to requests for admission may be designated as Confidential Information by placing a "CONFIDENTIAL" stamp on the first page of such document.

10. A party may designate as Confidential Information documents or information produced by another party or a non-party within 30 days of the date of production, by providing written notice of the designation to the party or non-party that produced the documents or information. Within 15 days of the written notice, the Designating Party shall either (A) reproduce each page of the document(s) so designated with a stamp or label stating "CONFIDENTIAL," or (B) follow the procedure set forth in Paragraph 9 for designating a document as Confidential Information.

11. In the event a Producing Entity inadvertently fails to designate any Discovery Material as Confidential Information, that material shall still be treated as Confidential Information provided the Producing Entity provides written notice to the Receiving Party, within 30 days, designating the material as Confidential Information. Upon receipt of such written notice, the Receiving Party shall treat the designated material as Confidential Information and shall stamp or mark it accordingly, or, if the Producing Entity provides correctly designated copies of the material, shall destroy the mis-designated material or return it to the Producing Entity. The Receiving Party shall not be responsible for any use or disclosure of the mis-designated material prior to receipt of such written notice, provided such use or disclosure was proper with respect to the material as it was designated at the time. Upon receipt of written notice of mis-designated material, the Receiving Party shall take all reasonable steps secure the mis-designated material it has disseminated and ensure it is deleted, destroyed, or returned to the Producing Entity.

12. Any party may dispute the designation of Discovery Material as Confidential Information by providing the designating party with written notice of the objection to the designation. A copy of the written notice of the objection shall be sent to all other parties at the same time. The written objection shall be provided by the objecting party within thirty (30) calendar days of receiving the information. The designating party

will respond to the objection within 14 business days of receipt of the written objection. The producing party or its counsel shall respond by either: (1) agreeing to remove the designation; or (2) stating the reasons for such designation. If the dispute cannot be resolved informally among the parties and their respective counsel, it may be submitted to the Court for resolution by following the procedure established by the Court to resolve discovery disputes. The Challenging Party shall bear the burden of persuasion as to the propriety of the confidentiality designation. The Challenging Party shall not make any disclosure pending informal resolution by the parties, while a motion to allow or to bar such disclosure is pending, or while any appeal or request for review or reconsideration pertaining to such a motion is pending. Nothing in this Order, or the acceptance of documents under this Order, waives any party's rights to object to the classification of any information as Confidential Information and to submit the issue to the Court for resolution. Nor does anything in this Order require a party to produce such Confidential Information.

    13.    The Receiving Party shall not disclose or permit disclosure of Confidential Information to any other person or entity, except to entity, except to:

    a.    the Receiving Party;

    b.    any officers, directors, agents or employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of prosecuting or defending this action;

    c.    counsel for the Receiving Party in this action and employees of such counsel to whom disclosure is reasonably necessary for purposes of prosecuting or defending this action;

    d.    actual or potential consulting or testifying experts retained by a party to assist that party or its counsel in this litigation, and the expert's employees or support staff, to the extent reasonably necessary to provide such assistance;

  e. experts or professional advisors and the persons regularly employed in their offices retained by a party to assist in this litigation, but only to the extent necessary for such persons to perform their assigned tasks with this action;

  f. any individual identified in a disclosure statement or discovery response as a witness or potential witness in this action, to the extent reasonably necessary to assist a party or its counsel in this litigation, and provided the witness or potential witness does not retain copies of such documents and they are only shown the documents for purposes of gathering discovery and information for use in this case only;

  g. a court reporter and/or videographer at a deposition;

  h. the Court and any Judge, clerk, or court employee with responsibility over any aspect of this litigation; and

  i. any other person to whom the Designating Party agrees in writing in advance of disclosure, or to whom the Court permits or orders disclosure.

14. No Confidential Information may be disclosed to any person in accordance with subsections (b), (d), (e) or (f) of Paragraph 13 of this Order unless such person has agreed to be bound by the terms of this Order by signing the Confidentiality Agreement attached hereto as Exhibit A. Counsel for the parties shall retain the signed Confidentiality Agreements they obtain.

15. Confidential Information may be used and disclosed only for the prosecution and defense of this litigation, including any appeals.

16. Any non-party that produces documents in this action may designate the documents it produces, in response to a subpoena or otherwise, as Confidential Information pursuant to the procedures described herein. A party who serves a subpoena duces tecum or other discovery request on a non-party shall serve a copy of this Protective Order simultaneously with that discovery request, or, if the subpoena or request has already been served, within ten (10) days of the Court's entry of the Order.

Any party may challenge a non-party's designation of material as Confidential Information in the same manner as the parties may challenge designations by each other.

17. In the event a party wishes to use any Confidential Information in any papers filed in this action, that Party shall make a motion to file such papers under seal with the Court pursuant to Local Rule of Civil Procedure 5.6, that sets forth the articulated bases with specific factual findings demonstrating the compelling reasons for sealing materials attached to dispositive motions and/or the good cause for sealing other attached or used materials. However, nothing in this Order shall be construed as automatically permitting a party to file under seal. Before any party files any document under seal such party shall seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1] Further, no portion of the trial of the matter shall be conducted under seal.

