Mark John Geragos (Admitted Pro Hac Vice)
Benjamin Jared Meiselas (Admitted Pro Hac Vice)
**GERAGOS & GERAGOS, PC**
644 South Figueroa Street
Los Angeles, CA 90017
Telephone No. 213-625-3900
Facsimile No. 213-232-3255
Email:  mark@geragos.com
           meiselas@geragos.com

William A. Richards #013381
David E. Wood #021403
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsimile No. 602-595-7800
E-mail:  brichards@baskinrichards.com
            dwood@baskinrichards.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| LANEY SWEET, an individual, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MESA, et al.,<br><br>Defendants. | Case No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>Case No. CV-17-00715-PHX-GMS<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO CONSOLIDATE BY MONIQUE PORTILLO** |
| GRADY SHAVER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MESA, et al.,<br><br>Defendants. | |

Contrary to what movant Monique Portillo wants the Court to believe, Plaintiffs Laney Sweet, on her own behalf and on behalf of the Estate of Daniel Shaver and their minor children, as well as Plaintiffs Grady and Norma Shaver, adamantly oppose consolidation of the still-contested Amended Complaint filed by Ms. Portillo (the "Portillo Complaint"). Ms. Portillo is not a member of Daniel Shaver's family like all the rest of the Plaintiffs seeking relief here. Her complaint contains factual assertions the other Plaintiffs disagree with. Her claims can only proceed against one of the many defendants in this action, and some of her claims also stem from activities after the shooting of Daniel Shaver that are unrelated to the majority of the facts and claims pending in this matter. Consolidation of the very distinct Portillo claim, which is in a very distinct procedural posture than the matters at issue here, will unduly delay proceedings and confuse issues in this case. It will also prejudice the Plaintiffs by associating their claims with fundamentally distinct claims facing very different defenses and being litigated in a very different manner. Consolidation would require Plaintiffs to await resolution on, and possibly even address, matters, motions and complexities introduced by Ms. Portillo that have nothing to do with the Plaintiffs' claims. To avoid unnecessary and wasteful resource drains for the existing parties and the Court, avoid prejudice to the Plaintiffs, and allow this case to proceed expeditiously along its established discovery and mediation plan, the Court should deny Ms. Portillo's request to consolidate.

Federal Rule of Civil Procedure 42 governs the Court's authority to order consolidation. It offers a non-exclusive list of relevant factors that the Court should consider, including risks of confusion and prejudice to the parties, along with judicial economy factors like burdens on parties, witnesses and

judicial resources.  *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 2013 U.S. Dist. LEXIS 173544, at **8-9 (E.D. Cal. Dec. 10, 2013).  Ms. Portillo carries the burden to demonstrate that consolidation is warranted, *id.*, and also that factors supporting consolidation outweigh any prejudice, *W. Watersheds Project v. U.S. Forest Serv.*, No. CV-07-151-E-BLW, 2009 U.S. Dist. LEXIS 1359, at *3 (D. Idaho Jan. 8, 2009). Within that analysis, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* at 9 (*quoting Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).

## I. Ms. Portillo's counsel did not consult most counsel in this matter, and they do oppose the requested consolidation.

In the Motion to Consolidate, Portillo asserts that, "Opposing counsel and counsel in the related case have been consulted and do not oppose the requested consolidation." [Mt. at 2.]  That is false.  Her counsel did not consult any counsel for any Plaintiff in this matter.

## II. The parties in the instant case are acting expeditiously within a discovery schedule established to lead to a near-term mediation. The Portillo Complaint is still the subject of a motion to dismiss.

Ms. Portillo's case is far behind the progress of the instant matter. Plaintiff Portillo's case is still awaiting ruling on a Motion to Dismiss filed by the only named defendant, Phillip Brailsford.  Any ruling date is uncertain; and this uncertainty alone justifies denial of consolidation.  *Krause v. Nev. Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2013 U.S. Dist. LEXIS 173387, at *11 (D. Nev. Dec. 10, 2013) (denying motion to consolidate, in part, because "the case Defendants seek to consolidate into this case has not cleared the motion to dismiss or motion to remand hurdle"); *W. Watersheds Project*, 2009 U.S. Dist. LEXIS 1359, at *3 (denying consolidation where cases had separate

3

claims and motions that left uncertain status of appeals of certain claims and rulings and whether factors would support consolidation in the future). Also, as outlined in subsection III below, Ms. Portillo's case will probably be subject to more motions to dismiss. In contrast, the Plaintiffs and Mesa defendants in this action have exchanged volumes of written discovery requests and responses, and used those materials to meet and confer to pare down the issues, make agreements on disclosing written materials, and informally fill-in factual gaps to expedite this matter. They have done so with a plan put together to engage in a number of depositions prior to a mediation anticipated before the end of September of this year. Other written discovery is set for response and conclusion within the next thirty days. Ms. Portillo cannot engage in any discovery until she has overcome the motion to dismiss. Therefore, adding her claims does nothing to help her, the Court or the other parties from an efficiency standpoint. She would come into discovery late and would likely try to re-do discovery previously taken in any event.

