Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, AZ 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Laney Sweet, an individual, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>City of Mesa, et al.,<br><br>        Defendants. | NO. 2:17-cv-00152-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>NO. 2:17-cv-00715-GMS<br><br>**CITY DEFENDANTS' RESPONSE TO PLAINTIFF MONIQUE PORTILLO'S MOTION TO CONSOLIDATE** |
| Grady Shaver, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>City of Mesa, et al.,<br><br>        Defendants. | |

Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez (collectively the "City Defendants") do not oppose Plaintiff Monique Portillo's Motion to Consolidate (Doc. 145, Doc. 146). Portillo was present in Daniel Shaver's hotel room when the occupants of the hot-tub called 911 to report that a rifle appeared to be pointed out of the hotel room window and was targeting humans; Portillo expressed concern to the occupants of the room about what was happening; she was present when the police attempted to make to make contact with her and Shaver; and was

present when the shooting occurred. Ms. Sweet contacted Portillo after the incident as part her own investigation into what occurred. Portillo was a witness at Defendant Brailsford's criminal trial, which resulted in an acquittal. Portillo is the only non-officer fact witness (apart from video footage) for the events immediately before, during, and after the shooting. While Portillo asserts somewhat different claims against not all of the same parties, the underlying incident at issue is the same. Consolidation would preclude multiple depositions of witnesses, preserve judicial economy, and avoid potential inconsistent rulings by two different judges regarding the same incident.

## I. LAW AND ARGUMENT

District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district, which—like this case—involve the same incident. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Rule 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

*See* Fed.R.Civ.Pro. 42(a). Consolidation is appropriate for eliminating "unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). It provides convenience for the court and saves time and expense for the parties. *Hall v. Hall*, 138 S.Ct. 1118, 1126 (2018).

### A. Portillo is a Witness Regardless of Consolidation.

If Portillo was not bringing any claims, and consolidation was not at issue, she would still be a witness in the Shaver/Sweet lawsuits. As a witness, Defendants are entitled to full and fair cross-examination of her testimony. While some of the allegations in Portillo's Complaint are not in line with her witness statement to Mesa Police, testimony at the criminal trial, and testimony that is uncontradicted by other witnesses, the Complaint has no verification from Portillo. Thus, while there may be some

inconsistencies now, it is far from clear that these will remain through the case and up to trial.

If inconsistencies remain, any inconsistencies between facts alleged in her lawsuit and the facts as Defendants believe them to be, are proper cross-examination in the Sweet/Shaver lawsuits. Thus, if her claims survive motion practice, the jury will hear about any changes to her version of the facts, or evidence contradicting her version, even if her claims are not consolidated. Any suggestion by the Sweet/Shaver Plaintiffs that Portillo's position on the facts might taint their claims is not dependent upon consolidation. It exists by virtue of Portillo's involvement as a fact witness and the actions she has taken after the incident.

### *B. Consolidation Avoids Duplicating Costs, Efforts and Inconsistent Results and Concerns About Trial Prejudice are Premature.*

To the extent that Sweet/Shaver Plaintiffs have concern about Portillo's claims prejudicing their damages claims, this concern is premature. None of the three cases—Sweet, Shaver, or Portillo—are at the point of having a trial setting. In the Sweet/Shaver cases, the Court recently issued its Order on the Motions to Dismiss. Discovery proceeded as those Motions were pending. There is a Motion to Dismiss pending in the Portillo matter and it could ultimately be dismissed. There will be Motions for Summary Judgment in the Sweet, Shaver, and Portillo matters and, at this point, the deadline for filing such motions is months away (March 8, 2019). Expert witness disclosures have not occurred. At this stage, it is not known what claims will proceed to trial.

