1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>　　　　　Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**ORDER** |
| Grady Shaver, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>　　　　　Defendants. | |

Pending before the Court is Defendant Charles Langley's Motion to Stay Discovery Pending Appeal. (Doc. 152). Defendants City of Mesa, Bryan Cochran, Christopher Doane, Brian Elmore, and Richard Gomez have filed a Joinder in the Motion to Stay. (Doc. 160). Defendant LQ Management (Doc. 162) and Defendant Philip Brailsford (Doc. 157) have filed a Notice of No Objection to the Motion. For the following reasons, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

This case arises from a City of Mesa police officer's shooting of Daniel Shaver, who is now deceased. Mr. Shaver's wife, children, and parents brought suit seeking

recovery from the individual officers at the scene of the shooting, the City of Mesa, and the owners of the hotel where Mr. Shaver was shot. On June 1, 2018, this Court entered an Order dismissing some claims and keeping others. Relevant here, Defendant Langley had sought dismissal of Plaintiffs' § 1983 claims on the basis of qualified immunity. The Court denied the motion and held that it would not decide the qualified immunity question at this early stage in the litigation. (Doc. 137, pp. 7–8, 20–21). Defendant Langley has appealed the Court's Order. (Doc. 144). Now, Defendant Langley seeks a stay of all discovery in the case pending the Ninth Circuit's resolution of his appeal. (Doc. 152).

**DISCUSSION**

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Federal Rules of Civil Procedure allow a court to enter a protective order forbidding or limiting discovery. Fed. R. Civ. P. 26(c). Because "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At the same time, however, qualified immunity is a "right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996). Therefore, "[t]o the extent that [the movant] is subject to discovery requests on claims for which [he] does not or cannot assert qualified immunity, such discovery requests do not implicate [his] right to qualified immunity." *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007). Further, qualified immunity is premised on the need to "protect public servants from the burdens of trial and discovery that may impair the *performance of their official duties*. *Crawford-El v. Britton*, 523 U.S. 574, 577 (1998). The need to protect public servants from the burdens of trial and discovery has less force where, as here, the defendant is no longer employed by a public entity and no longer has such official duties, the performance of

which may be hindered by excessive litigation.

Defendant Langley filed an appeal seeking review of this Court's Order relating to qualified immunity. Defendant Langley only raised the defense of qualified immunity as to Count III of the Shaver Complaint and Count III of the Sweet Complaint, both of which sought to impose individual liability on Defendant Langley under § 1983. While that appeal is pending, Defendant Langley now seeks a stay of all discovery in the case. Defendant Langley requests that the Court stay discovery related to all of the other defendants, some of whom cannot claim qualified immunity, and all of the other claims, some of which are state law claims where qualified immunity is not applicable and some of which Defendant Langley likely remains a key witness and participant even if his appeal is granted. Although Defendant Langley is entitled to a stay of discovery related to the claims on which he has asserted qualified immunity, Defendant Langley's requested stay is overly broad.

Defendant Langley relies on *Iqbal* for the proposition that discovery must be stayed for the entire case, even if only one defendant has asserted and is appealing qualified immunity. 556 U.S. at 685. But this statement is dicta, as other courts have recognized. *See Mendia v. Garcia*, No. 10-cv-03910-MEJ, 2016 WL 3249485, at *3 (N.D. Cal. 2016). Moreover, discovery in this case is due by August 3, 2018, just a few days from the present date. Defendant Langley has not identified any pending incomplete discovery related to the other defendants and claims which would both require his participation and relate to issues coextensive with the qualified immunity claims and independent of the other pending claims. Moreover, Defendant Langley is likely to be a witness or participant in any claims that proceed against the City of Mesa and LQ Management. Defendant Langley will have to participate in parts of this case and its discovery process even if his appeal is granted and he is provided qualified immunity. *See, e.g.*, *Martin v. Naval Criminal Investigative Service*, No. 10-cv-1879-WQH (MDD), 2013 WL 2896879, at *11 (S.D. Cal. 2013) (noting that even if qualified immunity is granted, movants are still subject to depositions on claims arising from the same set of

