**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet,<br><br>　　　　Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>　　　　Defendants.<br>Grady Shaver, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>　　　　Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants City of Mesa, Brian Elmore, Christopher Doane, Bryan Cochran and Richard Gomez's Motion to Stay Due to Defendant Brailsford's Bankruptcy. (Doc. 227). That motion is joined by Defendants Charles Langley and LQ Management. (*See* Doc. 229, 230). For the following reasons, the motion is denied.

## BACKGROUND

This case arises out of an incident at a La Quinta hotel, where an officer of the City of Mesa police force shot and killed an unarmed civilian in a hotel hallway. The decedent's surviving relatives brought separate actions seeking compensation that were consolidated

in this action before the Court. More recently, Defendant Officer Philip Brailsford—who fatally shot the decedent—filed for bankruptcy. (*See* Doc. 224). Due to the ongoing bankruptcy action, an automatic stay has been entered for all claims against Officer Brailsford. (*Id.* at 2). The remaining Defendants in this action—including the City of Mesa, the other police officers who were present during the shooting, and the hotel—now move to stay the entire case pursuant to the Court's inherent authority to manage its docket. For the following reasons, that request is denied.

## II. Analysis

Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as an automatic stay as to the actions against Defendant Brailsford. *See* 11 U.S.C. § 901(a). However, that provision does not automatically stay this action as to the other, non-bankrupt defendants. *See Parker v. Bain,* 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."). "In the absence of special circumstances, stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Ingersoll–Rand Financial Corp. v. Miller Mining Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987). "If the unusual circumstances exception applies, however, the weight of authority holds that the bankruptcy court that must extend the automatic stay, not this [C]ourt." *Zurich Amer. Ins. Co. v. Trans Cal. Assoc.*, 2011 WL 6329959 at *2 (E.D. Cal. 2011) (internal citations and quotation marks omitted); *see also Alvarez v. Bateson,* 176 Md. App. 136, 932 A.2d 815, 821 (Md. Ct. Spec. App. 2007) ("[T]he weight of authority holds that, in order for an automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor must request and obtain a stay from the bankruptcy court where the current action is pending.") Because the bankruptcy court has not entered a stay as to the other defendants, the Court will decline to do so here pursuant

to § 362.[1]

Additionally, the Court will decline to stay this case pursuant to its inherent authority because doing so would not be the fairest course of action for the remaining parties involved in this case. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (A "trial court *may, with propriety*, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (emphasis added). Here, the Court finds that the interest in the expedient resolution of the remaining claims outweighs the convenience to the parties of resolving all claims at the same time. It will therefore decline to issue a stay under its inherent authority.

**IT IS THEREFORE ORDERED** that Defendants' request for a stay (Doc. 227) is **DENIED**.

Dated this 5th day of June, 2019.

_____
G. Murray Snow
Chief United States District Judge

---

[1] Defendants further argue that conducting discovery against the non-debtor defendants would violate the stay. (*See* Doc. 227 at 8). But bankruptcy courts have generally refused to stay discovery under § 362 even when that discovery could generate damaging information against the debtor defendant. *See Groner v. Miller*, 262 B.R. 499, 505–05 (Bankr. App. P. 9th Cir. 2001) ("[S]ection 362(a) does not preclude generation of information regarding claims by or against a non-debtor party, even where that information could eventually adversely affect the debtor."). And as Defendants concede, Officer Brailsford will have the opportunity to conduct additional discovery once the bankruptcy stay is lifted.

Defendants also argue that because some of the remaining claims are entirely derivative of liability to Officer Brailsford, the Court is required to stay those claims as to the other defendants. Even assuming that those claims are entirely derivative, that fact does not require the Court to make a finding of unusual circumstances. *See Teachers Ins. And Annuity Ass'n. v. Butler* 803 F.2d 65–66 (2d. Cir. 1986) (declining to make a finding of special circumstances even though defendants were jointly and severally liable).