James J. Belanger, No. 011393
J. BELANGER LAW PLLC
PO Box 447
Phoenix, Arizona 85280-0447
(602) 253-6682
jjb@belangerlaw.com

Spencer G. Scharff, No. 028946
SCHARFF PLLC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

*Attorneys for Defendant Charles Langley*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, an individual, et al.,<br><br>Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>Defendants. | NO. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**REPLY IN SUPPORT OF DEFENDANT LANGLEY'S MOTION FOR SUMMARY JUDGMENT ON ALL STATE LAW CLAIMS ASSERTED BY SWEET PLAINTIFFS; JOINDER IN CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 271]** |
| Grady Shaver, et al.<br><br>Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>Defendants. | |

Defendant Charles Langley ("Langley") respectfully submits this Reply in support of his Motion for Summary Judgment [Doc. 270]. The Shaver Plaintiffs' Opposition [Doc. 286] fails to demonstrate that there is a genuine issue of material fact regarding the Shaver Plaintiffs' compliance with Arizona's notice of claim requirements, A.R.S. § 12-821.01(A).

## I. THE SHAVER PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL DISCOVERY.

### A. The Shaver Plaintiffs Have Not Established Good Cause to Re-Open Discovery.

Discovery in this matter closed on March 8, 2019. [Doc. 211 ("The deadline to complete fact discovery, including discovery by subpoena, from January 15, 2019 to Friday, March 8, 2019.").][1] Although the Shaver Plaintiffs' Opposition seeks additional discovery pursuant to Federal Rule of Civil Procedure 56(d), the Shaver Plaintiffs' request must be construed as a Rule 16(b)(4) request to modify the Court's scheduling order because their request comes after the close of discovery.[2] *See Odom v. Matteo*, 772 F. Supp. 2d 377, 405 (D. Conn. 2011) (holding that a Rule 56(f) Request must satisfy "the standard for modifying a scheduling order pursuant to [Rule 16] . . . in order to obtain discovery after expiration of the discovery deadline"); *see also Clauder v. Cty. of San Bernardino*, 2016 WL 145864, at *3 (C.D. Cal. Jan. 11, 2016) ("[B]ecause the request comes at the end of the discovery and motion cutoff dates established in the Court's Scheduling Order, it is more properly analyzed as an attempt to modify the Scheduling Order pursuant to Rule 16(b)(4)"). In fact, this Court recently ruled that the Sweet Plaintiffs needed to comply with Rule 16 in order to obtain additional discovery.

---

[1] Contrary to the Shaver Plaintiffs' contention, the deadline for expert disclosures was not November 26, 2019, [Doc. 286 at 7], but rather it was extended to January 18, 2019. [*See* Doc. 211.]

[2] Plaintiffs mistakenly cite to Rule 56(d) of the Arizona Rules of Civil Procedure, which is based on the Federal Rules, but is not identical.

1  [*See* Doc. 312 (order granting the City Defendants' Emergency Motion for a Protective

2  Order).]

3        Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause

4  and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers

5  the diligence of the party seeking to interpose an amendment." *Johnson v. Mammoth*

6  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause can be shown if the

7  pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the

8  extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983

9  amendment)). Notably, "[i]f that party was not diligent, the inquiry should end." *Id.*; *see*

10 *also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (good cause

11 not shown where plaintiff had failed to "demonstrate diligence in complying with the

12 dates set by the district court").

13       In addition to the movant's diligence in complying with the scheduling order, a

14 court may consider factors such as the "development of matters which could not have

15 been reasonably foreseen or anticipated at the time of the Rule 16 scheduling

16 conference," and the movant's diligence "in seeking amendment of the Rule 16 order,

17 once it became apparent that [it] could not comply with the order." *Jackson v. Laureate,*

18 *Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Here, the Shaver Plaintiffs have failed to

19 establish the diligence necessary to amend the Scheduling Order to permit additional

20 discovery as to the Shaver Plaintiffs' compliance with the notice-of-claim requirements.

