**BUDGE LAW FIRM, PLLC**
1134 E. University Dr., Suite 121
Mesa, AZ 85203
Phone: (480) 246-8050
Fax: (480) 553-8037
E-mail: sbudge@budgelawfirm.com
Sven K. Budge (#030205)

*Attorney for the Plaintiffs Grady and Norma Shaver*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, et al.,<br><br>　　　　　　Plaintiff,<br>v.<br><br>City of Mesa, et al.<br><br>　　　　　　Defendants.<br><br>Grady Shaver, et al.,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>City of Mesa, et al.<br><br>　　　　　　Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**SHAVER PLAINTIFFS' NOTICE OF INTENT TO ESTABLISH LIABILITY RE: BRAILSFORD DEFENDANTS' ORDER OF DISCHARGE IN BANKRUPTCY** |

Plaintiffs Grady and Norma Shaver, through counsel, file this Notice with the Court regarding the Brailsford Defendants' bankruptcy and subsequent Order of Discharge and state as follows:

As the Court may not be aware, an Order of Discharge was filed in Defendant Brailsford's bankruptcy case on May 6, 2019 (Exhibit 1 - Order of Discharge). The Shaver

Plaintiffs also notify the Court that due to the bankruptcy discharge and injunction, they only intend to pursue claims against the Brailsford Defendants for the limited purpose of establishing liability and collecting from the City of Mesa based upon a separate indemnification agreement entered into between the City of Mesa and the Brailsford Defendants as related to their individual and personal liability.  Thus, the Shaver Plaintiffs hereby notify all parties and the Court that while they do not intend to collect personally from the Brailsford Defendants, continued litigation is necessary against the Brailsford Defendants for the sole purpose of establishing liability and collecting insurance and indemnity proceeds.

In an effort to avoid violating the bankruptcy discharge injunction, the Shaver Plaintiffs have filed this Notice to inform all parties of their intent to not seek collection against the Brailsford Defendants personally but rather to determine liability and pursue collection from other available entities.

Additionally, the bankruptcy stay in this action is governed by 11 U.S.C. § 362(c)(2)(c), which states: "the stay of any other act under subsection (a) of this section continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual…, the time a discharge is granted or denied."

Given the Order of Discharge and the fact that the bankruptcy case is now closed, the automatic stay is therefore lifted and this case should proceed with all parties including

the Brailsford Defendants.

DATED this 29th day of July, 2019.

                                      BUDGE LAW FIRM, PLLC
                         By:   /s/ Sven K. Budge
                                      Sven K. Budge
                                      1134 E. University Dr., Suite 121
                                      Mesa, AZ 85203
                                      *Attorney for Plaintiffs Grady & Norma Shaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

I hereby certify that on the same date, I served the attached document via US Mail to the following non-registered participants of the CM/ECF system.  N/A.

By:  /s/ Sven K. Budge

# Exhibit 1

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Philip Mitchell Brailsford** | Social Security number or ITIN   xxx–xx–8022 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | **Corinne Elizabeth Brailsford** | Social Security number or ITIN   xxx–xx–6800 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| United States Bankruptcy Court   **District of Arizona** | | |
| Case number:   **2:19-bk-00802-BKM** | | |

## Order of Discharge                                                              12/15

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Philip Mitchell Brailsford                    Corinne Elizabeth Brailsford
                                              fka Corinne Elizabeth Melgoza

5/6/19                                        By the court:   Brenda K. Martin
                                                              United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Official Form 318                          Order of Discharge                          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**