James J. Belanger, No. 011393
J. BELANGER LAW PLLC
PO Box 447
Phoenix, Arizona 85280-0447
(602) 253-6682
jjb@belangerlaw.com

Spencer G. Scharff, No. 028946
SCHARFF PLLC
502 W. Roosevelt Street
Phoenix, Arizona 85003
(602) 739-4417
spencer@scharffplc.com

*Attorneys for Defendant*
Charles Langley

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, an individual, et al., <br><br> Plaintiff, <br><br> v. <br><br> City of Mesa, et al., <br><br> Defendants. | NO. CV-17-00152-PHX-GMS <br> **LEAD CASE** <br><br> **CONSOLIDATED WITH:** <br> No. CV-17-00715-PHX-GMS <br><br> **DEFENDANT LANGLEY'S NOTICE OF NONPARTIES AT FAULT** |
| Grady Shaver, et al. <br><br> Plaintiff, <br><br> v. <br><br> City of Mesa, et al., <br><br> Defendants. | |

Pursuant to A.R.S. § 12-2506(B) and Ariz. R. Civ. P. 26(b)(5), Defendant Charles Langley hereby identifies the following nonparties at fault in these Consolidated Actions:

**1.    LQ Management LLC[1]**

  a. <u>Location</u>[2]

Irving, TX

  b. <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley incorporates the factual allegations against LQ Management LLC contained in the following Exhibits:

- Exhibit 1 – Sweet Plaintiffs' First Amended Complaint [Doc. 53];[3]
- Exhibit 2 – Shaver Plaintiffs' Third Amended Complaint [Doc. 51];
- Exhibit 3 – Sweet Plaintiffs' Controverting and Additional Statements of Fact to Defendant LQ Management's Statement of Facts [Doc. 310];
- Exhibit 4 – Shaver Plaintiffs' Controverting Statement of Facts in Opposition to Defendant LQ Management LLC's Separate Statement of Facts and motion for Summary Judgment [Doc. 290]; and
- Exhibit 5 – David Bradley Bonnell's February 2, 2019 Expert Report [PL SWEET005393–5408].

**2.    Leticia Jimenez**

  a. <u>Location</u>

Mesa, AZ

---

[1] In light of this Court's Order granting LQ Management's Motion for Summary Judgment [Doc. 339] and LQ Management's pending Rule 54(b) Motion [Doc. 340], Defendant Langley treats LQ Management as a nonparty out of an abundance of caution.

[2] Detailed addresses will be provided directly to each party's counsel.

[3] To be clear, Defendant Langley only incorporates the specific allegations referenced, and does <u>not</u> admit or incorporate any of the other allegations simply by listing certain documents herein.  For example, as it relates to nonparty LQ Management, Defendant Langley only incorporates the allegations against LQ Management in the Sweet Plaintiffs' FAC, and does <u>not</u> admit or incorporate the allegations alleged against him or his fellow officers, but rather continues to dispute most of the allegations as detailed in his Answer.

1

b. <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley incorporates the factual allegations against Leticia Jimenez contained in the following Exhibits:

- Exhibit 1 – Sweet Plaintiffs' First Amended Complaint [Doc. 53];
- Exhibit 2 – Shaver Plaintiffs' Third Amended Complaint [Doc. 51];
- Exhibit 3 – The Sweet Plaintiffs' Controverting and Additional Statements of Fact to Defendant LQ Management's Statement of Facts [Doc. 310];
- Exhibit 4 – Shaver Plaintiffs' Controverting Statement of Facts in Opposition to Defendant LQ Management LLC's Separate Statement of Facts and motion for Summary Judgment [Doc. 290]; and
- Exhibit 5 – David Bradley Bonnell's February 2, 2019 Expert Report [PL SWEET005393–5408].

**3.    Jeremy Johnson**

a. <u>Location</u>

Mesa, AZ

b. <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley incorporates the factual allegations against Jeremy Johnson contained in the following Exhibits:

- Exhibit 1 – Sweet Plaintiffs' First Amended Complaint [Doc. 53];
- Exhibit 2 – Shaver Plaintiffs' Third Amended Complaint [Doc. 51];
- Exhibit 3 – The Sweet Plaintiffs' Controverting and Additional Statements of Fact to Defendant LQ Management's Statement of Facts [Doc. 310];
- Exhibit 4 – Shaver Plaintiffs' Controverting Statement of Facts in Opposition to Defendant LQ Management LLC's Separate Statement of Facts and motion for Summary Judgment [Doc. 290]; and
- Exhibit 5 – David Bradley Bonnell's February 2, 2019 Expert Report [PL SWEET005393–5408].

**4.     Daniel Shaver**

a. <u>Location</u>

Deceased

b. <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley incorporates the factual allegations against Daniel Shaver contained in the following Exhibits:

- Exhibit 6 – George T. Williams's December 4, 2018 Expert Report ("Mr. Shaver, alone, created the perception of an imminent deadly emergency that led to his being shot.");

Defendant Langley also alleges that:

- Mr. Shaver engaged in unlawful conduct—recklessly handling and displaying a deadly weapon in violation of A.R.S. § 13-2904—which caused the Saurets to fear for their safety and the safety of others, which, in turn, caused them to report his unlawful activity to the police and provided the police with probable cause to detain and/or arrest him; and
- Mr. Shaver acted in manner that made him appear to be a threat because (1) he feared the consequences associated with violating the terms of his supervised release/probation, and (2) he was heavily intoxicated—despite his efforts to conceal this information from Defendant Langley.

**5.     Luis Jose Nuñez**

a. <u>Location</u>

Las Cruces, NM

b. <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley alleges that:

- Mr. Nuñez engaged in unlawful conduct—recklessly handling and displaying a deadly weapon in violation of A.R.S. § 13-2904—which caused the Saurets to fear for their safety and the safety of others, which, in

3

turn, caused them to report his unlawful activity to the police and provided the police with probable cause to detain and/or arrest the occupants of Room 502; and

    **6.**   **Vincent John Sauret**

        a.  <u>Location</u>

Paso Robles, CA

        b.  <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley alleges that the Mr. Sauret negligently and/or recklessly reported and/or omitted material facts to the La Quinta employees about what he saw inside Room 502.

    **7.**   **Linda Sauret**

        a.  <u>Location</u>

Paso Robles, CA

        b.  <u>Facts Supporting the Allegation of Fault</u>

Defendant Langley alleges that the Mrs. Sauret negligently and/or recklessly reported and/or omitted material facts to the La Quinta employees about what she saw inside Room 502.

Respectfully Submitted this 15th day of August 2019.

                                    **SCHARFF PLLC**

                        By:   <u>*/s/ Spencer G. Scharff*</u>
                              Spencer G. Scharff

                              James J. Belanger
                              **J. BELANGER LAW PLLC**

                              *Attorneys for Defendant*
                              Charles Langley

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2019, I electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Spencer G. Scharff*