William A. Richards #013381
Alan S. Baskin #013155
Shayna G. Stuart #034819
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail: brichards@baskinrichards.com
        alan@baskinrichards.com
        sstuart@baskinrichards.com
*Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney, Sweet an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Mesa, et. al., <br><br> Defendants. | Case No. 2:17-cv-00152-PHX-GMS <br> **LEAD CASE** <br><br> **CONSOLIDATED WITH:** <br> Case No. 2:17-cv-00715-PHX-GMS <br><br> **SWEET PLAINTIFFS' EXPEDITED MOTION FOR PROTECTIVE ORDER AGAINST THE BRAILSFORD DEFENDANTS' SUBPOENA DUCES TECUM TO SETEC INVESTIGATIONS, INC.** <br><br> **(Oral Argument Requested)** |
| Grady Shaver, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Mesa, et al., <br><br> Defendants. | |

The Brailsford Defendants have tried to directly circumvent this Court's Order of March 3, 2020 [Doc. 396, at 2 lns. 10-13] and the Sweet Plaintiffs'[1] objections to their overly broad and disproportionate direct document requests for data off Laney Sweet's former cell phone by issuing an overly broad and disproportionate, harassing, and knowingly defective subpoena

---

[1] The "Sweet Plaintiffs" are Laney Sweet, her minor children, N.S. and E.S., and the Estate of Daniel Shaver.

duces tecum (the "Subpoena" (copy filed at Doc. 415-1)) against a third-party forensics company, Setec Investigations, Inc. ("Setec"). Setec is a company that created a forensic copy of Ms. Sweet's cell phone so that it was preserved for another discovery dispute that is underway now and is the subject of the Mesa Defendants' Motion Regarding Proposed Search Term Protocol ("Search Protocol Motion") [Doc. 421]. The Court has ordered all the parties, including the Brailsfords, that they "shall" abide by a specific forensic search process to obtain *any* information off Ms. Sweet's cell phone, and told the Brailsfords and others this was "to protect Plaintiff [Laney Sweet]'s interest in privileged communications or irrelevant discovery." [Doc. 396, at 2 lns. 10-13]. The Subpoena proves that the Brailsfords have violated that Order to try and get the phone data through a completely different, unbridled discovery process and that they care nothing about protecting the Sweet Plaintiffs' against irrelevant discovery or disclosure of privileged materials like the Court ordered them to do. And, in further violation of their duties under the Federal Rules of Civil Procedure, the Brailsfords' subpoena flaunts the most basic restrictions on discovery under Rules 26 and 45.

The Brailsfords refuse to await the scheduled search of the phone data ordered by the Court, and seek instead to compel Setec to produce almost every bit of data from Plaintiff Laney Sweet's former cell phone for the entire time Ms. Sweet used it. This demands production, among other things, of all voice recordings, e-mails, text messages, social media data, photos, images, music files, personal notes, financial information, and other records off the phone's memory. Ms. Sweet or others created and saved much if not most of the phone data for either private or business purposes long before the killing of Ms. Sweet's husband on which this action rests. Yet, the Brailsfords have made no attempt to limit the requested data to any time period, any subject matters, any particular communications, photos, or other data, or by connecting their requests with any persons who might actually have information related to the shooting of Daniel Shaver or the damages specifically sought by the Sweet Plaintiffs. Their Subpoena would also could compel production of attorney-client privileged communications that might be on the phone, as well as any doctor-patient privileged communications and even the private medical information of Ms. Sweet's doula clients. The Subpoena is therefore not only a

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

violation of this Court's March 3, 2020 Order, but it violates Rules 26(b)(1), 26(b)(2)(C), and 45(d),(e), Fed.R.Civ.P. It also unjustifiably impinges upon the constitutionally recognized privacy interests of Ms. Sweet and those whom she used to phone to contact, and exposes her to unwarranted embarrassment and annoyance.

Though questions exist about whether the Brailsford Defendants have ever completed service of the Subpoena[2], the Sweet Plaintiffs nevertheless timely notified the Brailsfords in April that they had objections to the Subpoena if it ever got served [Exhibit 1], and then sent the Brailsfords' attorneys their further written objection and detailed analysis of the layers of problems with the Subpoena last Friday, May 8, 2020, just some seven days after the Sweet Plaintiffs' counsel received a follow-up letter from the Brailsfords' counsel to the Subpoena target that purported to fix any prior service problems, [Exhibits 3 (Sweet Plaintiffs' objection letter), 2 (Brailsford letter)]. The Sweet Plaintiffs laid out the clearly excessive and inappropriate aspects of the Subpoena that violate Rule 26(b), Fed.R.Civ.P. and invoke the Court's power to quash under Rule 45(d),(e), Fed.R.Civ.P. The Sweet Plaintiffs explained why the Subpoena was overly broad, unduly burdensome, and disproportionate to the matters at issue in the case, stating:

