William A. Richards #013381
Alan S. Baskin #013155
Shayna G. Stuart #034819
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail: brichards@baskinrichards.com
 alan@baskinrichards.com
 sstuart@baskinrichards.com
*Attorneys for Plaintiff Laney Sweet, an individual, on her
own behalf and as guardian of Plaintiffs E.S. and N.S.,
and as representative of the Plaintiff Estate of Daniel Shaver*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney, Sweet an individual, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br>City of Mesa, et. al.,<br><br>　　　　　　　　　Defendants.<br><br>Grady Shaver, et. al.,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br>City of Mesa, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:17-cv-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>Case No. 2:17-cv-00715-PHX-GMS<br><br>**REPLY IN SUPPORT OF SWEET PLAINTIFFS' EXPEDITED MOTION FOR PROTECTIVE ORDER AGAINST THE BRAILSFORD DEFENDANTS' SUBPOENA DUCES TECUM TO SETEC INVESTIGATIONS, INC.**<br><br>**(Oral Argument Requested)** |

　　　　The main question posed by this Motion is whether a subpoena that seeks production of virtually all the data accumulated over multiple years on Ms. Sweet's Samsung cell phone without any reference to dates, subjects, or parties involved in this case can possibly pass muster under the discovery restrictions imposed under Rules 26(b) and 45(d), (e), Fed.R.Civ.P. The relevant law confirms that it cannot; the subpoena is facially overbroad, need not be answered,

and should be quashed. *See, e.g., Rivera v. Robinson*, No. 18-14005, 2019 U.S. Dist. LEXIS 83827, at *10-11 (E.D. La. May 16, 2019) (demand for cloning or downloading full contents of cell phone was "overly broad, not relevant or proportional"); *Russell v. Kiewit Corp.*, No. 18-2144-KHV, 2019 U.S. Dist. LEXIS 93078, at *7-8 (D. Kan. June 4, 2019) (sustaining objection to facially overly broad request for entire e-mail account); *Shinedling v. Sunbeam Prods.*, No. ED CV 12-438-CJC (SPx), 2013 U.S. Dist. LEXIS 198466, at *5-8 (C.D. Cal. Sep. 13, 2013) (request for the complete Facebook accounts of decedent and surviving spouse was overbroad). The Brailsfords offer no caselaw supporting such a sweeping subpoena untethered to any disputed claims or facts, and they offer no cogent explanation of how they met their simple responsibility to limit the subpoena to discoverable matters. Their answer that somewhere within the unlimited production they may find records that actually relate to particular disputed issues is not sufficient. Parties cannot justify a pure fishing expedition into broad swaths of personal and confidential information by arguing that a few of the fish caught by their net may actually be appropriate subjects for discovery.

The secondary issue here is how the Brailsfords can justify even sending such a subpoena when it facially violates the Court's March 3, 2020 Order creating a specific process for retrieval of limited data from the phone – a process the Court designed to protect "Plaintiff [Laney Sweet]'s interest in privileged communications or irrelevant discovery." [Doc. 396, at p.2, lns. 10-13]. The Brailsfords answer with just a series of charged, generic, and false allegations of "obstruction" and "relentless delays" and "bombard[ing]" motion practice "designed to attack, frustrate and delay", along with "efforts to subvert the discovery process." [Doc. 437 (Response), at p.2, lns. 1-8; p.17, lns. 13-15]. But the Brailsfords cite no specific examples to back up those serious allegations, and they are debunked by the exhibits they did attach and the case record which includes no such motions by the Sweet Plaintiffs.

Most strikingly, the case record proves the Sweet Plaintiffs did not engage in a "pattern of delay and efforts to subvert the discovery process [that] forced [the] Brailsford Defendants to issue the Subpoena" [Doc. 437, at 17]. Instead, when the Brailsfords filed their Notice of Intent to Serve Subpoena on Setec Investigations [Doc. 411] on March 23, 2020, it was less

