William A. Richards #013381
Alan S. Baskin #013155
Shayna G. Stuart #034819
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail: brichards@baskinrichards.com
        alan@baskinrichards.com
        sstuart@baskinrichards.com
*Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney, Sweet an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Mesa, et. al., <br><br> Defendants. <br><br><br> Grady Shaver, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> City of Mesa, et al., <br><br> Defendants. | Case No. 2:17-cv-00152-PHX-GMS <br> **LEAD CASE** <br><br> **CONSOLIDATED WITH:** <br> Case No. 2:17-cv-00715-PHX-GMS <br><br> **THE SWEET PLAINTIFFS' RESPONSE TO DEFENDANTS' PROPOSED AMENDED SCHEDULING ORDER** <br><br> **AND** <br><br> **MOTION FOR AMENDED RULE 16 SCHEDULING ORDER TO COMPLETE DISCOVERY AND DEPOSITIONS IN CLAIMS AGAINST THE LANGLEY AND BRAILSFORD DEFENDANTS** <br><br> **(Oral Argument Requested)** |

The Defendants' Proposed Amended Scheduling Order (Doc. 476) should not be granted as submitted because it does not allow the Sweet Plaintiffs the opportunity to complete the additional discovery needed by them for their claims against the Langley Defendants and the Brailsford Defendants that was prevented previously by the stay imposed by this Court during Defendant Charles Langley's Ninth Circuit Appeal and due to the automatic bankruptcy stay imposed when Defendant Philip Mitchell Brailsford filed his bankruptcy petition in U.S. Bankruptcy Court for the District of Arizona Case No. 2:19-bk-00802-BKM (the "Bankruptcy Case"). Instead, it imposes, both expressly and by implication, unwarranted limitations on the additional discovery the Langley and Brailsford Defendants' actions have denied the Sweet Plaintiffs.

The limited additional discovery needed for the Sweet Plaintiffs' claims against the Langley Defendants and the Brailsford Defendants is now appropriate given: 1) the Ninth Circuit mandate following its denial of Defendant Langley's appeal; and 2) the recent Bankruptcy Court order lifting the bankruptcy stay order against the Sweet Plaintiffs' claims against the Brailsford Defendants, which released all those claims back to the jurisdiction of this Court for adjudication. Following those recent developments, the Sweet Plaintiffs have specifically advised the Defendants of the additional discovery they are entitled to and intend to complete on these claims, and even held a multi-hour meet and confer with Defendants' counsel to seek their cooperation in these efforts on Friday, July 24, 2020. However, the Defendants' proposed amended scheduling order (Doc. 476) indicates the only aspect of that discovery the Defendants are willing to allow would be a limited re-opening of certain deposition questioning of Defendant Langley that he previously objected to when deposed as a material witness for the Sweet Plaintiffs' claims against the other Defendants. To clarify that the Sweet Plaintiffs are allowed to complete the discovery they were denied against the Langley and Brailsford Defendants, and allow the Sweet Plaintiffs adequate time to conduct it, the Sweet Plaintiffs offer here amended scheduling order terms that respect both the Sweet Plaintiffs' and the Defendants' rights to complete final discovery.

The Defendants' proposed discovery deadlines also require adjustments to allow the

Sweet Plaintiffs adequate time to complete the numerous additional searches and retrievals from electronic data assigned to them in the last discovery dispute conference. The Sweet Plaintiffs and counsel have been working diligently since then arranging for access to and search of the various social media accounts and cell phone records within which the searches must occur. This requires substantial coordination with IT specialists, the development and testing of search protocols, and then the manual review of files or data retrieved through the search functions. While the process is ongoing, and the Sweet Plaintiffs have already produced additional, material information requested by the Defendants since the last discovery conference, the Sweet Plaintiffs anticipate it will reasonably take until the end of September, 2020 to complete the review and production expected by the Court.

