**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants.<br>Grady Shaver, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | No. CV-17-00152-PHX-GMS<br>**LEAD CASE**<br><br>**CONSOLIDATED WITH:**<br>No. CV-17-00715-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant LQ Management's ("La Quinta") Motion for Entry of Rule 54(b) Judgment. (Doc. 340.) For the following reasons, the Motion is denied.

**DISCUSSION**

Federal Rule of Civil Procedure 54(b) provides: "When an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether there is no just

reason for delay, courts may consider:

> [W]hether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment . . . would inflict severe financial harm.

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005). "The function of the district court under the Rule is to act as a 'dispatcher.' It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal citations and quotations omitted). Consequently, entering judgment under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (citation omitted). The Court must consider whether the appeals court "will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.* (citation omitted). Similar legal or factual issues "weigh heavily against entry of judgment under the rule." *Id.* (citation omitted).

Here, the Court found La Quinta immune from Plaintiffs' negligence claims under *Ledvina v. Cerasani*, 213 Ariz. 569, 146 P.3d 70 (Ct. App. 2006). (Doc. 339 at 7–8.) La Quinta requests entry of judgment to obtain "finality" in the matter. (Doc. 345 at 1.)

La Quinta's desire to obtain finality does not present a pressing need that outweighs the importance of avoiding multiple proceedings and the overcrowding of the appellate docket. *See, e.g.*, *Bentley v. City of Mesa*, No. CV-17-00966-PHX-DGC, 2020 WL 8613704, at *1 (D. Ariz. Sept. 21, 2020); *Alexander v. City of Mesa*, No. CV-14-00754-PHX-SPL, 2015 WL 13655444, at *2 (D. Ariz. Nov. 6, 2015) (denying certification where the plaintiff had not maintained "that the partial adjudication of some of his claims was

something other than routine in nature, and ha[d] not clearly identified any genuine risk of legal prejudice that would occur by progressing forward"); *Sanchez v. Maricopa Cnty.*, No. CV 07-1244-PHX-JAT, 2008 WL 2774528, at *1 (D. Ariz. July 14, 2008) ("The Court finds that this is not the rare case that justifies sending up piecemeal appeals to the Circuit Court. Plaintiff has not shown the sort of pressing needs contemplated by a grant of a 54(b) motion, and denial of his motion will not lead to a harsh or unjust result."). Accordingly, La Quinta's motion is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant LQ Management's Motion for Entry of Rule 54(b) Judgment (Doc. 340) is **DENIED.**

Dated this 3rd day of August, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge