**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, | No. CV-17-00152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for a Second Settlement Conference and Appointment of Guardian Ad Litem for Minor Children for Settlement Conference. (Doc. 539.) For the following reasons, the Motion is denied.[1]

## DISCUSSION

### I. Motion for Guardian Ad Litem

Federal Rule of Civil Procedure 17(c) provides that courts "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Nonetheless, the Rule does not make such an appointment

---

[1] In their reply brief, Defendants raise new arguments and evidence regarding Ms. Sweet's use of crowd funding and her alleged motive to continue the litigation indefinitely. Because Defendants made these arguments for the first time in reply, they are waived and not considered. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Accordingly, Plaintiffs' motion for leave to file a sur-reply is denied.

mandatory: "[i]f another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Id.* Thus, "[a]s a general rule, a federal court cannot appoint a guardian ad litem in an action in which the [minor] already is represented by someone who is considered appropriate under the law of the forum state." § 1570, Charles Alan Wright et. al., Suits by or Against Infants and Incompetent Persons—In General, 6A Fed. Prac. & Proc. Civ. § 1570 (3d ed.) (April 2021 update).

The Court declines to make an appointment at this time. Here, the children are represented by their mother. The Defendants do not contest that parents, presumptively, adequately represent the interests of their children, nor do Defendants suggest who such a guardian should be, and how this guardian should be paid for. The Court does not find a guardian necessary merely because Ms. Sweet is also a Plaintiff in this suit and Defendants may raise defenses against her inapplicable to her children. *See Prudential Ins. Co. of Am. v. Remington*, No. 2:12-CV-02821-GEB, 2013 WL 3070629, at *2 (E.D. Cal. June 17, 2013) ("[O]ther circuits have explicitly found that appointment of a guardian ad litem is not required when a minor is adequately represented by a parent."). The Court does require, however, that any settlement amounts be separately stated as between Ms. Sweet in her individual capacity, Ms. Sweet on behalf of her children and Ms. Sweet on behalf of the Estate. It further requires that any offsets to the settlement amount, including any attorney's fees, or repayments to attorneys be set forth so that the Court can assess whether the settlement amounts are appropriate. Absent a specific settlement where the Court is concerned that the children's interests are not represented, however, the Court finds Ms. Sweet is an adequate representative.

**II.   Motion for a Second Settlement Conference**

Rule 16 of the Federal Rules of Civil Procedure gives the Court discretion to order pretrial settlement conferences. If the parties wish to pursue a settlement conference, they shall file a joint stipulation or motion requesting a conference. The court will not entertain a request for a settlement conference made by only one party.

### III. Motions to Seal

When considering a motion to seal, a good cause standard applies to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotations and citation omitted). The instant motion for an additional settlement conference and appointment of a guardian ad litem is non-dispositive. The briefing addresses the parties' confidential settlement conference, and the Magistrate Judge required that the parties refrain from any discussion of the conference. There is thus good cause to seal documents 542, 551, and 559.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for a Second Settlement Conference and Appointment of Guardian Ad Litem for Minor Children for Settlement Conference (Doc. 539) is **DENIED.** Nevertheless, any settlement must separately set forth the amount of the settlement between the Defendants and Ms. Sweet in her own capacity, on behalf of her children, and on behalf of the Shaver estate together with any offsets attributable to those various amounts for attorney's fees or repayments.

**IT IS FURTHER ORDERED** that Sweet Plaintiffs' Motion for Leave to File Response to Defendants' Motion for a Second Settlement Conference and Appointment of Guardian Ad Litem for Minor Children for Settlement Conference and Exhibit Thereto Under Seal (Doc. 541) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 542.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal Reply in Support of Motion for Second Settlement Conference and Appointment of Guardian Ad Litem (Doc. 550) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 551.

**IT IS FURTHER ORDERED** that the Sweet Plaintiffs' Motion for Leave to File Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of Motion for Second Settlement Conference and Request for an Appointment of Guardian Ad Litem and

Exhibit A, and Exhibits 1-8 to Exhibit A, Attached Thereto Under Seal (Doc. 558) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 559.

**IT IS FURTHER ORDERED** that the Sweet Plaintiffs' Motion for Leave to File a Sur-Reply to Defendants' Reply in Support of Motion for Second Settlement Conference and Request for an Appointment of Guardian Ad Litem (Doc. 559) is **DENIED.**

Dated this 3rd day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge