**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, | No. CV-17-00152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Before the Court is Defendants Philip and Corrine Brailsford's ("Defendants") Motion for In Camera Inspection, (Doc. 609,) as well as their Motion for Leave to File Under Seal Exhibit 2 to Motion for In Camera Inspection. (Doc. 607.) Also before the Court is Plaintiffs Laney Sweet, N.S., E.S., and the Estate of Daniel Shaver's ("Plaintiffs") Motion for Leave to File Exhibit 2 Attached to the Sweet Plaintiffs' Response to Defendant Philip and Corrine Brailsford's Motion for In Camera Inspection Under Seal. (Doc. 627.) For the following reasons, the Court grants all three motions.

## BACKGROUND

In a discovery hearing on June 12, 2020, the Court instructed the parties to transmit any documents subject to a disputed claim of privilege to the Court for in camera review. (Doc. 468 at 92:7–22.) Fact discovery closed on July 30, 2021, and no documents had been submitted for in camera review. Defendant filed the present motion on August 31, 2021, seeking in camera review of 252 documents and an audio recording that Plaintiffs

assert are covered by the attorney-client privilege.[1] (Doc. 609 at 1.)

**DISCUSSION**

**I.    In Camera Review**

"A district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies." *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The party asserting the privilege bears the burden of establishing that the privilege applies to the documents in question. *United States v. Lacey*, No. CR-18-422-PHX-SPL, 2019 WL 258344, at *2 (D. Ariz. Jan. 17, 2019). The "proper procedure for asserting the attorney-client privilege as to particular documents" is for the party asserting the privilege to "submit them in camera for the court's inspection, providing an explanation of how the information fits within the privilege." *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir. 1982).

Plaintiffs argue in camera review is improper because Defendants have failed to establish the documents are not covered by the attorney-client privilege. (Doc. 626 at 4.) But the purpose of in camera review is for the Court to review the disputed documents and make such a determination for itself. At the June 12, 2020 discovery dispute hearing, Plaintiffs undertook that they would transmit any documents subject to a disputed claim of privilege to the Court for in camera review. (Doc. 468 at 92:23.) The parties held a meet-and-confer on June 17, 2021, to address privilege disputes, but "the parties were unable to come to a resolution" at the meeting. (Doc. 626 at 3.) On June 22, 2021, counsel for Plaintiffs affirmed their intent to "notify the Court about any discovery dispute issues that the parties cannot come to a resolution on as suggested by Judge Snow during the June 12, 2020 discovery dispute hearing." (Doc. 629-1 at 2.) At no point was the Court notified that the parties disagreed as to the application of the attorney-client privilege to certain documents.

---

[1] The documents subject to dispute are (1) email communications between Plaintiff Sweet, her counsel, and her mother, Marcie Sweet, (2) email communications between Marcie Sweet and counsel for Plaintiffs, (3) email communications between Plaintiff Sweet and Marcie Sweet, (4) email communications between Plaintiff Sweet and third parties, and (5) an audio recording between Plaintiff Sweet and Mr. Sven Budge, attorney for Mr. Grady Shaver and Mrs. Norma Shaver.

While the Court ordinarily does not entertain fact discovery disputes after the close of fact discovery "absent extraordinary circumstances," such circumstances exist here. (Doc. 44 at 5.) Plaintiffs knew that Defendants disputed their invocation of the attorney-client privilege as to specific documents and recordings but failed to diligently transmit the disputed documents to the Court for in camera review before the close of fact discovery. Since Plaintiffs' invocation of privilege as to some documents is evidently disputed, in camera review is warranted.

## II.     Motions to Seal

When considering a motion to seal, courts distinguish between documents attached to dispositive and non-dispositive motions. A good cause standard applies to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotations and citation omitted).

Defendants seek to file Exhibit 2 to their Motion for In Camera Inspection under seal. (Lodged under seal at Doc. 608). Exhibit 2 consists of Plaintiffs' privilege log, which contains personal contact information as well as summaries of their communications with their attorneys. (*Id.*) Given the confidential nature of the information contained within the privilege log, good cause exists to seal lodged Doc. 608.

Plaintiffs seek to file Exhibit 2 to their response to Defendants' Motion for In Camera Inspection under seal. (Lodged under seal at Doc. 628.) Exhibit 2 contains excerpts from a recent deposition of Plaintiff Laney Sweet, which has been designated as Confidential pursuant to the protective order governing this case.[2] (Doc. 111.) Therefore, there is good cause to seal lodged Doc. 628.

## CONCLUSION

For the foregoing reasons, all three motions are granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion for In Camera Review

---

[2] Pursuant to the terms of the protective order, "[b]efore any party files any document under seal such party shall seek leave of Court and shall show 'compelling reasons' (dispositive motion) or 'good cause' (non-dispositive motion) for filing under seal." (Doc. 111 at 8.).

(Doc. 609) is **GRANTED.**  Plaintiffs shall transmit all documents and recordings that Defendants identify as disputed to the Court for in camera review within seven (7) days, pursuant to the Court's instructions at the June 12, 2020 discovery hearing.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Under Seal Exhibit 2 to Motion for In Camera Inspection, (Doc. 607,) is **GRANTED.**  The Clerk of Court is directed to file under seal lodged Doc. 608.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Exhibit 2 Attached to the Sweet Plaintiffs' Response to Defendant Philip and Corrine Brailsford's Motion for In Camera Inspection Under Seal, (Doc. 627,) is **GRANTED.**  The Clerk of Court is directed to file under seal lodged Doc. 628.

Dated this 6th day of October, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge