**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Laney Sweet,

    Plaintiff,

v.

City of Mesa, et al.,

    Defendants.

No. CV-17-00152-PHX-GMS

**ORDER**

  Before the Court is Plaintiff Laney Sweet, on her own behalf and as guardian of Plaintiffs E.S. and N.S., and as a representative of the Plaintiff Estate of Daniel Shaver's ("Sweet Plaintiffs") Motion for Leave to File Plaintiffs' First Supplemental Briefing on Summary Judgment Issues Regarding Defendants Philip and Corrine Brailsford and the Exhibits Thereto Under Seal (Doc. 611), Motion for Leave to File Second Supplemental Briefing on Defendant Charles Langley's Summary Judgment Issues and Exhibits Under Seal (Doc. 613), and Motion for Leave to File Plaintiffs' Supplemental Briefing on Summary Judgment Issues Regarding Defendant City of Mesa and Officers Cochran, Elmore, Doane, and Gomez and the Exhibits Thereto Under Seal (Doc. 618). In particular, the Sweet Plaintiffs seek to seal their first supplemental briefing regarding Defendants Philip and Corrine Brailsford's motion for summary judgment, (Doc. 611,) their second supplemental briefing regarding Defendant Charles Langley's motion for summary judgment, (Doc. 613,) and their supplemental briefing regarding Defendants City of Mesa,

1    Brian Elmore, Christopher Doane, Richard Gomez, and Bryan Cochran's ("City of Mesa
2    Defendants") motion for summary judgment.  (Doc. 618).  For the following reasons, all
3    three motions are denied.

**DISCUSSION**

**I.    Motions to Seal**

A party seeking to seal "motions for summary judgment and related attachments" must overcome a "strong presumption of access to judicial records," *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), by articulating "compelling reasons supported by specific factual findings." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Generally, compelling reasons exist when the relevant documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."[1] *Id.*

The Sweet Plaintiffs' motions fail because they have not met their burden to articulate compelling reasons supported by specific factual findings why the public should not have access to these materials, beyond merely referencing the protective order.  (Doc. 611 at 2; Doc. 613 at 2; Doc. 618 at 2;) *see Kamakana*, 447 F.3d at 1179.  Instead of articulating any compelling reasons, the Sweet Plaintiffs appear to concede that no such reasons exist.  (Doc. 611 at 2 ("Although the Sweet Plaintiffs do not agree with Defendants that the discussion in the motions and the deposition testimony itself involves any matters whose threatened public impact justifies filing under seal . . . . Out of an abundance of caution, and with due respect to Defendants and this Court, the Sweet Plaintiffs move this

---

[1] Pursuant to the terms of the protective order governing the parties in this case, "[b]efore any party files any document under seal such party shall seek leave of Court and shall show 'compelling reasons' (dispositive motion) or 'good cause' (non-dispositive motion) for filing under seal."  (Doc. 111 at 8.)

Court for leave to file . . . .").)  Their motions for leave to file supplemental briefing under seal are denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** denying the Sweet Plaintiffs' Motion for Leave to File Plaintiffs' First Supplemental Briefing on Summary Judgment Issues Regarding Defendants Philip and Corrine Brailsford and the Exhibits Thereto Under Seal (Doc. 611).

**IT IS FURTHER ORDERED** denying the Sweet Plaintiffs' Motion for Leave to File Second Supplemental Briefing on Defendant Charles Langley's Summary Judgment Issues and Exhibits Under Seal (Doc. 613).

**IT IS FURTHER ORDERED** denying the Sweet Plaintiffs' Motion for Leave to File Plaintiffs' Supplemental Briefing on Summary Judgment Issues Regarding Defendant City of Mesa and Officers Cochran, Elmore, Doane, and Gomez and the Exhibits Thereto Under Seal (Doc. 618).

**IT IS FURTHER ORDERED** that the Sweet Plaintiffs shall file their supplemental briefing and all accompanying exhibits in the public record within five (5) days of this Order.  The Sweet Plaintiffs are permitted to redact only personally identifying information, including phone numbers, email addresses, mailing addresses, any online account information, and social security numbers.

Dated this 7th day of October, 2021.

G. Murray Snow
Chief United States District Judge

- 3 -