**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet, | No. CV-17-00152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Before the Court is Defendants City of Mesa, Brian Elmore, Christopher Doane, and Bryan Cochran's ("City of Mesa Defendants") Motion for Leave to Redact Portions of Defendants' Second Supplement to Motion for Summary Judgment Briefing and Seal Exhibits 1–8, (Doc. 603,) and Defendant Charles Langley's Motion to Seal Supplemental Motion for Summary Judgment and Joinder in Applicable Arguments Presented by Co-Defendants.  (Doc. 615.)  For the following reasons, the Mesa Defendants' and Defendant Langley's motions are denied.

## DISCUSSION

### I.  Motions to Seal

A party seeking to seal "motions for summary judgment and related attachments" must overcome a "strong presumption of access to judicial records," *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), by articulating "compelling reasons supported by specific factual findings." *Foltz v. State Farm Mut. Auto. Ins. Co.*,

331 F.3d 1122 (9th Cir. 2003).   Generally, compelling reasons exist when the relevant documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).   "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."[1]  *Id.*

The Mesa Defendants' motion seeks to seal certain exhibits and redact portions of their second supplemental briefing for their motion for summary judgment, relating to the existence of a common law marriage between Plaintiff and the decedent.   (Doc. 603.)   They also seek to seal and redact materials related to deposition testimony of two former Mesa Police Department officers whose depositions have been designated as confidential pursuant to the protective order in this case.   (Doc. 603; Doc. 111.)   Defendant Langley's motion seeks to seal all exhibits and redact certain portions of his supplemental briefing for his motion for summary judgment.   (Doc. 615 at 2.)   However, neither the Mesa Defendants nor Defendant Langley have met their burden to articulate compelling reasons supported by specific factual findings why the public should not have access to these materials, beyond merely referencing the protective order.   (Doc. 603 at 1; Doc. 615 at 2;) *see Kamakana*, 447 F.3d at 1179.   Their motions for leave to redact portions of their second supplemental briefing and to file certain exhibits under seal are denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Mesa Defendants' Motion for Leave to Redact Portions of Defendants' Second Supplement to Motion to Summary Judgment Briefing and Seal Exhibits 1–8, (Doc. 603,) is **DENIED.**   The Mesa Defendants shall file their Second Supplement to Summary Judgment Briefing and all accompanying exhibits in the public record within five (5) days of this Order.   The Mesa Defendants are permitted

---

[1] Pursuant to the terms of the protective order governing the parties in this case, "[b]efore any party files any document under seal such party shall seek leave of Court and shall show 'compelling reasons' (dispositive motion) or 'good cause' (non-dispositive motion) for filing under seal."   (Doc. 111 at 8.)

to redact only personally identifying information, including phone numbers, email addresses, mailing addresses, any online account information, and social security numbers.

**IT IS FURTHER ORDERED** that Defendant Langley's Motion to Seal Supplemental Motion for Summary Judgment and Joinder in Applicable Arguments Presented by Co-Defendants, (Doc. 615), is **DENIED.** Defendant Langley shall file his Supplemental Motion for Summary Judgement and Joinder in Applicable Arguments Presented by Co-Defendants and all accompanying exhibits in the public record within five (5) days of this Order. Defendant Langley is permitted to redact only personally identifying information, including phone numbers, email addresses, mailing addresses, any online account information, and social security numbers.

Dated this 7th day of October, 2021.

G. Murray Snow
Chief United States District Judge