**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laney Sweet,<br><br>              Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>              Defendants. | No. CV-17-00152-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Charles Langley's ("Defendant") Motion for Stay Pending Defendants Langley and Brailsford's Interlocutory Appeals and Request for Expedited Ruling (Doc. 670), which Defendants Phillip Brailsford and the City of Mesa joined (Docs. 674, 675). Also before the Court is Laney Sweet's ("Plaintiff") Response to Langley Defendants' Motion for Stay Pending Appeal and Cross-Motion to Certify Defendants Langley's and Brailsford's Appeal as Frivolous (Doc. 676), and Plaintiff's Motion for Leave to Exceed Page Limits for their Consolidated Reply in Support of Cross-Motion to Certify Defendants Langley's and Brailsford's Appeals as Frivolous (Doc. 695). For the following reasons, Defendant's Motion is granted, Plaintiff's Cross-Motion is denied, and Plaintiff's overlength reply is accepted.

**BACKGROUND**

The Court assumes the parties are familiar with the facts and procedural posture of this case, which are summarized in the Court's Summary Judgment Order. *Sweet v. City*

*of Mesa*, No. CV-17-152-PHX-GMS, 2022 WL 363999, at *1 (D. Ariz. Feb. 4, 2022). In its Summary Judgment Order, the Court denied qualified immunity to Defendant Brailsford and reiterated its earlier denial of qualified immunity to Defendant Langley. Both Defendant Brailsford and Defendant Langley are currently seeking interlocutory review of the Court's qualified immunity rulings at the United States Court of Appeals for the Ninth Circuit. (Docs. 668, 669). In light of the pending interlocutory appeals, Defendant Langley filed the instant motion seeking a stay of proceedings. (Doc. 670.) Plaintiff then filed a cross-motion, arguing that the Court should certify both appeals as frivolous and proceed to trial on all claims. (Doc. 676). The Court held a status conference on March 4, 2022, where it discussed the issues presented with the parties and ordered further briefing. (Doc. 677.)

**DISCUSSION**

**I.  Frivolous Appeal**

Where an interlocutory order "is immediately appealable," the filing of a notice of appeal "divests the district court of jurisdiction to proceed with trial" as to the issues appealed. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). But if a district court determines that an interlocutory appeal of its order denying qualified immunity is frivolous or has been waived, it may so certify in writing, and retain jurisdiction over the case in its entirety. *Id.* An appeal is frivolous if it is "so baseless that it does not invoke appellate jurisdiction, such as when the disposition is so plainly correct that *nothing* can be said on the other side." *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010) (quoting *Schering Corp. v. First DataBank, Inc.*, No. C 07-01142 WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007)).

Interlocutory appeals of a district court's order denying qualified immunity are immediately appealable when the basis for appeal is whether clearly established law governed the defendants' conduct at the time of the alleged constitutional violation. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). But this rule does not extend to orders denying qualified immunity on grounds of "evidence sufficiency," i.e., when a district

court's order "determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 320 (1995). Therefore, to the extent Defendants Brailsford and Langley seek to challenge the Court's ruling that the law was clearly established, their appeals are only frivolous if "nothing can be said" for their position. *Dagdagan*, 682 F. Supp. 2d at 1116.

Defendant Brailsford's appeal is not frivolous. The Court held that a reasonable jury could conclude that his actions violated the Fourth Amendment, and that the law was clearly established at the time of the seizure. *See Sweet*, 2022 WL 363999, at *4–9. Defendant Brailsford indicates he intends to challenge the Court's determination that the law was clearly established at the time of Mr. Shaver's death. (Doc. 688 at 3.) Such an appeal would be proper under *Mitchell* as it challenges the Court's application of law rather than its factual findings. Further, while the Court stands by its holding, it does not believe that Defendant Brailsford's appeal is so baseless that "nothing can be said for the other side." *Dagdagan*, 682 F. Supp. 2d at 1116. This would also be Defendant Brailsford's first appeal of any order denying him qualified immunity on clearly established grounds, which also weighs against finding an appeal frivolous. *Cf. K.J.P. v. Cnty. of San Diego*, No. 15-cv-2692-H-MDD, 2022 WL 598061, at *14 (S.D. Cal. Feb. 28, 2022) (certifying defendant's appeal as frivolous when Ninth Circuit had previously rejected two prior appeals on qualified immunity because law was clearly established).[1]