18. If any Confidential Information is disclosed to any person other than as permitted by Paragraph 13 of this Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Producing Entity and/or Designating Party whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was

---

[1] The Court notes that in the event a party wants to use the other party's confidential designations to support or oppose a motion, the provisions of this paragraph would shift the burden to that party to make the "compelling reasons" showing, which is inconsistent with the case cited. In the event a party anticipates this scenario arising, the party wishing to use the confidential information shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least two weeks before the filing in which they wish to reference the documents is due.

made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the Confidential Information.

19. Nothing in this Order shall be construed to limit a Producing Entity's use or disclosure of its own materials.

20. The terms of this Protective Order shall in no way affect the right of any person or party (a) to withhold information on grounds of immunity from discovery such as, for example, the attorney-client communication privilege or work product doctrine; or (b) to raise or assert any defenses or objections to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto.

21. It is not a violation of this Protective Order for copies of documents containing Confidential Information to be made, or exhibits prepared, by independent copy or scanning services, printers, or illustrators for the purposes of this action so long as the service vendor is willing to comply with the signed-agreement provisions of Paragraph 14 as described above.

22. The provisions of the Protective Order are without prejudice to the right of any party to: (a) apply to the Court for a further protective order relating to any Confidential Information or relating to discovery in this litigation, (b) apply to the Court for an order removing the Confidential Information designation (subject to the procedure described above) and (c) apply to the Court for an order permitting use or disclosure of particular documents marked as Confidential.

23. Claw-Back: There shall be no waiver by disclosure. This Order is entered pursuant to Federal Rule of Evidence 502(d). Subject to the provisions of this Order, if a Disclosing Party discloses information in connection with this pending litigation that the Disclosing Party thereafter claims, in good faith, to be privileged or protected, the disclosure of that information will not constitute or be deemed to be a waiver or forfeiture

in this action or any other action, of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to that information and its subject matter. This section also applies to third parties responding to a subpoena duces tecum, where a party contends that documents were released by the third party before the time provided under the Federal Rules of Civil Procedure for objections, or released in spite of objections and where the time frame for seeking relief from the Court has not passed. The parties agree to the following claw-back procedures for inadvertently disclosed documents:

(a) For the purposes of this claw-back agreement, an inadvertently disclosed document is a document, material, or information (including but not limited to electronic data) that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, other applicable privilege, or which contains or reflects the impressions, conclusions, opinions, legal research or theories of legal counsel.

(b) A party does not waive any claim of privilege as to any inadvertently disclosed document.

(c) If a party receives or discovers documents, material, or information that the party knows or has any reason to believe constitute an inadvertently disclosed document, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.

(d) If a party discovers that it has produced an inadvertently disclosed document, the producing party shall notify any other party within 15 calendar days from the date that the party reasonably becomes aware of the inadvertent disclosure, of its claim of privilege pertaining to the inadvertently disclosed document. On receiving this

notice, the other parties shall: (1) immediately refrain from reading the item; (2) permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed. If a document is part of a filing with the Court, the party invoking this paragraph will raise the issue with the filing party, and the filing party will either withdraw the document or the parties will agree to brief the issue for the Court, but the filing party shall have no obligation to withdraw the document from the record until the Court resolves the dispute. In no event is a party required to destroy filings with the Court.

(e) Within 20 calendar days of the producing party becoming aware of the disclosure of an inadvertently disclosed document, the producing party shall serve a privilege log on the other parties covering the clawed-back documents, material, or information.

(f) Subject to the foregoing, if a dispute develops as to whether a privilege exists, all parties shall not disclose, offer, or otherwise use the disputed material in any way, including in these proceedings (other than as necessary to raise the dispute over the document with the court), until the issue is resolved by the parties or the Court.

24. Within sixty (60) days of the final termination of this action (including all appeals), any party who has received any Confidential Information shall destroy all such information that is in its possession, except that counsel of record for each party may keep a copy of all pleadings, motion papers and other filings in this litigation, deposition or hearing transcripts, correspondence, any records related to the litigation that counsel would normally retain, and any attorney work-product that contains Confidential Information. Within the same time period, the Receiving Party also shall provide written certification to the Designating Party that all Confidential Information was destroyed in accordance with this Protective Order and that affirms that the Receiving Party has not

retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information, other than as described above.

25. The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

26. Any party may seek remedial relief in this Court for a breach or threatened breach of this Order in accordance with applicable law.

Dated this 5th day of January, 2018.

_____
Honorable G. Murray Snow
United States District Judge

## **EXHIBIT A – CONFIDENTIALITY AGREEMENT**

I have reviewed the Protective Order dated _____, 201__ (the "Protective Order") issued by the Court in the matter of *Sweet v. City of Mesa et al.*, United States District Court for the District of Arizona, consolidated Case Nos. CV-17-00152-PHX-GMS, CV-17-00715-PHX-GMS. I understand that pursuant to the Protective Order, certain information disclosed in this matter through discovery shall be held confidential pursuant to the terms of the Protective Order. I hereby agree to be bound by the terms of the Protective Order, including all provisions relating to the treatment of Confidential Information.


DATED:_____         By_____

                                                               Name_____

                                                               Title_____