**III. Ms. Portillo will only be able to proceed against a single defendant out of the eight defendants in this case, for a single claim.**

Ms. Portillo cannot lodge claims for what happened to Daniel Shaver as she lists in paragraphs 24 to 29 of her Amendment Complaint. "[T]he Fourth Amendment is a personal right that must be invoked by an individual." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). This case involves as defendants two former police officers, four current police officers, the City of Mesa as an entity, and LQ Management as an entity operating the hotel where Daniel Shaver was killed. The entity claims involve allegations regarding policies, hiring and training, and common law tort duties respectively. [Doc. 53; Sweet, Am. Compl. ¶¶ 48, 55, 115, 178, 193.] In contrast to the claims here, Ms.

4

Portillo has named only terminated Mesa police officer Mr. Brailsford as a defendant for alleged on-scene conduct, along with several alleged John and Jane Doe defendants. She has no claims then against seven of the eight defendants in this matter.

The federal rules generally do not allow for preserving a claim through a John or Jane Doe filing absent a showing that through diligent effort the plaintiff could not determine the identify of a defendant absent court discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The identities of the officers on the team with Mr. Brailsford on the night of Daniel Shaver's killing have been publicly known since February 2016 through the public police report, with the relevant portions attached as exhibit A.[1] Ms. Portillo will likely not be able to proceed against any other officers named in this proceeding as they were publicly known and available. [Exh. A, at 3, 5, 6.] *See In re Zicam Cold Remedy Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 09-md-02096-PHX-FJM, 2010 U.S. Dist. LEXIS 63907, at **34-35 (D. Ariz. June 8, 2010). And, if she were to attempt to now amend her complaint to add any of the other Defendants named by the Plaintiffs in *this* case, she would certainly face futility or other dispositive arguments based on the law cited above. Those would either unfairly and imprudently disrupt the proceedings underway here, adding prejudicial time and cost to all parties, or they would at least so delay Ms. Portillo's ability to get to discovery that they would require her to conduct her own separate discovery in any event. Thus,

---

[1] Because the various supplements of the police report contain non-sequential pagination, Plaintiffs have inserted sequential page numbers to the nine non-sequential pages submitted for this Court's review.

consolidation both threatens prejudice and promises no material efficiency or benefit to judicial economy.

## IV. The Portillo Complaint contains numerous erroneous allegations that will distract from this case and prejudice all other plaintiffs.

The prejudice to Plaintiffs caused by consolidation would also include the distraction and harm to Plaintiffs that will be caused by infusing this case with the types of attempts to falsely portray the facts demonstrated by Ms. Portillo's pleading. Most of the initial activity involving the killing of Daniel Shaver and the police investigation thereafter was either audio or video recorded. The Plaintiffs intend to rely heavily on that contemporaneous evidence. It appears that Ms. Portillo will instead deny that evidence and rely on characterizations of the facts seemingly contradicted by the contemporaneous recordings. She is, within the bounds of the ethical and evidentiary rules, entitled to try that course. However, Plaintiffs should not have to spend their resources contradicting another Plaintiff or to face confusion or credibility backlash in their case if it appears a co-plaintiff, Ms. Portillo, rests on a factually inaccurate story.

By way of example, Ms. Portillo's escort from the scene of the killing to outside the hotel is both audio and video recorded. [Exh. B.][2] Ms. Portillo's initial conversation with the female officer is both audio and video recorded. [Exh. C, D.] Ms. Portillo's conversation with the investigating detective is audio recorded. [Exh. E.] Ms. Portillo's instructions to Mesa police officers regarding her purse is audio recorded. [Exh. F.] These recordings contradict much of Ms. Portillo's Amended Complaint and allegations, including that:

---

[2] Because exhibits B through F are digital recordings, they are being provided on a single disc with each recording renamed to correspond to its exhibit label.

- after the shooting of Daniel she was "crying and screaming with fear and trauma" and was shouted at with profanity for doing so; [Compare Am. Compl. ¶31 with exhibit B at 14:03 – 15:27.][3]
- while detained she was not informed why or why she was being treated that way; [Compare Am. Compl. ¶ 34 with exhibit B at 14:03 – 18:32, and exhibits C and D.]
- she was left alone in an SUV, handcuffed for hours; [Compare Am. Compl. ¶¶ 35-36 with exhibit A, at 7 (seven minutes) and exhibit E, at :28 - :31.]
- that her purse was taken from her in violation of the Fourth Amendment; [Compare Am. Compl. ¶¶ 48-51 with exhibit F, at 4:28 to 4:32 "I don't want my purse because I saw him land on it."]