If consolidation is not granted, based upon what <u>might</u> happen at trial and what claims <u>might</u> remain, the cost and time savings benefits of consolidation will be lost. The Shaver, Sweet, and Portillo share claims stemming from the same facts (the shooting). While not all of the claims are the same, the facts relating to the core claim are the defenses—qualified immunity and justified use of force.[1] Because the cases share this

---

[1] Portillo has moved to amend her Complaint to add additional claims. The City Defendants have not been served with the proposed Amendment, or had the opportunity to participate in briefing. By not objecting to consolidation, the City Defendants do not

1  factual core, without consolidation witnesses may be deposed multiple times and
2  discovery duplicated. The different judges assigned to the case would engage in duplicate
3  work in ruling on motions. There is the potential for inconsistent rulings. And, ultimately,
4  there could be two separate trials (or two separate summary judgment rulings) to
5  determine the same facts—whether the shooting was justified and not excessive force. If
6  the shooting is justified, the Shaver, Sweet, and Portillo lawsuits fail. Similarly, if
7  qualified immunity exists, the federal claims fail.

8  Rather than eliminate a tool that could result in significant savings of resources, this Court has multiple different strategies that could be deployed for managing concerns about consolidation that do not involve precluding it all together. First, the cases could be consolidated for the purposes of discovery, motion practice, and pretrial matters. *See Chelsea, LLC v. Regal Stone, Ltd.*, No. 07-5800 SC, 2009 WL 250479, at *2 (N.D. Cal. Feb. 3, 2009) (consolidating for discovery and pretrial proceedings). This option, however, still involves the potential for two duplicate trials on liability taxing this Court's already heavy docket. Second, the cases could be consolidated now (for both discovery and trial) without prejudice to additional arguments being made about consolidation for trial after the rulings on summary judgment. Third—and the option most likely to result in the greatest efficiency—the Court could consolidate for both discovery and trial, but bifurcate damages from liability. This third option eliminates duplicate trial time for the liability issues, but also serves to save time on damages if liability is determined in the favor of the City Defendants.

## II.    CONCLUSION

Consolidation can result in significant cost savings and avoid duplication of results. As this Court may recall, the Sweet and Shaver Plaintiffs originally, themselves, brought two lawsuits. The result was not to increase efficiency or decrease the work of this Court.

---

concede that any of Portillo's claims have merit, or that amendment is proper either. Some of the claims that Portillo seeks to add against these City Defendantsare time barred. This Court's familiarity with the Sweet/Shaver claims would also lead to judicial economy as this Court is also intimately familiar with the related Sweet/Shaver lawsuits.

Experience has shown that consolidation of the Sweet and Shaver cases has streamlined the case for all involved. To the extent that the Shaver/Sweet Plaintiffs have concern regarding Portillo's damages claim and how that might impact their claims, this concern is premature and can be addressed by bifurcating liability from damages.

DATED this 2nd day of July, 2018.

WIENEKE LAW GROUP, PLC

By:    */s/ Christina Retts*
Kathleen L. Wieneke
Christina Retts
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendant Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran, and Richard Gomez*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark D Zukowski:          mzukowski@jshfirm.com,
                          klewis@jshfirm.com

James J Belanger:         jjb@jbelangerlaw.com,
                          lmj@jbelangerlaw.com

Daniel J O'Connor         caseadmin@occlaw.com

William August Richards   brichards@baskinrichards.com,
                          cmcdonald@baskinrichards.com

David Eric Wood           dwood@baskinrichards.com,
                          cmcdonald@baskinrichards.com,
                          nrynearson@baskinrichards.com

Justin Dean Holm          justin.holm@occlaw.com,
                          amanda.bennett@occlaw.com

| | |
|---|---|
| David Calvin Potts | dpotts@jshfirm.com, scoffey@jshfirm.com |
| Spencer Garrett Scharff | scharff@scharffplc.com |
| Sven Kortne Budge | sbudge@budgelawfirm.com |
| Mark John Geragos | mark@geragos.com, geragos@geragos.com |
| Benjamin Meiselas | ben@geragos.com, geragos@geragos.com |
| Jonathan Paul Barnes | jbarnes@jshfirm.com, gstahly@jshfirm.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Kim Penny*