factual allegations for which qualified immunity is not a defense). Finally, Defendant Langley notes that if his appeal is granted, the only remaining claims against him will be two state law claims: wrongful death and intentional infliction of emotional distress. Plaintiffs argue that because these claims remain and have no federal qualified immunity defense, and the wrongful death claim in particular is closely related substantively to the § 1983 claim, discovery should continue. Defendant Langley counters that the Court could choose to decline to exercise its supplemental jurisdiction on the remaining state law claims if the federal claims are dismissed on appeal, and thus continuing discovery on these state law claims would be inappropriate. 28 U.S.C. § 1367(c)(3) (stating that "the district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction") (emphasis added). The Court declines to decide such hypotheticals. The Court could decide to continue to exercise supplemental jurisdiction, even if the § 1983 claim was dismissed. And, even if the Court did decide to remand the wrongful death and intentional infliction of emotional distress claims, Defendant Langley has made no argument that state court discovery rules and procedures are meaningfully different from federal court discovery rules and procedures, such that any harm would occur if Defendant Langley proceeded with discovery in federal court.

Defendants City of Mesa, Cochran, Doane, Elmore, and Gomez join in Defendant Langley's Motion to Stay. Unlike Defendant Langley, there are no pending qualified immunity claims or appeals from the Mesa Defendants. The City of Mesa, as an entity, is not entitled to qualified immunity. *Owen v. City of Independence, Missouri*, 445 U.S. 622, 638 (1980) ("[T]here is no tradition of immunity for municipal corporations, and neither history nor policy supports a construction of § 1983 that would justify the qualified immunity accorded the city [ ] by the Court of Appeals."). Defendants Cochran, Doane, Elmore, and Gomez have not yet invoked a qualified immunity defense. The Mesa Defendants request that Plaintiffs be required to continue responding to certain discovery requests, while simultaneously requesting a full stay that prevents Plaintiffs

from seeking discovery from the Mesa Defendants. This request would place uneven burdens on the parties, and is unnecessary. As an alternative, the Mesa Defendants request that the Court permit the officers to file a Motion for Summary Judgment only on the issue of qualified immunity (and thus retain the right to file a second Motion for Summary Judgment on the substance of the claims). The Mesa Defendants assert that this could facilitate a joinder in Defendant Langley's appeal, were the Court to deny qualified immunity. The Mesa Defendants are free to raise the defense of qualified immunity at the summary judgment stage, but the Court declines to authorize a second Motion for Summary Judgment at this time. Given the constraints on the Court's docket, there is no guarantee that such a motion could be ruled on in time to join Defendant Langley's appeal. The Mesa Defendants have presented no other reason to accelerate these claims.

At this stage of the discovery process, halting discovery on all claims and all defendants is likely to hinder the swift resolution of the case and to result in more cost to all parties. Should there be discovery or depositions that are encompassed by the stay, the Court will permit Defendant Langley to reopen discovery on those specific items after the appeal is completed.

## CONCLUSION

As Defendant Langley's appeal of the Court's Order on qualified immunity divests the Court of jurisdiction, the Court grants the Motion to Stay on discovery requests specific to the § 1983 claim against Langley. However, the Court denies the Motion to Stay on any other discovery requests. Because Defendant Langley may be called to act as a witness and has state law claims pending that are unaffected by his qualified immunity appeal, discovery related to these claims must continue.

**IT IS THEREFORE ORDERED** that Defendant Charles Langley's Motion to Stay (Doc. 152) is **GRANTED IN PART AND DENIED IN PART**. The Court partially stays discovery against Defendant Langley as to the § 1983 claim but allows discovery that is restricted to his role as a witness in the claims against the City of Mesa and LQ Management, and the remaining claims of wrongful death and intentional infliction of

- 5 -

emotional distress.

**IT IS FURTHER ORDERED** that Defendant City of Mesa, Bryan Cochran, Christopher Doane, Brian Elmore, and Richard Gomez's Joinder in the Motion to Stay (Doc. 160) is **DENIED**.

Dated this 31st day of July, 2018.

_____
Honorable G. Murray Snow
United States District Judge