21       Langley first raised the notice-of-claim issue *more than 20 months ago*—in his

22 September 20, 2017 Motion to Dismiss [Doc. 77]. Moreover, the Court clearly

23 announced the dispositive issue of fact in its June 1, 2018 Order—"questions of fact exist

24 as to whether the MPD had authority to accept the notice on behalf of Defendant

25 Langley." [Doc. 137 at 17.] Nevertheless, the Shaver Plaintiffs did not serve Langley

26 with a single written discovery request nor did they submit a written discovery request to

27 the City of Mesa to determine if the Mesa Police Department had authority to accept the

28

notice of claim on behalf of Langley. Moreover, the Shaver Plaintiffs did not notice a single deposition during the entire discovery phase. Needless to say, the Shaver Plaintiffs cannot demonstrate the requisite diligence to satisfy Rule 16(b)'s good cause standard. Thus, their request to re-open discovery should be denied.

### B.    Regardless, Plaintiffs' Rule 56(d) Request is Deficient.

Even if the Court were to analyze the request for a continuance pursuant to Rule 56(d) rather than Rule 16(b)(4), the Shaver Plaintiffs have still failed to justify their request for additional discovery.

Under Rule 56(d), the Court has discretion to extend a response deadline where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." In other words, the non-moving party must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

For example, in *Continental Maritime v. Pacific Coast Metal Trades*, 817 F.2d 1391 (9th Cir. 1987), the plaintiff requested "more time to depose certain representatives of the various defendants" in order to rebut evidence identified in the defendants' motions for summary judgment. *Id*. at 1395. The district court denied the plaintiff's request and the Ninth Circuit affirmed, concluding that plaintiff's declaration was insufficient because it was "not specific [and] only expressed the hope that evidence to contradict the [defendant's evidence] would transpire at deposition . . . ." *Id*. ("The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f).").[3]

---

[3]    Prior to the 2010 Amendments, the provisions in Rule 56(d) originally appeared in Rule 56(f).

Here, as in *Continental*, the Shaver Plaintiffs merely express hope that they will find evidence to establish that the Mesa Police Department had authority to accept service on behalf of Langley:

> Plaintiffs have not had the opportunity to depose Defendant Langley regarding this issue and additional discovery is necessary . . . in order to determine what the Defendant knew and MPD's authority to accept service.

Pls.' Opp. at 26:1–5.  Just as it was in *Continental*, this is insufficient to satisfy Rule 56(d).

Moreover, the Shaver Plaintiffs' "hope" is entirely misguided.   The Shaver Plaintiffs' Declaration simply states that "Plaintiffs require additional discovery to determine the Mesa Police Department's authority to accept service on behalf of it's [sic] officers."   [Doc. 287-50 at ¶ 10.]   The Declaration, however, does not identify what additional discovery the Shaver Plaintiffs intend to take and how such additional discovery could possibly lead to the facts they seek.

Rather, the Shaver Plaintiffs simply refer to the fact that depositions were not taken of the individual officers and their experts.  [*See id*. at ¶ 4 ("No single deposition of any Defendant or their representatives or experts has occurred in this case despite being properly noticed.").]   Yet, the Sweet Plaintiffs, not the Shaver Plaintiffs, noticed those depositions.   And, contrary to the Shaver Plaintiffs' characterization, those depositions did not take place because the Sweet Plaintiffs opted, without objection from the Shaver Plaintiffs, to postpone them in light of the Brailsford Bankruptcy and the pending Motion to Stay, not because Defendants refused to attend them:

> It's our understanding based on the Defendants' pending motions to stay and the proposed telephone conference on Tuesday regarding a potential resolution/agreement concerning the Motion to Stay matter, that all depositions previously scheduled between today and March 5th will be postponed.

2-27-19 Email from S. Stuart (attached as Exhibit A).  If anything, the fact that this Court denied the Defendants' Motion to Stay demonstrates that there was no basis for Plaintiffs

to postpone the depositions, especially in light of the impending close of discovery. [*See* Doc. 284 ("Because the bankruptcy court has not entered a stay as to the other defendants, the Court will decline to do so here pursuant to § 362.").]