---

[2] The record confirms that the Brailsfords initially failed to attach their proposed subpoena to Setec when they filed their Notice of Intent to Serve Subpoena [*see* Doc. 411, 415], and then they purportedly sent the subpoena via Federal Express to a Los Angeles, California address that Sweet Plaintiffs' counsel understands is not a physical address for Setec. The address appears, per a Google search, to house a UPS Store and other retail establishments that are not Setec. As a courtesy, the Sweet Plaintiffs' counsel told the Brailsfords' counsel by letter dated April 27, 2020, that they understood from Setec that Setec had never been served with the Subpoena. [*See* Exhibit 1]. The Brailsfords' counsel claimed in a later letter sent to the same Los Angeles address for Setec [*see* Exhibit 2] that they had sent a "follow-up letter" to Setec that was received by Setec and signed by "C. Covid." It seems highly suspicious that a properly served subpoena would be accepted by someone with the last name of "Covid" during the height of the shut-down orders in Los Angeles and elsewhere for the "Covid 19" virus. Nevertheless, like in *Special Mkts. Ins. Consultants, Inc. v. Lynch*, 2012 U.S. Dist. LEXIS 61088, *2-3 n. 1, 9-13 (N.D. Ill. May 2, 2012), where there was substantial question about whether a subpoena had been properly served, this Court may rule on the impropriety of the Subpoena and issue appropriate protective orders and quash it.

> [T]he Brailsford Defendants' only basis to seek such unlimited information is for improper and objectionable purposes intended to conduct an improper fishing expedition and delve into the private and unrelated communications of Ms. Sweet and/or any of the numerous, unrelated individuals whom she communicated with. This is even more evident by the lack of any relevant time frame or scope of the subpoena's inquiry for "***any and all data***" stored on Ms. Sweet's personal cell phone. We previously advised the Brailsford Defendants that Setec Investigations captured a complete forensic image of Ms. Sweet's cell phone in November, 2019. Thus, the Brailsfords' subpoena, taken at face value, seeks the production of that entire set of data – years' worth of personal and privileged communications, photos, music, contacts, videos, and information. The wrongful killing of Daniel Shaver by Defendant Brailsford and the limited civil rights, wrongful death, and other tort claims by the Sweet Plaintiffs certainly do not grant Defendants unfettered access to unlimited personal information with no limitations as to time, nature of the information, content, or subject matter.

[Exhibit 3 at 2]. And, the Sweet Plaintiffs notified the Brailsfords' counsel that: (1) their Subpoena made no carve-outs for private, non-relevant communications and information that is commonly found on a cell phone; (2) would require production of totally irrelevant, private and confidential information that might be related to Ms. Sweet's family and friends; (3) would require production of any private communications and data that might exist on the phone about Ms. Sweet's doula business and her clients' medical issues; and (4) also required production of privileged and private items like any doctor-patient communications or potential attorney-client communications that may have been stored on the phone. [*See id.* at 3-4]. The Sweet Plaintiffs also explained how even the Subpoena's limited carve-out for communications with a few named persons associated with the Sweet Plaintiffs' law firms did not allow Setec to cull all potentially privileged attorney-client communications – after all, Setec cannot know how to identify any other "individuals employed at" the Sweet Plaintiffs' law firms. [*See id.* at 3-4]. And, even the Brailsfords' counsel knows they left out names that have appeared as counsel of record for the Sweet Plaintiffs, like attorneys David Wood and Leslie Ross [*see* Doc. 99 (Sweet Plaintiffs' Response to the Brailsfords' Partial Motion to Dismiss Plaintiff Laney Sweet's First Amended Complaint naming attorneys Wood and Ross in the caption)]. Thus, as a practical matter they would have Setec produce Ms. Sweet's attorney-client privileged communications with those counsel if any appeared in the phone data.