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

than three weeks after the Court had issued its March 3, 2020 Order setting the phone search procedure for the Brailsfords, and it was just five days after the Sweet Plaintiffs had complied with that Order by sending the Brailsfords and other Defendants a formal proposed search protocol, and it was even one day *before* any of the Defendants had responded to the Sweet Plaintiffs' proposed search protocol with objections and their proposed alternatives. [*See* Doc. 437 (Exhibit 1), at pp. 6-7 (e-mail from Sweet Plaintiffs' counsel dated March 19, 2020) and pp. 4-5 (e-mail from Mesa Defendants' counsel dated March 24, 2020)]. The Court may justly question the good faith of the Brailsfords claiming that some delay by the Sweet Plaintiffs "forced" them to serve the overly broad subpoena when their own exhibits show the Sweet Plaintiffs were timely and fully complying with the March 3, 2020 Order and were still awaiting the Defendants' input so development of the phone search protocol could proceed. This type of misrepresentation of the record to justify demonizing accusations against the Sweet Plaintiffs, along with the several other similar examples in the Response, justifies an order quashing the subpoena and the award of expenses, including attorneys' fees, that the Sweet Plaintiffs' seek.

**I.     The Brailsfords Offer No Justification for the Over Breadth, Irrelevance, and Disproportionality of Their Subpoena.**

The Brailsfords do not contest the precedent holding that requests for broad or general categories of information or materials that are not tied to specific subjects or events or time periods relevant to the claims and defenses in the case are overly broad, improperly seek irrelevant information, and are disproportional. *See, e.g., Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) (holding a discovery request facially overly broad if it "applies to a general category or group of documents or a broad range of information") (cited with approval in *Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 215901, at *43 (S.D. Cal. Dec. 21, 2018)); *Russell*, No. 18-2144-KHV, 2019 U.S. Dist. LEXIS 93078, at *7-8 (sustaining objection to facially overly broad request for entire e-mail account); *Shinedling*, No. ED CV 12-438-CJC (SPx), 2013 U.S. Dist. LEXIS 198466, at *5-8 (request for the complete Facebook accounts of decedent and surviving spouse was overbroad). The decision in *Rivera*, No. 18-14005, 2019 U.S. Dist. LEXIS 83827, at *10-11 provides a good

3

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

example. There, the court ruled that a demand for full download of another party's cell phone was "overly broad, not relevant or proportional" where the party seeking the download offered limited potentially relevant facts they believed the cell phone data would reveal.

The Brailsfords do not distinguish their Subpoena to Setec from such facially invalid "omnibus requests", or the judicial decisions that affirm their impropriety. *See Moser*, No. 17cv1127-WQH(KSC), 2018 U.S. Dist. LEXIS 215901, at *43. Instead, they repeatedly argue that their Subpoena is properly limited because they think within the three-years' worth of unlimited phone data demanded there may be information that helps them with three arguments: 1) that Ms. Sweet really was not Daniel's common law wife under the laws of Texas; 2) that Ms. Sweet must have been sexually unfaithful to her husband; and 3) that Ms. Sweet is seeking damages for emotional harms and economic losses she never suffered. [*See* Doc. 437, at p.10, ln. 6 - 14]. Ignoring that the Brailsfords provide no specifics about what information may reside on the phone that would be relevant to those categories, or what basis they have for assuring the Court of its likely existence, they entirely reverse the discovery standards of Rule 26(b) and (c)(1), which are also incorporated by Rule 45, Fed.R.Civ.P. [*See* Doc. 436, at pp.7-8 (citing cases on incorporation of Rule 26 standards in Rule 45 dispute)].

First, the test for compliance with Rules 26(b), (c) and 45 focuses on everything the omnibus subpoena demands, not just whether there are some pieces within the omnibus class demanded that might end up being relevant and proportional. A party cannot claim "my generalized subpoena for everything on your phone is properly limited because in recovering everything you have, some of that data will likely be relevant to issues in the case." By that logic, the broader, more non-specific and more overly generalized a request is, the more justifiable it becomes. After all, one could simply request of another party "all records, of any kind whatsoever, from any date whatsoever, about any topic whatsoever, and involving any persons, places or things whatsoever that you have" because such an incredibly broad request is the most assured way to obtain from the opposing party all they have that is actually relevant and discoverable. Then, when challenged, the subpoenaing party would simply have to list off a series of general case issues some of the requested records might touch upon like the

4

Brailsfords do here. When the federal courts adopted Rule 26(b), and its corollary standards in Rule 45, they banished such backwards logic and insisted instead that the subpoenaing party limit their subpoenas carefully on the front end to matters that are relevant, non-privileged, and proportional. *See, e.g., Troupe v. Loomis*, No. 3:15-CV-05033-BHS-JRC, 2015 U.S. Dist. LEXIS 104747, at *4 (W.D. Wash. Aug. 7, 2015)("'A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction."). The Brailsfords' position also ignores that it is their burden to "demonstrate that the discovery sought is relevant" to avoid having it quashed. *Wilcox v. Swapp*, No. 2:17-CV-275-RMP, 2018 U.S. Dist. LEXIS 206666, at *15 (E.D. Wash. Dec. 6, 2018). They have not met that burden.