The Court should therefore enter an Amended Scheduling Order providing the following deadlines and terms:

1) **September 30, 2020**—Sweet Plaintiffs' deadline to produce outstanding discovery to Defendants and/or provide a comprehensive and numbered privilege log with sufficient description and detail to allow Defendants to challenge the claimed privileges.

2) **January 31, 2021**— Deadline to complete all other outstanding discovery. This includes additional discovery outlined from the Court's rulings and parties' agreements at the June 12, 2020 discovery dispute hearing. This includes the completion of the limited re-opened deposition of Plaintiff Laney Sweet. This also includes the limited re-opened deposition of Defendant Charles Langley which shall concern the topics and subjects Defendant Langley refused to answer in his deposition, and shall also afford the Sweet Plaintiffs' reasonable follow-up questions concerning those topics and subjects. Additionally, this includes completion of written discovery and deposition testimony of fact witnesses by the Sweet Plaintiffs that was prevented by either: 1) the Ninth Circuit appeal of the Langley Defendants and this Court's order staying discovery related to claims against them (such as the deposition of the Mesa Police Department officials

involved in the internal affairs investigation and findings for Defendant Langley's role in the Daniel Shaver shooting); and 2) the Bankruptcy Case of the Brailsford Defendants and the automatic stay and other orders therein.

3) **February 28, 2021**—Deadline to complete any supplemental briefing on motions for summary judgment arising from newly discovered testimony or evidence.

I.  **Additional Discovery that the Sweet Plaintiffs were Previously Precluded From Taking Against Defendant Charles Langley.**

On June 15, 2018, the Sweet Plaintiffs served Sergeant Langley with interrogatory requests. [*See* Ex. A, Non-Uniform Interrogatories to Langley]. That same day, Sergeant Langley filed his notice of appeal with this Court. [*See* Doc. 144]. The Court thereafter partially stayed the Sweet Plaintiffs' discovery (Doc. 171), preventing the Sweet Plaintiffs from taking meaningful follow-up discovery because Defendant Langley filed a motion to stay discovery pending his Ninth Circuit appeal. Thus, since July, 2018, the Sweet Plaintiffs were prevented from conducting written discovery or asking Defendant Langley questions at his deposition related to their claims against Defendant Langley that were implicated by his Ninth Circuit appeal on the broad topic of qualified immunity. Now that the Ninth Circuit has issued its Mandate denying Defendant Langley's appeal, this Court's stay should be lifted, and the Sweet Plaintiffs should be allowed to complete their discovery of Defendant Langley.

A.  **The Sweet Plaintiffs Should Be Afforded a Reopened Deposition of Defendant Langley to Inquire into the Topics which his Counsel Instructed Him Not to Answer with Reasonable Follow-Up Questioning.**

Defendant Langley moved to the Philippines after he retired from the Mesa Police Department while under internal investigation for his part in Daniel Shaver's killing. He was deposed on October 25, 2019 via a video link from the Philippines in his limited capacity as a material witness to events relevant in the Plaintiffs' claims against the City of Mesa and other police officer defendants under his command when Daniel Shaver was shot and killed. During that deposition, Defendant Langley's counsel objected to and instructed Defendant Langley not to answer any questions that he believed implicated topics or subjects relating to the Ninth Circuit appeal and this Court's stay of discovery in connection therewith.

For example, when the Sweet Plaintiffs asked questions of Defendant Langley

4

concerning his actions on the night of Daniel Shaver's shooting, his perceptions of the scene and his fellow officers' conduct that night, his beliefs regarding the threat that Daniel Shaver posed, or his instructions to the other officers that night, Defendant Langley's counsel repeatedly objected and instructed him not to answer based on this Court's order staying discovery. [*See* Ex. C, Chart of Objections during Sergeant Langley's deposition]. Defendant Langley similarly objected and refused to answer any questions about his observations of Daniel Shaver that contributed to the totality of the circumstances that he contends justified his hotly aggressive, fear-inducing and disrespectful treatment of Daniel, his deployment of deadly weaponry and tactics against Daniel, his refusal to consider or deploy de-escalation tactics, and his direction and authorization to Defendant Brailsford that he could and should shoot to kill the unarmed Daniel for merely making a mistake in following Defendant Langley's directions or merely moving his hand. [*See id.*].