---

[1] Defendant Langley's appeal also seeks to challenge the Court's ruling on whether clearly established law prohibited his actions at the time of Mr. Shaver's death. (Doc. 670 at 13–16.) In light of his earlier appeal on this exact issue, the Court is more doubtful of the merits of his current appeal. However, as the Supreme Court has indicated that successive appeals of denials of qualified immunity are permitted, *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996), the Court declines to certify his appeal as frivolous. *See Chuman*, 960 F.2d at 105 (noting that "the district court *may* certify" an appeal as frivolous) (emphasis added); *see also O'Connell v. Smith*, No. CV-13-1905-MWF (PJWx), 2014 WL 12819563, at *2 (C.D. Cal. Jan. 7, 2014) (declining to issue a *Chuman* certification even though the court had previously determined the law was clearly established because the defendant's position was not "utterly baseless" and "the better course would be to allow the Ninth Circuit to interpret its case law with regard to qualified immunity before litigation proceeds in this action"). Because Defendant Brailsford's appeal is not frivolous, and all proceedings will be stayed regardless, the Court allows Defendant Langley's appeal to go forward as well.

**II.    Motion for Stay**

    **A.    Applicable Law**

The parties disagree about what legal standard should be used in deciding whether to grant a stay of proceedings in this case. Plaintiff advocates for the standard set forth in *Nken v. Holder*, 556 U.S. 418 (2009), while Defendant argues that the standard from *Landis v. North American Co.*, 299 U.S. 248 (1936), should be used. Under *Nken*, the Court considers

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken*, 556 U.S. at 434. The *Landis* analysis requires the Court to balance the following:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Courts in this district have applied both tests when considering whether to stay proceedings for an interlocutory appeal of an order denying absolute or qualified immunity. *See, e.g.*, *Marie v. Szapiro*, No. CV-18-4842-PHX-DJH (DMF), 2019 WL 11461381, at *3 (D Ariz. Aug. 2, 2019) (applying *Nken* test without discussing *Landis*); *Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 916 (D. Ariz. 2019) (applying *Nken* test without discussing *Landis*). *But see Johnson v. City of Mesa*, No. CV-19-2827-PHX-JAT, 2022 WL 137619, at *2 n.1 (D. Ariz. Jan. 14, 2022) (applying *Landis* factors).

In *Johnson*, another Court in this district explicitly rejected using the *Nken* test in an analogous context. 2022 WL 137619, at *2 n.1. Surveying approaches taken by other courts in this circuit, the Court noted that it was the "majority approach" to use the *Landis* factors when staying an action pending an interlocutory appeal. *Id.* This is because the

*Nken* test applies when the parties seek to stay the *effect* of a court's order (usually an injunction) to preserve the status quo ante, while *Landis* "applies to the decision to stay *proceedings*" and arises out of the Court's inherent power to manage its docket. *Kuang v. U.S. Dep't of Defense*, No. 18-cv-3698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019). Here, the purpose of a stay would not be to prevent an order of the Court from coming into effect pending appellate resolution, but rather to prevent proceedings in this case from continuing to trial. Therefore, *Landis* is the appropriate test to determine whether a stay is warranted.

### B.   Analysis

The first two *Landis* factors require the Court to "balance the hardships of the parties" between "the possible damage to [Plaintiff] from the granting of a stay and the hardship or inequity which the [Defendants] may suffer if the action moves forward." *Manriquez v. DeVos*, No. 17-cv-7210-SK, 2018 WL 5316174, at *1 (N.D. Cal. Aug. 30, 2018). "'If there is even a fair possibility that the stay will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* (quoting *Landis*, 299 U.S. at 255) (cleaned up).