The foregoing provides enough direct examples to demonstrate that lumping Ms. Portillo's claims in with the current Plaintiffs' claims will impose great credibility risks on the current Plaintiffs and force them to invest additional resources creating evidentiary and argument bulwarks so they are not unfairly associated with Ms. Portillo's unique approach to the facts.

**V.     The Portillo claim relies on facts and law that are distinct from the facts and law governing the current Plaintiffs' claims.**

Ms. Portillo's claims include a fourth amendment claim for her detention after the killing of Daniel Shaver, which is distinct both factually and legally from the other Plaintiffs' claims which have nothing to do with her post-shooting detention. On the other hand, the current Plaintiff's claims arise in large measure from the physical injury to and killing of Daniel. Thus, while

---

[3] Exhibit B is a body camera video showing the killing of Daniel Shaver. To avoid viewing that subject matter, the viewer can pause the video at the end and back up the video to the 14:03 mark, the time just after the shooting.

the claims involve some overlapping facts, they are not at all completely synchronized. Rather, discovery in Ms. Portillo's case would involve detailed investigation into the post-shooting detention issues and the treatment of Ms. Portillo's personal property that are not something the parties in the current case should have to concern their discovery or arguments with. By combining the cases, however, the Court creates substantial risks that this is exactly what the existing Plaintiffs would need to do.

Consider, for example, that in addition to deposing a particular officer involved in the killing of Mr. Shaver and detention of Ms. Portillo about their arrival at the scene and the hallway activities that resulted in Daniel's shooting, Ms. Portillo will need to depose that officer in detail about their instructions, actions, and failures to act in detaining her after the shooting. She will need to question them about Mesa Police Department training and policies on such post-shooting detentions and on retention of such witnesses' personal property. While that information may have little benefit to or relevance to the Plaintiffs, they will have to participate in the questioning lest the witness use it as an opportunity to alter or "clarify" what they said earlier in the same deposition about Daniel's shooting. This is just one of many examples of how infusing the unique events and legal issues permeating the Portillo claims into the current Plaintiffs' claims will increase the workload demand on the existing Plaintiffs' counsel and create undue expenses (transcript costs, attorney time, etc.) that could prejudice all the existing parties unnecessarily.

## VI. Conclusion.

If Ms. Portillo's case proceeds, it will only be against a single defendant in this case for conduct that is in many ways captured on video and/or audio

8

whose content she may largely contest. The claims will proceed on some unique facts foreign to the existing Plaintiffs' claims, use factual assertions the existing Plaintiffs may need to contest, and will not be completed in the timeframes or according to the schedule that is already underway in this case. There are no material efficiency benefits to the Court or any of the parties to consolidation, but there is material prejudice to the Plaintiffs that will occur if the Court allows consolidation. Under the rule governing consolidation, the Court should exercise its discretion to deny consolidation here.

RESPECTFULLY SUBMITTED this 2nd day of July, 2018.

BASKIN RICHARDS PLC

/s/ David E. Wood
William A. Richards
David E. Wood
2901 N. Central Avenue, Suite 1150
Phoenix, AZ  85012

AND

GERAGOS & GERAGOS, PC
Mark Geragos
Benjamin Meiselas
644 S. Figueroa Street
Los Angeles, CA 90017

*Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

|   |   |
|---|---|
| 1 | |
| 2 | BUDGE LAW FIRM PLLC |
| 3 | /s/ Sven K. Budge (with permission) |
| 4 | Sven K. Budge<br>1134 E. University Dr., Suite 121 |
| 5 | Mesa, AZ  85203 |
| 6 | *Attorney for Plaintiffs Grady and Norma* |
| 7 | *Shaver* |

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Gene N. Chavez
CHAVEZ LAW OFFICES, PA
1220 5th Street NW
Albuquerque, NM 87102
*Attorney for Monique Portillo*

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, AZ 85281
*Attorneys for Defendants City of Mesa, Officer Brian Elmore, Officer Christopher Doane, Officer Richard Gomez, and Officer Bryan Cochran*

Daniel O'Connor
Justin D. Holm
O'CONNOR & CAMPBELL, P.C.
7955 S. Priest Drive
Tempe, AZ 85284
*Attorneys for Defendants Philip Brailsford and Corrine Brailsford*

Mark Zukowski
David Potts
Jonathan Barnes
JONES, SKELTON & HOCHULI, P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant La Quinta Holdings*

James Belanger
J. BELANGER LAW PLLC
P.O. Box 447
Tempe, AZ 85280

Spencer Scharff
SCHARFF PLC

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

1  502 W. Roosevelt Street
2  Phoenix, AZ 85003

3  *Attorneys for Defendant Charles Langley*

4

5  /s/ Cristina McDonald

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800