Regardless, there is no reason to believe that any of the previously noticed depositions would have helped the Shaver Plaintiffs establish that the Mesa Police Department had authority to accept service on behalf of Langley. Had Langley been deposed, he would have indicated that the Mesa Police Department, his former employer, did *not* have authority to accept service on his behalf and it is improbable that any of the other individual officers would have any facts to offer to the contrary.[4] *Cf. Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1048 (9th Cir. 2015) ("He failed to identify what specific facts a deposition of Contursi would have revealed that would have precluded summary judgment.").

Even if that were not the case, the Shaver Plaintiffs' still have a burden to explain why they *currently* "cannot present" such essential facts. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1250 (10th Cir. 2015) (upholding the denial of Rule 56(d) relief where the declarations lacked specificity and failed to describe why the desired information could not be presented currently and what steps had already been taken to obtain the information); *Theros v. First Am. Title Ins. Co.*, No. C10-2021, 2011 WL 462564, at *2 (W.D. Wash. Feb. 3, 2011) ("Plaintiff has not met his burden, for Plaintiff's declaration does not specify any reasons why he cannot currently present facts essential to his opposition of the motion for summary judgment."), *aff'd*, 519 F. App'x 471 (9th Cir. 2013). As noted above, the Shaver Plaintiffs had ample opportunity to

---

4    Neither the Shaver Plaintiffs nor the Sweet Plaintiffs ever noticed a 30(b)(6) Deposition for the City of Mesa. Even if they had, the City would not have been able to offer evidence to support that they had authority to accept service of the notice of claim on behalf of a *former* employee. *See Escareno v. Kindred Nursing Centers W., LLC*, 239 Ariz. 126, 131 (App. 2016) (concluding that deposition testimony by the purported agent is "insufficient to establish the fact or extent of his authority."); *Jolly v. Kent Realty, Inc.*, 151 Ariz. 506, 512 (App. 1986) ("It is well settled that the declarations of an agent are insufficient to establish the fact or extent of his authority.").

request the information they seek via written discovery, but failed to avail themselves of the opportunity to do so. Furthermore, they have not presented any good cause to excuse this failure.

In sum, the Shaver Plaintiffs' Rule 56(d) Request must be denied because their declaration is insufficient. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (affirming the denial of 56(f) relief because the nonmovant's declaration was insufficient); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(f)] is a proper ground for denying relief.").

## II.   THE SHAVER PLAINTIFFS EFFECTIVELY CONCEDE THAT THERE IS NO GENUINE DISPUTE OF FACT WITH RESPECT TO THEIR FAILURE TO COMPLY WITH THE NOTICE-OF-CLAIM STATUTORY REQUIREMENTS.

The Shaver Plaintiffs contend that the Court must deny Langley's Motion for Summary Judgment because he has not provided "additional evidence" to establish that the Mesa Police Department ("MPD") did not have authority to accept service of the Shaver Plaintiffs' July 6, 2016 Amended Notice of Claim. [Doc. 286 at 26 ("With no additional evidence provided by Langley the status of the claim remains unchanged and this Court is obligated to deny Defendant's Motion for Summary Judgment as authority to accept service is still a disputed fact and the Defendant is the moving party in this Motion.").][5] Langley, however, was not obligated to present any evidence to establish entitlement to summary judgment on this issue.

Arizona law places the burden of proof regarding notice-of-claim compliance on plaintiffs. *See Drew v. Prescott Unified Sch. Dist.*, 233 Ariz. 522, 526, ¶ 16 (App. 2013) ("[T]he notice of claim statute clearly places the burden on the claimant to make a

---

[5]   The Shaver Plaintiffs provide a nearly identical response to Defendants' Global Statement of Fact No. 213, which relied on record evidence to establish that "[t]he Shaver Plaintiffs never sent a notice of claim to Sergeant Langley," [Doc. 266 at 26.]. [*See* Doc. 287 at 46 ("Defendants cite no additional facts other than a recitation of the previous pleadings already used by this Court to make the initial determination.").]

statutorily compliant settlement offer."). Thus, to demonstrates his entitlement to summary judgment, Langley merely needed to point out "that there is an absence of evidence to support the nonmoving party's case" *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The Shaver Plaintiffs were then required to make a showing sufficient that they actually provided sufficient notice to Langley. The Shaver Plaintiffs readily admit that they cannot do so. [*Cf.* Doc. 286 at 26 (noting that "additional discovery is necessary" to establish notice-of-claim compliance).]

Despite not being obligated to do so, Langley's Motion *did* identify facts in the record that further support a finding that the MPD did *not* have authority to accept a notice of claim on his behalf. Notably, Langley was not employed by the MPD when the Shaver Plaintiffs served the Amended Notice of Claim on the MPD. [*See* Doc. 266 at 26 ¶ 218 ("Sergeant Langley was not employed by the Mesa Police Department in July of 2016.").] In response, the Shaver Plaintiffs contend that

> #218 Disputed. Defendants' provide no documentation or even a specific date that Langley left Mesa PD. Pursuant to 56(c)(1)(B) Ariz.R.Civ.P., the materials cited do not establish the absence or presence of a genuine dispute. Additional discovery is necessary pursuant to Rule 56(d) Ariz.R.Civ.P. in order to determine when Langley left Mesa PD.

[Doc. at 287 at 47 ¶ 218.]

The Shaver Plaintiffs' response is inaccurate. Defendants' cited to Langley's trial testimony in support of SOF No. 218. The cited testimony demonstrates that the Shaver Plaintiffs' served the Amended Notice of Claim on the MPD 77 days after Langley's last day with the MPD:

> Q. And when did you retire from the Mesa Police Department?
>
> A. I believe I retired April 21st of 2016.
>
> Q. Now -- and so you're currently not employed by the Mesa Police Department?
>
> A. No, I'm no longer employed by Mesa Police Department.

[Doc. 266, Ex. 23 at COM_009630–31.]

In light of this testimony, it is not clear what testimony the Shaver Plaintiffs believe they will obtain from a deposition of Langley that would help establish their the notice-of-claim compliance.[6]   If anything, the fact that the Shaver Plaintiffs opted to personally serve Defendant Brailsford, who was still a member of the MPD at the time, demonstrates that the Shaver Plaintiffs' understood that neither the City of Mesa nor the MPD had authority to accept service on behalf of their officers.  *See Hausauer v. City of Mesa*, No. CV-15-01796-PHX-ROS, 2017 WL 6523445, at *1 (D. Ariz. Jan. 13, 2017) ("The language of the relevant statute does not require public employees appoint an agent to accept service of notices of claims nor does it require a public office accept service of notices of claims when public employees do not appoint an agent.").

Moreover, even if the Shaver Plaintiffs' Amended Notice of Claim had been personally served on Langley, the Amended Notice would still be deficient because the notice does not specify a claim against Langley.   Rather, the Amended Notice simply asserts claims against the "CITY OF MESA, MESA POLICE DEPARTMENT, ITS DETECTIVES AND OFFICERS involved," [Doc. 87-1 at 1].   *See Dillman v. City of Mesa*, No. CV-13-02161-PHX-DGC, 2014 WL 3400961, at *2 (D. Ariz. July 10, 2014) (denying motion to amend because plaintiff did not timely name the individual officer); *see also Mink v. Arizona*, No. CV09-2582-PHX-DGC, 2010 WL 2594355, at *3 (D. Ariz. June 23, 2010) ("Plaintiff does not allege that he filed a notice of claim with each Defendant.").

In sum, the Shaver Plaintiffs failed to make a showing sufficient to establish that they complied with Arizona's notice-of-claim requirements, thus the Court should grant Langley's Motion for Summary Judgment.   *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (When the non-moving party "bear[s] the burden of proof at trial as to an element essential to its case, and that

---

[6]     As noted above, Langley certainly will not testify that MPD had authority to accept service of the Amended Notice on his behalf.

party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate.").

## III.   CONCLUSION

Langley requests that summary judgment be granted on all of the Shaver Plaintiffs' state law claims against him because of their failure to comply with Arizona's strict notice-of-claim requirements.

Respectfully Submitted this 3rd day of July 2019.

**SCHARFF PLLC**

By:   */s/ Spencer G. Scharff*
      Spencer G. Scharff

James J. Belanger
**J. BELANGER LAW PLLC**

*Attorneys for Defendant*
Charles Langley

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Spencer G. Scharff*