4

The Brailsfords have responded in writing indicating that they will not withdraw or modify the subpoena. [*See* Exhibit 4 (messages from Counsel Karen Stillwell)]. They did not provide an answer to the Sweet Plaintiffs' demand that they "specifically identify what basis they have to request unfettered access to "***any and all data***" stored on Ms. Sweet's Samsung Galaxy cell phone." Therefore, the Sweet Plaintiffs are forced to seek protection from the unwarranted production of information and data that is the exclusive property of Plaintiff Laney Sweet and that Setec is merely the temporary custodian of for preservation purposes. The Sweet Plaintiffs therefore invoke their rights and standing under Rule 26(c)(1) and Rule 45(e) of the Federal Rules of Civil Procedure to seek a protective order and separate order quashing the Subpoena to prevent Setec from complying with the Subpoena and producing private and personal records belonging exclusively to Plaintiff Laney Sweet. *See, Silcox v. AN/PF Acquisitions Corp.*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at *6-8 (W.D. Wash. Mar. 29, 2018)("[A] party clearly has standing to seek a protective order to limit discovery from a third party." (citing *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)); *see also, HomeLife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 U.S. Dist. LEXIS 19204, at *9 (E.D. La. Feb. 6, 2018) ("[T]he Court finds that the Defendant has standing as these [subpoenaed emails, phone records, text records and cell phone logs] are her personal communications and implicate [Defendant]'s privacy interests.").

**I.     The Subpoena is a Violation of this Court's March 3, 2020 Order and is Inappropriately Duplicative.**

As mentioned above, the contents of Laney Sweet's former Samsung cell phone are already the subject of a motion pending before this court by the Mesa Defendants about how to search, retrieve and report on certain files that might appear on Ms. Sweet's phone. [Doc. 421]. That motion is fully briefed and ready for decision. Shortly, then, the parties will be proceeding with discovery of limited materials from the Laney Sweet phone.

Moreover, that process is being performed to comply with this Court's March 3, 2020 Order which provided, in relevant part:

> IT IS FURTHER ORDERED directing Ms. Sweet to produce her Samsung cellphone for forensic examination by a third-party examiner using agreed upon

5

search terms at Defendants' expense. The parties shall follow the procedure set forth at the hearing to protect Plaintiff's interest in privileged communications or irrelevant discovery.

[Doc. 396, at 2 lns. 10-13]. The Order does not carve out any exceptions for a different discovery procedure by the Brailsfords. Rather, they were represented at the status conference from which the Order emanated, and they are included in the plural terms "Defendants" and "parties" who are ordered to "follow the procedure set forth at the hearing to protect Plaintiff's interest in privileged communications or irrelevant discovery." The foregoing discussion proves the Brailsfords have, by their Subpoena, directly violated the Court's Order and sought to conduct an "end-run" on the Court and the Sweet Plaintiffs. Moreover, the Subpoena is, at best, wasteful and duplicative given the proceeding discovery. The Court should order the Brailsfords to comply with its prior Order, quash the Subpoena, and order that the Brailsfords pay the Sweet Plaintiffs' expenses and attorneys' fees for having to force the Brailsfords to comply with an order they knew they were bound by.

## II.  The Brailsfords Made No Attempt to Tie the Subpoena to Any Disputed Claims or Defenses or Discoverable Matters.

The Brailsfords know they are seeking a full copy of all data on a cell phone Ms. Sweet used for an extended period before her husband's death in January, 2016, and for a much shorter period thereafter. Their Subpoena demands that Setec produce:

> "***Any and all data***, work, output, correspondence, billing, retention agreement, scope of work, computer files, forensic reports, etc., including any forensic reports, data, information, examination reports related to altered and/or deleted data, on Laney Sweet's Samsung Galaxy Note 3 cell phone and any other electronic device provided by Baskin Richards, PLC and/or Geragos & Geragos, P.C. related to the lawsuit, *Laney Sweet, et al v. City of Mesa, et. al,* 2:17-cv-00152-GMS in the United States District Court, District of Arizona." (emphasis added).

[Exhibit 1 at Exhibit A]. They know Ms. Sweet has had friends and family with whom she has communicated, and that she could not possibly have been communicating with them before Daniel's killing about any of the events from which her claims arise. They know she was a professional doula (a trained professional who provides physical, emotional and information support to expectant parents before, during and even after childbirth), and could reasonably

6

expect she might have been communicating with clients about their medical or personal, family, psychological, or other highly personal issues using her cell phone before Daniel was killed. They know she did not live in the same state with the attorneys she engaged after Daniel's killing and therefore may have communicated with them or their staff using her phone for texting, etc. And they know that not every detail or incident of even her private family life before or after Daniel's killing could reveal information discoverable in this limited claim action. This Subpoena comes at the very tail end of discovery, after the Brailsfords have already filed their initial summary judgment motion. The Brailsfords know what is and is not at issue in this matter, and they purposefully have decided to tie this Subpoena to none of those issues.

The Subpoena has absolutely no subject matter limits. It has absolutely no temporal limits. It makes no attempt whatsoever to limit production to communications between Ms. Sweet and persons who might have actually been involved in and conveyed discoverable information about matters at issue in this case. And, it irresponsibly demands a production that would provide every single text, e-mail, social media post, photograph, music file, video file, personal notes, on-line shopping history, on-line search history, and every other scrap of data about Ms. Sweet's personal life, as well as the lives of her clients, her friends, and her family for months and months before Brailsford killed Daniel Shaver. It unapologetically demands production of "***any and all data***" retrieved off Ms. Sweet's personal cell phone by Setec. Because that was a full forensic image of the phone data, the Brailsfords have made no attempt at all to tie their Subpoena to issues in this case, or discoverable, non-privileged information they have reason to believe may exist on the phone.

**III. The Subpoena is a Facial Violation of Rules 26(b),(c) and 45(d)(e), Fed.R.Civ.P.**

    **A. The Brailsfords had to proactively comply with the discovery limitations in Rule 26(b),(c), Fed.R.Civ.P., as well as those in Rule 45.**

In this Circuit, a Rule 45 subpoena to a non-party must comply with ***both*** the limits under Rule 45(d)(1)(2),(e)(2), Fed.R.Civ.P. and those under Rule 26(b), Fed.R.Civ.P. *See, Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena); *Gonzales v. Google, Inc.*, 234

7

F.R.D. 674, 679-80 (N.D. Cal. 2006)(noting also that the Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules", and that the reference to Rule 34 necessarily invoked the limits under Rule 26(b)) *Silcox,* No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at *6 (citing *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *In Re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014); *see also, Heat & Control, Inc. v. Hester Industries. Inc.*, 785 F.2d 1017 (Fed. Cir. 1986) ("rule 45(b)(1) must be read in light of Rule 26(b)"). Courts in this and other circuits apply the test of "relevance" for discovery purposes to Rule 45 subpoenas. *See, Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal 2005); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003). And the subpoena's compliance with the Rule 45(d)(1), Fed.R.Civ.P. prohibition on "undue burden" requires the courts to consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. International Business Machines,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Thus, the Rule 26(b)(1) limitation of discovery to "non-privileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case" applies to the Brailsfords' Subpoena. *See, Gonzales*, 234 F.R.D. at 679-80. As to these Rule 26(b)(1) relevance standards, the federal courts have adopted a stricter relevance standard in evaluating non-party subpoenas. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is the target of discovery."); *see also Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery.").

The application of Rule 26 also means that the Subpoena is subject to the prohibitions in Rule 26(b)(2)(C), Fed.R.Civ.P. against discovery: (1) that is unreasonably cumulative or duplicative; (2) that can be obtained from some source that is more convenient, less

8

burdensome, or less expensive; (3) that the party issuing the subpoena has had ample opportunity to obtain in discovery. *See, Gonzales*, 234 F.R.D. at 679-80 (citing former version of the rule at Rule 26(b)(2)(i),(ii), and (iii), Fed.R.Civ.P., now Rule 26(b)(2)(C)); *see also, Silcox*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at \*6-7. Moreover, the rules against annoyance, embarrassment, oppression, and undue burden and expense under Rule 26(c)(1), Fed.R.Civ.P. applies here. *See Silcox*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at \*6-7. The District Court in *Silcox* explained the interaction of all these rules as applied to Rule 45 subpoenas.

> After the 2015 amendments to Rule 26, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends.
>
> Even where evidence is relevant and proportional, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Further, for good cause, the Court may limit discovery by "issu[ing] an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

These are the standards the Brailsfords and their counsel were expected to respect when drafting the Subpoena.

However, they did not. Instead, the Brailsfords failed to meet their obligation to consider proportionality of the discovery at all, and the Subpoena violates the restrictions under Rule 26(b)(1) and 26(b)(2)(C), and thereby also violates Rule 45, Fed.R.Civ.P.

**B.  The Subpoena is facially and grossly overly broad and non-proportional.**

A discovery request is facially overly broad if it "applies to a general category or group of documents or a broad range of information." *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) (cited with approval in *Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 215901, at \*43 (S.D. Cal. Dec. 21, 2018)). Therefore, "omnibus requests" which "appear to seek every document ever associated with" a particular category of activities or events are facially invalid. *Moser*, No. 17cv1127-WQH(KSC), 2018

9

U.S. Dist. LEXIS 215901, at *43. Moreover, "a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad." *Eugenio v. Sempra Energy*, No. 10cv1513-CAB(KSC), 2015 U.S. Dist. LEXIS 184475, at *6-7 (S.D. Cal. Mar. 30, 2015) (citing, *Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541-542 (D. Kan. 2006)).

As for electronic records, the federal courts have made it clear that parties have no "generalized right to rummage at will through" another party's personal electronic records, and must instead always make "'a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence.'" *Mailhoit v. Home Depot U.S.A., Inc., et al.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quoting *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012)); *Davenport v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 20944, 2012 WL 555759 at *1 (M.D. Fla. Feb. 21, 2012)). Things like requests for all e-mails or text messages or other records from an electronic device or account are "facially overly broad". *See, Russell v. Kiewit Corp.*, No. 18-2144-KHV, 2019 U.S. Dist. LEXIS 93078, at *7-8 (D. Kan. June 4, 2019) (sustaining objection to request by plaintiff former employee for his entire e-mail account at former employer). Similarly, requests for the entire content of a social media account are facially overbroad, and the argument that broad production of social media postings or messaging of a deceased victim or their spouse may uncover records relevant to emotional harm claims of the spouse and surviving children will not justify such requests. *Shinedling v. Sunbeam Prods.*, No. ED CV 12-438-CJC (SPx), 2013 U.S. Dist. LEXIS 198466, at *5-8 (C.D. Cal. Sep. 13, 2013) (Sunbeam's request for the complete Facebook accounts of decedent and surviving spouse is overbroad); *see Mailhoit*, 285 F.R.D. at 569 n.2 ("As written, [defendant's] Requests for Production seem to require production of the entire contents of Plaintiff's SNS accounts and are overbroad."); *see also* Bruce E. Boyden, *Oversharing Facebook Discovery and the Unbearable Sameness of Internet Law*, Ark. L. Rev. 39, 52-53 (2012) ("[O]rdering production of an entire account is in most cases inappropriate, as is requiring opposing counsel to have access. This is true even in cases where the plaintiff complains of emotional distress, thus arguably making all of her mental

10

states relevant."). What's more, while the Brailsfords have rejected the idea that Laney Sweet and those she was communicating or sharing with over her phone have any protectable privacy right, the U.S. Supreme Court and the lower federal courts have repeatedly disagreed, especially as electronic storage of communications and private information has encouraged the type of untethered subpoena demands at issues here. *See, e.g., City of Ontario v. Quon,* 560 U.S. 746, 130 S. Ct. 2619, 2629-630, 177 L. Ed. 2d 216 (2010); *Special Mkts. Ins. Consultants, Inc. v. Lynch*, 2012 U.S. Dist. LEXIS 61088, *11 (N.D. Ill. May 2, 2012)(quashing subpoenas to non-parties for electronic communication records and noting that the U.S. Supreme Court requires a "careful consideration of the factual situation and a "measured approach" to protect privacy interests of parties in their personal communications).

As further examples, in *HomeLife in the Gardens, LLC*, No. 16-15549, 2018 U.S. Dist. LEXIS 19204, at *9) (citing *Hunsaker v. Proctor & Gamble Mfg. Co.*, 2010 U.S. Dist. LEXIS 137279, 2010 WL 5463244, at *4 (D. Kan. 2010), the court considered two non-party subpoenas that sought: (1) "[a]ny and all communications including but not limited to emails and text messages by and between [various named persons] regarding HomeLife in the Gardens and/or [Defendant] from 05/01/2016-present"; and (2) "[a]ny and all communications including but not limited to emails, detailed telephone records, text records or logs to or from [Defendant's] cell phone number (504) 235-1421 from 05/01/2016-present." *Id.,* 2010 U.S. Dist. LEXIS 137279, 2010 WL 5463244, at *9. These requests were far more tailored than the Subpoena here, which is not tied to communications among any particular people, about any particular subject, or during any particular time frame. Still, the *HomeLife* court found the first subpoena "does not comply with the requirements of Rule 26(b) because it does not seek information relevant to the case and is facially overbroad," and it also quashed the second subpoena. For the same reasons, the Court here should issue a protective order directing that Setec need not respond to the defective Subpoena and further quashing it.

The court in *Special Mkts. Ins. Consultants, Inc.*, No. 11 C 9181, 2012 U.S. Dist. LEXIS 61088, at *8 addressed non-party subpoenas from a plaintiff who claimed the defendants had violated their employment contracts and other duties by forming a competing company while

11

still employed by the plaintiff. The subpoenas sought "all the content of [the defendants'] e-mail on their personal accounts for a year-and-a half, and all [their] text messages since January 2012." The court found those subpoenas "grossly overbroad" and held that they could not be justified just because the subpoenaing party possessed e-mails showing the defendants had used their personal e-mail accounts to communicate with clients and competitors and to forward the plaintiffs' confidential business documents. *Id.* The non-tailored request for e-mail records would logically include communications that were not relevant to the claims or defenses in the case, and "[t]here is simply no logical means to limit these requests in a way that would allow [the subpoenaed e-mail providers] to identify what information is relevant and what is not." *Id.*

Noting that "[d]iscovery must be 'reasonably calculated to lead to the discovery of admissible evidence'" under Fed. R. Civ. P. 26(b)(1), the *Special Mkts.* court also explained that "[a] subpoena for everything on an e-mail account and all text messages is not 'reasonably calculated.'" *Id.* The court further noted that the subpoenaing party had other means to obtain e-mail or text messages that were relevant and within the scope of discovery. And, it concluded that the plaintiff's "dragnet subpoenas are not consistent with the Supreme Court's measured approach" to protecting the privacy interests of parties, and would "expose the [defendants] to the annoyance and embarrassment of having their personal and potentially privileged communications disclosed." *Id.* Therefore, even the plaintiffs' offer to allow the defendants to review the production first "is not sufficient to mitigate the undue burden imposed by these overbroad subpoenas." *Id.* The Court issued a protective order directing that the subpoenaed parties need not comply and a further order quashing the subpoenas. *Id.*

The foregoing demonstrate that the Brailsfords' Subpoena is grossly and facially overly broad. Its failure to set any temporal limit or timeframe for the data produced, its failure to tie the demand to any disputed issues in the case, or to communications with particularly relevant witnesses about relevant topics, and its demand for every single type of file or point of data – texts, e-mails and e-mail attachments, downloads, social media posts, call logs, contact lists, photos, videos, music files, internet search histories, and on and on – shows the Brailsfords made no attempt at all to tailor their Subpoena to meet any of the controlling limitations or

12

factors under Rule 26(b) or 45(d). Moreover, the caselaw discussed above shows why a party cannot merely say – "there may be something relevant in all that data because I have reason to believe Ms. Sweet spoke with people about personal, emotional, or financial issues via phone or text or e-mail." They also cannot merely identify for the Court an issue that is in dispute and predict that something, somewhere in all that data *could* offer a relevant commentary on the issue. The Brailsfords made no attempt to serve a subpoena tailored in any required respect, even after the Sweet Plaintiffs specifically walked them through all the Subpoena's deficiencies. The Court should order that Setec and its officials not respond to the Subpoena, and should further order that it be quashed.

### C. The Subpoena unjustifiably imposes on protected privacy interests.

The Brailsfords' Subpoena also violates the personal privacy interests of Ms. Sweet, her family, friends, her doula clients, and any others she may have communicated with. The Ninth Circuit and Supreme Court have long recognized a party has "a constitutionally-based right of privacy that can be raised in response to discovery." *Breed v. U.S. Dist. Ct., N. Dist. Cal*., 542 F.2d 1114, 1116 (9th Cir. 1976). And decisions cited above like *HomeLife in the Gardens, LLC*, No. 16-15549, 2018 U.S. Dist. LEXIS 19204, at *9 and *Special Mkts. Ins. Consultants, Inc.*, No. 11 C 9181, 2012 U.S. Dist. LEXIS 61088, at *8 confirm that broad requests for privately stored communication records, recordings, posts, downloads, or other forms of expression or thought like personal notes, photos or search records implicate constitutionally protected privacy interests that must not be imposed on absent full compliance with the Rule 26(b) and Rule 45(d) limits. Moreover, the decision in *Silcox*, No. C17-1131 RSM, 2018 U.S. Dist. LEXIS 53536, at *6-7 confirms that this Court has further discretion under the current discovery rules, particularly the proportionality factors imbued in Rule 26(b)(1), Fed.R.Civ.P. and the policies against annoyance, embarrassment and oppression in Rule 26(b)(2)(C), Fed.R.Civ.P. to forbid discovery even of otherwise relevant and discoverable material that is of limited usefulness to the defendant and that would threaten invasion of the respected privacy interests of others. The Court should protect the privacy interests of Ms. Sweet, her minor children, and her doula clients. Philip Mitchell Brailsford killed Laney Sweet's husband, and

13

N.S.'s and E.S.'s father. The Court should not allow him to impose further unwarranted injury by broadly digging through and publicizing the Sweet Plaintiffs' highly private, and non-probative relationships, messaging and thoughts.

**D.   The Court must protect the privilege concerns.**

The Sweet Plaintiffs cannot predict at this time all that might appear in the cell phone records. But the overly broad Subpoena would require Setec to produce anything that constituted a doctor-patient privileged communication. And, it also provides no method for avoiding production of attorney-client privileged information that Ms. Sweet might have in storage on her phone. After all, the only "carve-out" in the Subpoena is for "texts, records, emails or other communication between Laney Sweet and individuals employed at Baskin Richards PLC, at Geragos & Geragos, P.C., and at Freedom Law Firm, including some 8 specific persons from those firms. [Doc. 415-1 at Exhibit "A"]. But, as noted above, there have been other attorneys from Baskin Richards PLC specifically involved in this case, and they were noted as counsel of record on matters filed against the Brailsfords. [Doc. 99 (showing Leslie Ross and David Wood as counsel for Ms. Sweet)]. So the Brailsfords have already knowingly omitted some of the attorneys who had much direct contact with Ms. Sweet from their "carve-out." Also, how is Setec supposed to figure out who else is "an individual employed at" one of the three law firms? It simply cannot. Thus, the Subpoena encourages the production of attorney-client privileged or other privileged information. The Court should order Setec to not respond on that basis alone.

**IV.   Payment of the Sweet Plaintiffs' Expenses Under Rule 26(c)(3) and Rule 37(a)(5)(A), Fed.R.Civ.P.**

Rule 37(a)(5)(A), Fed.R.Civ.P. provides that a court that grants a motion related to discovery must award the movant's reasonable expenses, including attorney's fees incurred in making the motion, unless the motion was made before attempting to resolve the issue without court action, the opposing party's response was substantially justified or other circumstances make an award of expenses unjust. Rule 26(c)(3), Fed.R.Civ.P. applies that rule to a motion for a protective order, including motions for protective orders against subpoenas to non-parties.

14

*See, Special Mkts. Ins. Consultants, Inc.*, 2012 U.S. Dist. LEXIS 61088, *12-13 (finding a basis to require the subpoenaing party to file a submission setting out reasons why the court should not award the objecting party its expenses, including attorneys' fees, incurred in bringing the motion for protective order).

Here, the Brailsfords were aware that the Court had issued an Order that required the data from Setec be searched and produced through a completely different process. Then, through direct and detailed explanation of the improprieties in the Subpoena, the Sweet Plaintiffs attempted to obtain a withdrawal of the Subpoena without filing this Motion. [*See* Exhibits 1, 3 and 4]. As noted in *Special Mkts.*, the insistence on full compliance with a subpoena that is a violation of the Court's Order, is facially overbroad, and that failed to reflect any consideration of the privacy interests the U.S. Supreme Court has commanded litigants to consider and respect, provides a sufficient basis to find the subpoena was not substantially justified and that an award of expenses and attorneys' fees is just. Here, the Brailsfords have refused to consider or implement any of their obligations under Rule 26(b)(1),(c), Fed.R.Civ.P., deny that there were even any privacy interests to protect here, and have refused to even consider amending a subpoena that could require production to them of privileged communications. That is more than enough to justify an award of the Sweet Plaintiffs' expenses, including attorneys' fees. The Sweet Plaintiffs therefore request such an award.

**V.  Conclusion.**

The Court should issue a protective order finding that the Subpoena violates the Court's Order of March 3, 2020, that it does not comply with Rule 26(b)(1), Fed.R.Civ.P., and that further grounds exist under Rule 26(c)(1) and Rule 45(d)(1), Fed.R.Civ.P. for finding the Subpoena invalid for threatening to violate applicable privileges, and for imposing duplicative discovery and burden, embarrassment and annoyance upon the Sweet Plaintiffs. The protective order should further direct that Setec not respond to the Subpoena, and the Court should also order that the Subpoena is quashed. Finally, the Court, after hearing the Brailsfords' responses to the expense and attorneys' fees argument above, should award the Sweet Plaintiffs the reasonable expenses of bringing this motion, including their attorneys' fees.

15

RESPECTFULLY SUBMITTED this 15th of May, 2020.

BASKIN RICHARDS PLC

/s/ William A. Richards
William A. Richards
Alan S. Baskin
Shayna G. Stuart
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012

AND

GERAGOS & GERAGOS, PC
Mark Geragos
Benjamin Meiselas
644 S. Figueroa Street
Los Angeles, CA 90017

GALLAGHER & KENNEDY, PA
Grant Woods
2575 E. Camelback Road, Suite 1100
Phoenix, AZ 85016

*Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kathleen Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, AZ 85281
*Attorneys for Defendants City of Mesa,*
*Brian Elmore, Christopher Doane,*
*Bryan Cochran, and Richard Gomez*

John T. Masterson
Joseph J. Popolizio
JONES, SKELTON & HOCHULI, PLC
40 N. Central Ave., Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Richard Gomez*

Daniel O'Connor
Karen Stillwell
O'CONNOR & DYET, P.C.
7955 S. Priest Drive
Tempe, AZ 85284
*Attorneys for Defendants Philip*
*Brailsford and Corrine Brailsford*

Mark Zukowski
David Potts
Jonathan Barnes
JONES, SKELTON & HOCHULI, PLC
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004
*Attorney for Defendant La Quinta Holdings*

James Belanger
J. BELANGER LAW PLLC
PO Box 447
Tempe, AZ  85280

Spencer Scharff
SCHARFF PLC
502 W. Roosevelt Street

Phoenix, AZ 85003
*Attorney for Defendant Charles Langley*

Sven K. Budge
BUDGE LAW FIRM, PLLC
1134 E. University Drive, Suite 121
Mesa, AZ 85203
*Attorney for Plaintiffs Grady and Norma Shaver*

/s/ Cristina McDonald

| | |
|---|---|
| 1 | Mark John Geragos (Admitted Pro Hac Vice) |
| 2 | Benjamin Jared Meiselas (Admitted Pro Hac Vice) |
| | **GERAGOS & GERAGOS, PC** |
| 3 | 644 South Figueroa Street |
| 4 | Los Angeles, CA 90017 |
| | Telephone No. 213-625-3900 |
| 5 | Facsimile No. 213-232-3255 |
| 6 | Email: mark@geragos.com |
| | meiselas@geragos.com |
| 7 | |
| | William A. Richards #013381 |
| 8 | Alan S. Baskin #013155 |
| 9 | Shayna G. Stuart #034819 |
| | **BASKIN RICHARDS PLC** |
| 10 | 2901 N. Central Avenue, Suite 1150 |
| 11 | Phoenix, Arizona 85012 |
| | Telephone No. 602-812-7979 |
| 12 | Facsímile No. 602-595-7800 |
| 13 | E-mail: brichards@baskinrichards.com |
| | alan@baskinrichards.com |
| 14 | sstuart@baskinrichards.com |
| 15 | *Attorneys for Plaintiff Laney Sweet, an individual, on her* |
| | *own behalf and as guardian of Plaintiffs E.S. and N.S.,* |
| 16 | *and as representative of the Plaintiff Estate of Daniel Shaver* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Laney, Sweet an individual, et al., | Case No. 2:17-cv-00152-PHX-GMS |
| | **LEAD CASE** |
| Plaintiffs, | |
| | **CONSOLIDATED WITH:** |
| v. | Case No. 2:17-cv-00715-PHX-GMS |
| City of Mesa, et. al., | |
| | **CERTIFICATE OF COUNSEL RE:** |
| Defendants. | **GOOD FAITH CONSULTATION** |
| | **PRECEDING MOTION FOR** |
| | **PROTECTIVE ORDER** |
| Grady Shaver, et. al., | |
| Plaintiffs, | |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pursuant to Rule 26(c)(1) and 37(a)(1), Fed.R.Civ.P., and Rule 7.2(j) of the Local Rules of Practice of the United States District Court for the District of Arizona, counsel undersigned hereby certifies that he has through sincere efforts and in good faith conferred with opposing counsel for Philip Mitchell Brailsford and Corrine Brailsford, Ms. Karen Stillwell, to express the objections of Plaintiffs Laney Sweet, her minor children N.S. and E.S., and the Estate of Daniel Shaver to the Subpoena Duces Tecum issued by the Brailsfords against Setec Investigations (the "Subpoena") that is the subject of the Sweet Plaintiffs' Expedited Motion for Protective Order Against the Brailsford Defendants' Subpoena Duces Tecum to Setec Investigations, Inc. ("Motion") to which this certification is attached. The Brailsfords' counsel stated in an e-mail to me earlier today after I had sent her a final e-mail and left a voicemail that the Brailsfords "do not intend to modify or withdraw the subpoena at this time". A copy of that e-mail is also attached to the Motion, as is correspondence between counsel reflecting the good faith conferral. Therefore, after such consultation and good faith efforts to try and resolve the matters at issue in the Motion without court action, the parties have been unable to satisfactorily resolve the matter without court action.

RESPECTFULLY SUBMITTED this 15th of May, 2020.

BASKIN RICHARDS PLC

/s/ William A. Richards
William A. Richards
Alan S. Baskin
Shayna G. Stuart
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012