The Brailsfords further argue that their Subpoena is properly time-limited, even though it sets no date limits for the records demanded. Such "a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad." *Eugenio v. Sempra Energy*, No. 10cv1513-CAB(KSC), 2015 U.S. Dist. LEXIS 184475, at *6-7 (S.D. Cal. Mar. 30, 2015) (citing, *Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541-542 (D. Kan. 2006)).

The Brailsfords now claim that they have inadvertently set a proper time limit because the phone was only in use for some three years and therefore could only contain three years' worth of the incredibly broad sets of data demanded. [Doc. 437, at p.5, lns. 17-20]. This ignores that the Brailsfords have not shown how all categories of data accumulated on a phone over three years would possibly be relevant or proportional. It also ignores that the Brailsfords did not *set* any particular time limit in their request. Had the phone been in use for five years instead of three years, the Subpoena would require five years' worth of data. And, the Brailsfords ignore that the time limitation requirement does not merely require *some* time limit, but a time limit tied directly to periods relevant to the claims and defenses.

Here, the Brailsfords are admitting that they have sought all text messages, e-mails, social media posts, photos, music files, notes, downloads, call logs, contact lists, and all other data created or stored over two years before the operative events in this case – Daniel's killing.

5

They have made no attempt to tie such a vast, pre-killing period to specific, discoverable data or events. So, they have not shown that the Subpoena is properly time limited. Moreover, the argument that the Subpoena meets the time limitation requirements because the data they seek was created within *some* defined time period, no matter how long, is nonsensical. The Brailsfords' position is equivalent to saying "my request for every single letter or e-mail or note the Judge has created since birth is properly limited as to time because the Judge has only lived for 29 years." The Brailsfords failed their obligation to use proper time restrictions that would not compel the production of private information of Ms. Sweet outside relevant time periods.

## II. The Sweet Plaintiffs Have Standing.

The Sweet Plaintiffs will not repeat the analysis at pages 5 and 13-14 of their Motion confirming their individual standing to contest and seek a protective order against the Subpoena to Setec Investigations. The caselaw there both affirms that where a party's personal, private records are being held by a third-party custodian like Setec, the party owning the phone has standing to seek an order like the one sought here. The decisions cited by the Brailsfords are distinguishable. The Sweet Plaintiffs are not trying to protect some non-party against burden, or embarrassment or harassment, but to protect their own rights and private information.

## III. The Sweet Plaintiffs Waived No Objections and Acted Timely to Seek Relief.

As discussed below, the Sweet Plaintiffs' objections and Motion are timely and were not waived. But, the Brailsfords' standing and timeliness/waiver arguments are a red herring because "[t]he court, on its own, must limit discovery sought [through a subpoena to a non-party] if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Hampton v. Steen*, No. 2:12-cv-00470-SU, 2014 U.S. Dist. LEXIS 87720, at \*15-16 (D. Or. June 27, 2014) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii)). Rule 45(d)(1) also "imposes an obligation on the court [to quash an improper subpoena to a non-party] even if a party has no standing to move to quash. *Hampton*, No. 2:12-cv-00470-SU, 2014 U.S. Dist.

LEXIS 87720, at *15 (citing *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012); *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 119622, 2013 WL 4536808, * 11-12 (N.D. Cal. Aug. 22, 2013) (court has an independent obligation even if a party does not have standing to quash a subpoena issued to nonparty). So, irrespective of any party's standing or timeliness, the Court still has an independent duty to quash this facially over broad subpoena.

Moreover, the Motion and objections are timely. The Brailsfords' characterization of when they served the Subpoena and whether the Sweet Plaintiffs somehow waived their objections are both factually and legally flawed. They assert that the Subpoena was "arguably served on Setec on March 25, 2020" when some unnamed "Administrative staff" confirmed that a UPS store in California was open for business and the Brailsfords' FedEx driver left the letter purportedly containing the Subpoena "at the front door". [Doc. 437, at p.3, n. 2, and p.6, ln. 14]. That is hardly proof of effective service. And, the Court could not find waiver because a subpoena was "arguably served". Nor have the Brailsfords offered any facts or law to support their contention that Setec somehow had authority to waive the Sweet Plaintiffs' objections after it was "arguably served" by a letter dropped at the door of a post office box business.

The Brailsfords also claim that they sent a "follow-up letter" to the UPS postal box location in California by FedEx who received a confirmation of delivery signed by "C. Covid" on April 27, 2020. But that assertion similarly suffers from the obvious questions about whether the signature of someone named "Covid" was a pandemic hoax and whether the letter ever made it to a box owned by Setec. The Brailsfords admit that undersigned counsel expressly advised the Brailsfords' attorneys in writing on April 27, 2020 that Setec had informed the Sweet Plaintiffs' attorneys that it was "never served, nor received the Brailsford Defendants' subpoena." [Doc. 437, at p. 3, lns. 9-10]. The Brailsfords offer no contrary proof.

Moreover, in that same April 27th message the Sweet Plaintiffs advised the Brailsfords' counsel of their objections to the Subpoena and their intent to make further objections once the Subpoena was actually served. [Doc. 436, at Ex. 1]. Though the Brailsfords claim they actually finally served the postal box for Setec on April 29, 2020, they did not provide the Sweet Plaintiffs notice of that until May 1, 2020. [*See* Doc. 436, at Ex. 2 (Bearing May 1, 2020

7

"Received" stamp)]. Then, on May 8, 2020, just 7 days later, Sweet Plaintiffs' counsel served a further written, detailed objection to the Subpoena on the Brailsfords. [*See* Doc. 436, at Ex. 3]. When the Brailsfords refused to withdraw the subpoena, the Sweet Plaintiffs promptly filed this Motion on May 15, 2020 to protect their rights against just the type of argument the Brailsfords are trying to make now. In all then, just 14 total days elapsed between the time the Brailsfords actually advised the Sweet Plaintiffs that they thought they had finally served Setec and the filing of this Motion, and before that the Sweet Plaintiffs had served two written objections on the Brailsfords dated April 27, 2020 and May 8, 2020. This establishes a timely objection and motion for protective order under Rules 45 and 26(c), Fed.R.Civ.P.

Given that the Brailsfords cannot assure the parties and the Court that Setec received the Subpoena, and that the Sweet Plaintiffs acted promptly to both advise the Brailsfords that Setec had not been served and to object in writing and file this Motion, there has been no waiver. Moreover, even if the Brailsfords had been able to prove the Motion was somehow untimely, the law is well established that this Court can, and should, consider even an untimely objection under facts like these. "[T]the district court may, 'in unusual circumstances and for good cause,' consider an untimely objection to a subpoena. *Yousuf v. Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); 9 James W. Moore et al., *Moore's Federal Practice* § 45.04[2] (3d ed. 2004)). "Certain factors may guide the district court's discretion, for example, whether (1) the subpoena is 'overbroad on its face and exceeds the bounds of fair discovery'; (2) the subpoenaed witness is a nonparty acting in good faith; and (3) counsel for the witness was in contact with counsel for the party issuing the subpoena prior to filing its formal objection." *Id.* (quoting *Concord Boat*, 169 F.R.D. at 48 (internal quotation marks omitted); 9 Moore et al. § 45.04[2]; *Alexander v. FBI*, 186 F.R.D. 21, 34-36 (D.D.C. 1998). All those factors exist here.

After all, the subpoenaed party was a non-party and both Setec and the Sweet Plaintiffs have acted in good faith. Also, the *Yousuf* court found that where "the subpoena is broad enough at least to raise a question of overbreadth; and counsel for the Department acted promptly to contact counsel for the plaintiffs and to file his objections," the Court may properly consider

8

even an untimely objection. 451 F.3d at 252. Here, the Subpoena is overbroad and improper, and the Sweet Plaintiffs acted promptly to send their objections in writing, and then to file this Motion. Therefore, the Court has good cause to consider even an untimely objection in this case, and should do so if it finds reason to believe any objections were untimely.

**IV.     The Brailsfords Resort to False Accusations, Which Further Justifies the Award of All Expenses, Including Attorneys' Fees, to the Sweet Plaintiffs.**

The Brailsfords respond to the Sweet Plaintiffs' request for an award of expenses including attorneys' fees under Rules 26(c)(3) and 37(a)(5)(A), Fed.R.Civ.P. with multiple, provably false statements. First, they state that their Subpoena was substantially justified because "Plaintiffs' pattern of delay and efforts to subvert the discovery process forced Brailsford Defendants to issue the Subpoena." [Doc. 437, at p.17, lns. 13-14]. This "pattern of delay and subversion" allegation rests on their even sharper assertions that:

> Throughout the litigation, **Plaintiffs have filed numerous unsupported motions** and objections seemingly **designed to intentionally block and delay the disclosure of discoverable evidence**. As the record demonstrates, Plaintiffs have consistently muddied the waters, confused the issues, held back discoverable information, and deliberately misstated facts. Instead of working toward common agreements, **Plaintiffs bombard the parties with motions designed to attack, frustrate, and delay**.

[Doc. 437, at p.4, lns. 22-26 (emphasis added)]. Nowhere do such allegations identify a single one of the "numerous unsupported motions designed to intentionally block and delay disclosure of discoverable evidence" or the "motions designed to attack, frustrate, and delay" with which the Sweet Plaintiffs have "bombarded" the Brailsfords. The reason is, no such motions exist. [*See* discussion, *infra*, at pp.10-11]. And, the Court should take special note that the Brailsfords have elected to base their Response on multiple false assertions.

First, there is no truth to the allegation that some pattern of delay and subversive efforts by the Sweet Plaintiffs "forced [the] Brailsford Defendants to issue the Subpoena." As noted above, Brailsfords initiated the Subpoena on March 23, 2020, which was less than three weeks after the Court had issued its March 3, 2020 Order directing the parties to try and work out a phone search procedure, and just five days after the Sweet Plaintiffs had complied by sending

9

the Defendants a proposed search protocol, and just one day *before* any of the Defendants had even responded to the Sweet Plaintiffs' proposed search protocol with proposed alternatives. [*See* Doc. 437 (Ex. 1), at pp.6-7 (e-mail from Sweet Plaintiffs' counsel dated March 19, 2020) and pp.4-5 (e-mail from Mesa Defendants' counsel dated March 24, 2020)]. The phone search process was underway, in the form directed by the March 3, 2020 Order, and the allegation that delay and subversive tactics somehow forced the Subpoena is flatly false.

Equally false are the Brailsfords' assertions at page 3, lines 1-5, and page 18, lines 4-5 that the Subpoena was merely an impulse reaction to the Brailsfords' counsel learning for the first time after the status conference on February 20, 2020 that the Sweet Plaintiffs had a forensic download of the phone data. Instead, several months earlier – on December 6, 2019 – Sweet Plaintiffs' counsel provided *all* Defendants' counsel, including the author of the Response, Karen Stillwell, with a declaration from Michael Long confirming that Setec created a forensic download of the cell phone to perform an earlier search requested by the Defendants for messages between Laney Sweet and her husband 48 hours prior to his killing and 24 hours after it. [*See* Ex. 1 hereto (excerpts of Sweet Plaintiffs' Ninth Supplemental Disclosure Statement served Dec. 6, 2019, disclosing declaration of Michael Long at p. 48, para 123; Ex. 2 hereto (copy of declaration of Michael Long); Ex. 3 hereto (e-mail addressing Ms. Stillwell and other Defendants' counsel and attaching Mr. Long's declaration)]. It is especially puzzling why the Brailsfords' counsel would rely on such a falsehood when their own Exhibit 1 exposes the December 6, 2019 disclosure of the phone download. [*See* Doc. 437, Ex. 1, at p. 2].

Finally, the Brailsfords' assertions that they were forced to serve the Subpoena because the Sweet Plaintiffs had filed "numerous unsupported motions designed to intentionally block and delay disclosure of discoverable evidence" and had "bombarded" the Brailsfords with "motions designed to attack, frustrate, and delay" are also false, and the docket proves it. The only motions regarding discovery filed by the Sweet Plaintiffs were: 1) their motion filed July 23, 2019, (and eventually withdrawn) [Docs. 326, 328], which asked for an extension of the discovery deadlines to allow them to complete depositions; and 2) their motion requesting an order that would grant a commission to allow the oath to be administered to Defendant Charles

10

Langley when Defendants insisted he be deposed from the Philippines [Doc. 361]. These were motions seeking to obtain discovery the Defendants were impeding, not to prevent any discovery by any Defendant. In stark contrast, the record shows the Defendants have filed numerous motions to try and stop the Sweet Plaintiffs from obtaining discovery, including:

1. A motion to stay discovery filed by Defendant Langley [Doc. 152], followed by notices of no objection to that motion filed by the Brailsfords [Doc. 157] and by LQ Management, L.L.C. [Doc. 162], and a joinder filed by the City of Mesa and Defendants Elmore, Doane, Cochran and Gomez [Doc. 160];

2. The Motion of Defendants City of Mesa, Elmore, Doane, Cochran and Gomez to stay all discovery [Doc. 227], for which Defendants Langley [Doc. 229] and LQ Management, LLC [Doc. 230] filed joinders;

3. The motion to bifurcate by Defendants City of Mesa, Elmore, Doane, Cochran and Gomez which also sought to stay other discovery that the Court had authorized by the Sweet Plaintiffs [Doc 247]; and

4. An Expedited Motion for Protective Order for Depositions and Discovery filed by Defendants City of Mesa, Elmore, Doane, Cochran and Gomez [Doc. 311].

It is one thing for a party to characterize an opponents' actions and motions negatively, but an altogether different thing for the Brailsfords to simply make up motions that were never filed and use the phantom motions as its excuse for a blatantly improper subpoena. The docket in this case is clear. The Brailsfords' counsel cannot claim a good faith belief in the truth of their factual allegations about the Sweet Plaintiffs "bombarding" them with "numerous unsupported motions" trying to block discovery were true. The decision to justify a bad subpoena with false statements should have consequences, and the Court has good cause to order the Brailsfords personally, their counsel, or both to pay all the Sweet Plaintiffs' expenses, including attorneys' fees, incurred in having to file this Motion and reply to the erroneous response assertions.

The Court should issue the protective order finding that the Subpoena violates the Court's Order of March 3, 2020, and that it violates Rules 26(b)(1), Fed.R.Civ.P., Rule 26(c)(1) and Rule 45(d)(1), Fed.R.Civ.P. The Court's order should further direct that Setec not respond, that the Subpoena is quashed, and that the Brailsfords, their counsel, or both are required to pay the Sweet Plaintiffs their reasonable expenses of bringing this motion.

11

RESPECTFULLY SUBMITTED this 5th of June, 2020.

        BASKIN RICHARDS PLC

        /s/ William A. Richards
        William A. Richards
        Alan S. Baskin
        Shayna G. Stuart
        2901 N. Central Avenue, Suite 1150
        Phoenix, AZ 85012

        AND

        GERAGOS & GERAGOS, PC
        Mark Geragos
        Benjamin Meiselas
        644 S. Figueroa Street
        Los Angeles, CA 90017

        GALLAGHER & KENNEDY, PA
        Grant Woods
        2575 E. Camelback Road, Suite 1100
        Phoenix, AZ 85016

        *Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kathleen Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, AZ 85281
*Attorneys for Defendants City of Mesa,*
*Brian Elmore, Christopher Doane, and*
*Bryan Cochran*

John T. Masterson
Joseph J. Popolizio
JONES, SKELTON & HOCHULI, PLC
40 N. Central Ave., Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Richard Gomez*

Daniel O'Connor
Karen Stillwell
O'CONNOR & DYET, P.C.
7955 S. Priest Drive
Tempe, AZ 85284
*Attorneys for Defendants Philip*
*Brailsford and Corrine Brailsford*

Mark Zukowski
David Potts
Jonathan Barnes
JONES, SKELTON & HOCHULI, PLC
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004
*Attorney for Defendant La Quinta Holdings*

James Belanger
J. BELANGER LAW PLLC
PO Box 447
Tempe, AZ  85280

Spencer Scharff
SCHARFF PLC
502 W. Roosevelt Street

Phoenix, AZ 85003
*Attorney for Defendant Charles Langley*

Sven K. Budge
BUDGE LAW FIRM, PLLC
1134 E. University Drive, Suite 121
Mesa, AZ 85203
*Attorney for Plaintiffs Grady and Norma Shaver*

/s/ Cristina McDonald