When the Sweet Plaintiffs' counsel asked even the most innocuous questions about Defendant Langley's conduct on the night of Daniel's shooting (like whether he conducted or directed any sort of investigation into who Daniel Shaver was or what the hotel staff knew about him), Defendant Langley's counsel objected "based on Judge Snow's orders regarding qualified immunity and the stay that's in place in this case" and instructed Defendant Langley not to answer. [*See* Ex. C, Chart of Objections during Sergeant Langley's deposition]. In fact, Defendant Langley's counsel objected and instructed his client not to answer roughly 104 times throughout the course of Defendant Langley's deposition. [*See id.*] Most all of those objections were apparently based on this Court's stay order. [*See id.*]. However, since that deposition the Ninth Circuit denied Langley's appeal and issued its mandate. There is no justification for the Court to continue its stay order (Doc. 171), and the Court should vacate that order. The Sweet Plaintiffs are then entitled to answers to the centrally relevant questions for their claims against Defendant Langley.

Moreover, it would be unfair and prejudicial to the Sweet Plaintiffs if the Court were to grant the Defendants' proposed amended scheduling order which severely limits the Sweet Plaintiffs' re-opened deposition of Defendant Langley to 90 minutes, especially when a large

amount of the prior deposition was spent dealing with interruptions created by the hundred-plus objections and instructions not to answer, and by Defendant Langley's repeated refusal to answer questions directly and his insistence at times on drawn-out explanations of why he could not directly and simply answer questions.  Even if the Sweet Plaintiffs' counsel only asked Defendant Langley the questions to which the 100-plus objections were made, the 90 minutes would leave just a few seconds for each answer previously withheld, without any time at all for any follow-ups.  Such an arbitrary time limit would not afford the Sweet Plaintiffs time for the deposition questioning Defendant Langley has denied them. Instead, this Court should allow for the limited re-opened deposition of Defendant Langley, presumptively restricted to no more than 4 additional hours (about 2 minutes and 18 seconds per question Defendant Langley previously refused to answer), in which the Sweet Plaintiffs may depose Defendant Langley about the topics and subjects for which Defendant Langley posed objections and refused to answer during his deposition, along with reasonable follow-up questions concerning those topics and subjects.

**B.   The Sweet Plaintiffs Should Be Allowed to Take Written Discovery Against Defendant Langley and Limited Fact Witness Discovery.**

The additional discovery the Sweet Plaintiffs seek against Defendant Charles Langley also includes completion of supplemental responses to previously issued written discovery and the deposition of City of Mesa police department individuals who have knowledge of or were directly involved in Sergeant Langley's prior internal affairs investigations and discipline history.  Specifically, Sergeant Langley should be required to fully answer the Sweet Plaintiffs' outstanding interrogatory requests to include all supplemental information since the stay was put in place, and the Sweet Plaintiffs should be allowed reasonable follow-up through other written discovery. Additionally, the Sweet Plaintiffs should be allowed to depose some three persons from (or formally associated with) the Mesa Police Department concerning Defendant Langley's prior complaint and discipline history, his internal affairs investigation for the Shaver shooting, and the results thereof.  When he was involved in Daniel Shaver's shooting, Defendant Langley was already under discipline for an excessive force incident which should have made him specifically aware that his actions in the Daniel Shaver killing were

inappropriate, excessive and unconstitutionally dangerous.  The Shaver shooting resulted in an internal affairs investigation in which the former Chief of Police, Ramon Batista, and the Assistant Chief, Tony Filler, found in writing that Defendant Langley's "verbal commands given, the demeanor and tone of the delivery and actual words spoken were inflammatory, repetitive, and reflected poor judgment" and found that "rather than de-escalate the event, he aggravated the circumstances and his performance was unsatisfactory." [*See* Ex. D, attached hereto]. They found that had he not retired he should have and would have been terminated. Langley refused to answer questions about the internal affairs investigation arising from the Daniel Shaver shooting.  [*See* Ex. C].  The Sweet Plaintiffs should be afforded this opportunity to complete the previously precluded discovery against Defendant Langley by both questioning him about his internal investigations and discipline, and by deposing Assistant Chief Filler and former Chief Batista about their findings against Langley in the Daniel Shaver matter, as well as whoever at the Mesa Police Department has knowledge of the specific investigation and facts uncovered in the IA investigation of Langley for the Shaver killing.

## II. The Sweet Plaintiffs Were Precluded from Discovery Against the Brailsford Defendants Due to the Bankruptcy Automatic Stay.

The Sweet Plaintiffs' proposed amended scheduling order also includes time and authorization for the Sweet Plaintiffs to complete the additional discovery related to the Sweet Plaintiffs' claims against the Brailsford Defendants that was precluded by the Brailsford's bankruptcy court stay. As this Court will recall, Defendant Philip Mitchell Brailsford filed a petition for bankruptcy on January 24, 2019 which placed an automatic stay on the Sweet Plaintiffs' claims against the Brailsford Defendants in this litigation. The Sweet Plaintiffs preserved their claims against the Brailsfords by timely filing an Adversary Complaint. That filing placed exclusive jurisdiction over adjudication of the Sweet Plaintiffs' claims in this action, to the extent they were founded on willful and malicious conduct, in the jurisdiction of the Bankruptcy Court.  At one point the Brailsfords even falsely accused the Sweet Plaintiffs of violating the Bankruptcy Court's discharge injunction by continuing proceedings against the Brailsfords on the willful and malicious variants of their Section 1983 and state wrongful death claims in this case.  [Bankruptcy Court Case No. 2:19-bk-00802-BKM, Doc. 33].  Thus, the

Brailsfords took very aggressive action to ensure the Sweet Plaintiffs were not proceeding with any discovery on the willful and malicious variants of their claims against the Brailsfords, which were vested exclusively with the Bankruptcy Court. The Sweet Plaintiffs complied and did not ask questions of Mr. Brailsford in his deposition as a witness to the Plaintiffs' claims against the other Defendants in this action that implicated whether he was acting willfully or maliciously when he participated in the assault on Daniel Shavers room and he shot the unarmed Daniel.

The Sweet Plaintiffs then filed a Motion to Withdraw the Reference to allow for their personal injury and wrongful death claims against the Brailsford Defendants to be tried in the District Court with a jury because the Bankruptcy Court cannot hold a jury trial to adjudicate those claims. In the briefing on the Motion to Withdraw the Reference, the Brailsford Defendants agreed with the Sweet Plaintiffs, stating "the Brailsfords agree that the Tort claims should be adjudicated in the District Court" and further arguing to "allow Judge Snow to adjudicate the Tort claims." [*See* Case No. 2:19-cv-05831-MTL, at Doc. 4, at pp. 2 and 7]. Although the Motion to Withdraw the Reference was ultimately denied, Judge Brenda K. Martin in the Bankruptcy Court recently reversed course and agreed with the Sweet Plaintiffs, granting them retroactive "relief from the bankruptcy stay for the limited purpose of liquidating in the Arizona District Court action currently pending in front of Chief Judge Murray Snow, Case No. CV-17-00152-PHX-GMS, their claims under 42 U.S.C. § 1983, and for wrongful death and personal injury under state law against the Debtor/Defendants Philip Mitchell Brailsford and Corrine Elizabeth Brailsford." [*See* Ex. B, Order dated 06/11/2020].

Therefore, the Sweet Plaintiffs' proposed amended scheduling order affords the Sweet Plaintiffs the opportunity to complete meaningful discovery on the Brailsford Defendants to address all discoverable matters that they were precluded from previously because the Brailsfords took the position that the automatic bankruptcy stay still applied and precluded discovery on individual claims against Defendant Brailsford. These include a broad number of matters, but for example (and without limitation) they include Defendant Brailsford's prior complaints and discipline as a Mesa Police Officer, his inaccurate and incomplete reporting on

8

the Shaver shooting, his internal affairs investigation, his use of the "You're Fucked" dust cover on the weapon he used to kill Daniel Shaver, his selection of the AR-15 for the deployment to Daniel's room, his personal knowledge of the lethality of an AR-15 to both Daniel Shaver and potentially other guests of the hotel, his REDACTED

All of these directly address the tort claims which are the subject of the Sweet Plaintiffs' claims under the bankruptcy Adversary Complaint against the Brailsfords and that were just recently revested for adjudication with this Court.

### III. The Court has Adequate Cause to Set an Extended Discovery Deadline Which Includes the Sweet Plaintiffs' Additional Discovery.

To allow for completion of these discovery matters, as well as for resolution of any objections to any aspect of them that may be raised in the interim, the Sweet Plaintiffs believe that a more appropriate and reasonable scheduling order be as follows: (1) The deadline to complete all fact discovery, including fact witness depositions should be moved to January 31, 2021; and (2) the deadline to complete any supplemental motions for summary judgment based on newly discovered testimony or evidence be filed no later than February 28, 2021. Finally, the Court order should not contain the express and implied limitations in the Defendants' proposed amended order that foreclosed all additional discovery to the Sweet Plaintiffs except a limited, 90-minute re-opening of Defendant Langley's deposition. It should instead allow for all the reasonable additional discovery on the Sweet Plaintiffs' claims against the Langley Defendants and the Brailsford Defendants that is described above.

Motions to modify a scheduling order are governed by Fed. R. Civ. P. 16 (b)(4), which provides, "a schedule may be modified only for good cause and with the judge's consent." Parties demonstrate good cause for the modification of a scheduling order by showing that,

even in the exercise of diligence, they were unable to meet the timetable set forth in the order. *See Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 609. Ultimately, the Court may "exercise considerable discretion in handling discovery matters," including deciding whether to reopen or extend discovery. *Food Lion, Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012, 322 U.S. App. D.C. 301 (D.C. Cir. 1997); *see also United Presbyterian Church v. Reagan*, 738 F.2d 1375, 1382, 238 U.S. App. D.C. 229 (D.C. Cir. 1984).

Here, the Court has adequate cause to set an extended discovery deadline. As the Court and the parties noted during the June 12, 2020 discovery dispute hearing, the original discovery deadlines would need to be adjusted in order to complete the remaining discovery and depositions prior to any supplemental summary judgment motions being filed. The discovery by the Sweet Plaintiffs will include supplemental written discovery responses by the Langley and Brailsford Defendants, supplemental disclosures by them, supplemental document production by them, non-party subpoenas for witness testimony, and depositions of Defendants Charles Langley and Philip Mitchell Brailsford, along with the former chief and assistant chief and investigator responsible for the Langley internal affairs investigation and findings. Upon completion of the additional fact discovery, the Brailsford Defendants and Defendant City of Mesa have reserved the right to file supplemental briefing for their summary judgment arguments based upon new facts discovered during this additional discovery period and relating only to the claims that they argued Rule 56(d) relief for. The Sweet Plaintiffs claim the right to supplement their summary judgment briefing on matters discovered concerning their claims against the Langley Defendants and the Brailsford Defendants for which discovery had been previously suspended.

The foregoing discovery processes will require that time be allotted for responses and objections, for resolution of objections among counsel, and for resolutions by the Court if the parties are unable to resolve objections. They will also no doubt be complicated by the present COVID-19 pandemic, and the need to coordinate the schedules and communications among the multiple parties and counsel in this case. Depositions will require coordination of the witnesses' schedules, counsels' schedules, and consideration of any COVID-19 safety

precautions or rules in place at that time. The expectation that several months will be required to complete these matters is reasonable and provides good cause for the requested extension.

## IV. Conclusion.

As outlined above, the Sweet Plaintiffs move that the Court deny the amended scheduling order proposed by the Defendants and instead issue a new pre-trial Scheduling Order in the form lodged herewith, and that the Order both vacate the stay previously ordered in connection with the claims against Defendant Langley (Doc. 171) and set the deadlines to complete discovery and supplemental motions for summary judgment as follows:

1) **September 30, 2020**—Sweet Plaintiffs' deadline to produce outstanding discovery to Defendants and/or provide a comprehensive and numbered privilege log with sufficient description and detail to allow Defendants to challenge the claimed privilege.

2) **January 31, 2021**—Deadline to complete all other outstanding discovery. This includes additional discovery outlined from the Court's rulings and parties' agreements at the June 12, 2020 discovery dispute hearing. This includes the completion of the limited re-opened deposition of Plaintiff Laney Sweet. This also includes the limited re-opened deposition of Defendant Charles Langley which shall concern the topics and subjects Defendant Langley refused to answer in his deposition, and shall also afford the Sweet Plaintiffs' reasonable follow-up questions concerning those topics and subjects. Additionally, this includes completion of written discovery and deposition testimony of fact witnesses by the Sweet Plaintiffs that was prevented by either: 1) the Ninth Circuit appeal of the Langley Defendants and this Court's order staying discovery related to claims against them (such as the deposition of the Mesa Police Department officials involved in the internal affairs investigation and findings for Defendant Langley's role in the Daniel Shaver shooting); or 2) the bankruptcy proceedings and automatic stay order of the Brailsford Defendants.

3) **February 28, 2021**—Deadline to complete any supplemental briefing on motions

for summary judgment arising from newly discovered testimony or evidence.

RESPECTFULLY SUBMITTED this 4th day of August, 2020.

                      BASKIN RICHARDS PLC

                      /s/ William A. Richards
                      William A. Richards
                      Alan S. Baskin
                      Shayna G. Stuart
                      2901 N. Central Avenue, Suite 1150
                      Phoenix, AZ  85012

                      AND

                      GERAGOS & GERAGOS, PC
                      Mark Geragos
                      Benjamin Meiselas
                      644 S. Figueroa Street
                      Los Angeles, CA 90017

                      GALLAGHER & KENNEDY, PA
                      Grant Woods
                      2575 E. Camelback Road, Suite 1100
                      Phoenix, AZ  85016

*Attorneys for Plaintiff Laney Sweet, an individual, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as representative of the Plaintiff Estate of Daniel Shaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Kathleen L. Wieneke
Christina Retts
WIENEKE LAW GROUP, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, AZ 85281
*Attorneys for Defendants City of Mesa, Officer Brian Elmore, Officer Christopher Doane, and Officer Bryan Cochran*

John T. Masterson
Joseph J. Popolizio
JONES, SKELTON & HOCHULI, P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant Officer Richard Gomez*

Daniel J. O'Connor, Jr.
Karen Stillwell
O'CONNOR & CAMPBELL, P.C.
7955 S. Priest Drive
Tempe, AZ 85284
*Attorneys for Defendants Philip Brailsford and Corrine Brailsford*

Mark D. Zukowski
David C. Potts
JONES, SKELTON & HOCHULI, P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004
*Attorneys for Defendant La Quinta Holdings*

James J. Belanger
J. BELANGER LAW PLLC
P.O. Box 447
Tempe, AZ 85280
*Attorneys for Defendant Charles Langley*

Spencer G. Scharff
SCHARFF PLC
502 W. Roosevelt Street

Phoenix, AZ 85003
*Attorneys for Defendant Charles Langley*

Sven K. Budge
BUDGE LAW FIRM, PLLC
1134 E. University Drive, Suite 121
Mesa, AZ 85203
*Attorney for Plaintiffs Grady and Norma Shaver*

/s/ Maria Luque Villa

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800