Staying proceedings would not cause excessive harm to Plaintiff. Regardless of whether proceedings are stayed, she will be unable to try her federal claims against Defendants Brailsford and Langley until the Ninth Circuit rules on their appeals because the Court has been divested of jurisdiction. Moreover, as discovery has closed, Plaintiff's discovery rights will not be thwarted by a stay.

As to the second factor, allowing trial to proceed—even if just against the City of Mesa—would likely cause hardship to Defendants Langley and Brailsford. Qualified immunity is "effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell*, 472 U.S. at 526). Even a trial just on the *Monell* issues would likely require the jury to "evaluate the individual officers' conduct—subverting the purpose of qualified immunity and harming individual Defendants." *Johnson*, 2022 WL 137619, at *3. Therefore, the balance of hardships

weighs in favor of a stay.

Finally, staying proceedings pending resolution of the two interlocutory appeals would likely simplify "issues, proof, and questions of law" for an eventual trial. *Lockyer*, 398 F.3d at 1110. Liability on all claims will likely rise and fall on the question of whether Defendant Brailsford violated Mr. Shaver's constitutional rights. Plaintiff's § 1983 claims against both Defendant Langley and the City of Mesa are predicated on proving at trial that Mr. Shaver's constitutional rights were violated, and Plaintiff's wrongful death claims are inextricably intertwined with her federal claims. If the Court were to proceed with a trial just "on the *Monell* and the state law claims," the jury would still need to consider the reasonableness of Defendant Brailsford's conduct and whether it amounted to a constitutional violation, even as an appellate court reviews whether Defendant Brailsford is liable at all. *Johnson*, 2022 WL 137619, at *3; *see also Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021) (noting that "if the Court does not stay the *Monell* claim, the Court and jury would eventually have to evaluate the individual deputies' conduct, even though that same conduct is the subject of the interlocutory appeal"). Were the Ninth Circuit to affirm the Court's summary judgment order, the reasonableness of Defendant Brailsford's conduct would be scrutinized yet again in a second trial. "Confronted with this issue in similar cases, courts have found that a stay would simplify the issues on other pending claims and mitigate the risk of duplicative trials." *Johnson*, 2022 WL 137619, at *3 (collecting cases). Therefore, the overlap in issues weighs in favor of a stay.[2]

**CONCLUSION**

For the foregoing reasons, all proceedings in this case shall be stayed until the Ninth Circuit resolves Defendant Brailsford and Defendant Langley's interlocutory appeals.

---

[2] The Court recognizes that Defendant LQ Management L.L.C. has filed a Renewed Motion for Rule 54(b) Certification (Doc. 686) and that the Response and Reply briefs remain outstanding. The stay of proceedings does not apply to briefing on this Motion, and the Court will rule on the Motion in due course.

1    **IT IS ORDERED** that Defendant Langley's Motion for Stay Pending Defendants Langley and Brailsford's Interlocutory Appeals and Request for Expedited Ruling (Doc. 670) is **GRANTED.** All proceedings in this case, except for briefing on Defendant LQ Management L.L.C.'s Rule 54(b) motion, are stayed pending a decision of the Court of Appeals on the pending appeals. If for any reason the appeals are dismissed, or when the Court of Appeals has issued both decisions, within 7 days Plaintiff must file a notice of readiness for trial.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Certify Defendants Langley's and Brailsford's Appeal as Frivolous (Doc. 676) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Exceed Page Limits for their Consolidated Reply in Support of Cross-Motion to Certify Defendants Langley's and Brailsford's Appeals as Frivolous (Doc. 695) is **GRANTED.** The Clerk of Court shall file Plaintiff's Consolidated Reply lodged at Doc. 696.

**IT IS FURTHER ORDERED** vacating the Telephonic Final Pretrial Conference set for April 8, 2022.

Dated this 28th day of March, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge